Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

FILED
CLERK, U.S. DISTRICT COURT

NOV 1 6 2022

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   N.P   BY DEPUTY

# UNITED STATES DISTRICT COURT

for the

Central District of California

_____ Division

Case No.   EDCV22-02036-SSS-SHK x

*(to be filled in by the Clerk's Office)*

Dominique N. Woods (In Pro Per)
Plaintiff(s)

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Gary D Nelson Associates
Defendant(s)

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Jury Trial: *(check one)*  ☒ Yes  ☐ No

Plaintiff address:
Dominique Woods
19576 Day St
Perris CA, 92570

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | DOMINIQUE N WOODS |
| Street Address | 19576 DAY ST |
| City and County | PERRIS, RIVERSIDE COUNTY |
| State and Zip Code | CALIFORNIA 92570 |
| Telephone Number | (951) 238-1591 |
| E-mail Address | dominiquewoods316@yahoo.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | GARY D NELSON ASSOCIATES |
| Job or Title *(if known)* | LAURA TOVAR |
| Street Address | 333 Bush STREET, FLOOR 34 |
| City and County | San Fransico, San Francisio |
| State and Zip Code | CA, 94104 |
| Telephone Number | (415) 677-3121 |
| E-mail Address *(if known)* | ltovar@littler.com |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | COUPANG |
| Street Address | 1560 SIERRA RIDGE DRIVE |
| City and County | RIVERSIDE EAST, RIVERSIDE |
| State and Zip Code | CALIFORNIA 92507 |
| Telephone Number | (415) 433-1940 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒    Other federal law *(specify the federal law)*:

GINETIC INFORMATION NON DISCRIMINATION ACT

☒    Relevant state law *(specify, if known)*:

EQUAL PAY ACT

☐    Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☒ Failure to hire me.

☒ Termination of my employment.

☐ Failure to promote me.

☒ Failure to accommodate my disability.

☒ Unequal terms and conditions of my employment.

☒ Retaliation.

☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

06/03/2021 / 07/14/2021 / 06/10/2021/04/27/2021
— PRESENT —

C. I believe that defendant(s) *(check one)*:

☒ is/are still committing these acts against me.

☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☒ race — ~~BLACK~~ AFRICAN AMERICAN

☒ color — BLACK

☒ gender/sex — FEMALE

☐ religion — _____

☐ national origin — _____

☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*

☒ disability or perceived disability *(specify disability)*

Spinal Stenosis, DEGENERATIVE DISC DISEASE

E. The facts of my case are as follows. Attach additional pages if needed.

EEOC CHARGE # 37A-2022-00379-●C

CASE NUM 4 WOODS/ GARY D NELSON ASS-CONT

~~APPEALED~~ RIGHT TO SUE — 08/11/2022

ISSUED unoot

EXHIT
A

1

CONTINUE OF E

EXIBIT B

1. ESTABLISH EMPLOYMENT 09/01/2020
QUALIFIED PERSON FOR THE POSITION
PLAINTIFF QUALIFIED AS A PERSON WITH
A DISABILITY UNDER ADA, TITLE VII, GINA,
EPA. DEFENDENT WAS QUALIFIED AS
EMPLOYER WITH FEDERAL PRE-REQUISITE.
ALL ADMINISTRATIVE PREREQUISITE'S
HAVE BEEN EXHAUSTED. FILED EEOH COMPLAINT 04/27/2021

EXIBIT B-1

2. PLANTIFF HAS A DISABILITY/
OR PRECETIVE DISABILITY COVERED
BY ADA. PLANTIFF DID REQUEST
REASONABLE ACCOMADATIONS THROUGH OUT
WORK TIMEFRAME 09/01/2020 - 06/03/2021
DEFENDENT WAS NOTIFIED OF
PLANTIFF PHYSICAL WORK CAPACITY LIMIT
DEFENDENT ACKNOWLEDGE THEN FROM 4/23/2021

EXIBIT B-2

3. PLANTIFF Physical disABILITY
PROGRESS TO AGGREVATING FACTORS.
ALTHOUGH PLANTIFF KEPT DEFENDANT
IN NOTICE FOR MORE THAN 3 TIMES OF
OF REQUEST FOR MEDICAL TREATMENT
WAGE FOR ACCOMADATION WARRED ON
18 - 10/2020 #17 ACUR TO 01/2021 #18.
DEFENDENT HAS NOT PROVIDED THIS TIME OF
TERMINATION ON 06/03/2021.

## V. <u>CAUSES OF ACTION</u>

### <u>FIRST CAUSE OF ACTION</u>

( DISCRIMINATION Government Code 12440 )
*insert title of cause of action*

(As against Defendant(s): GARY D NELSON ASSOCIATES
_____ )

4. CASE NUMBER 202107-14135812(DFEH)
*Insert ¶ #*

WAS REQUESTED TO BE APPROVED NOV 10,2021.
CLOSED APRIL 27,2022. DUE TO THE ACTION OF
TERMINATION FROM THE DEFENDENT DENYING
THE REASONABLE ACCOMADATION FOR THIS PIANTIFF.

5. PIANTIFF BELIEVE THE DEFENDANT WOULD
*Insert ¶ #*

COOPERATE WITH HER. THE DEFENDENT DID THE
ENACT OPPOSITE BY DENYING HER RIGHTS. AS
WELL AS ADDITIONAL HARM. BY FAISLIE ACCUSED
PIANTIFF OF MORE DAYS THAN WHAT WAS STATED.

6. PIANTIFF DENEED GOOD FAITH INTERACTIVE
*Insert ¶ #*

PROCESS AND DENIED REASONABLE ACCOMADATION
IN THAT THE PIANTIFF WAS DENIED AN ALTERNATE
ACCOMADATION OF TIME OFF BECAUSE PIANTIFF
DID NOT QUALIFY FOR ( FMLA )

## SECOND CAUSE OF ACTION

( DISCRIMINATION (ADA, TITLE VII, GINA)
*insert title of cause of action*

(As against Defendant(s):   GARY D NELSON
_____ )

EXHIBIT D

7. On 05/25/21, PLANTIFF LEFT WORK 2 HOURS
EARLY DUE TO PAIN. PLANTIFF CALLED THE
NEXT DAY ON THE 26 OF MAY. THAT THERE'S WAS
AN ISSUE AND WAS NOT ABLE TO PROVIDE THE
DOCTOR'S NOTE YET. REQUESTED ACCOMADATION UNTIL SOON.

D1

8. May 26, 2021, PLANTIFF DID SEEK
TREATMENT. AlTHOUGHT THE REST WAS
OUT OF HER HANDS. PLANTIFF PROVES
THAT SHE WAS TRYING TO THE BEST OF
HER ABILITIES TO KEEP HER JOB.

D-2

9. May 27, 2021, PLANTIFF RECIEVED
A VOISMAIL REGARDING BACK NOTE FRM
NELSON. TO WHICH THE PLANTIFF DID
RETURN COMMUNICATION. AlTHOUGHT IT
WAS ON THE 29 OF MAY. THE 28 WAS EXCUSED

4
*Page Number*

## THIRD CAUSE OF ACTION

( RETALIATION       12965 SUBDIVISION (B) )

*insert title of cause of action*

**(As against Defendant(s):** GARY D. NELSON

AND ASSOCIATE                    )

D-3

10. PLAINTIFF REQUESTED OR USED
*Insert ¶ #*

A DISABILITY RELATED ACCOMMODATION,
THIS DEFENDANT DENIED HER ALL CREDIBILITY
FOR COMPLIANCE. TERMINATED THE
PLAINTIFF.

D-4

11. DEFENDANT STATED TO WRITE
*Insert ¶ #*

A CONFERENCE. ALTHOUGH ATTEMPTS TO SAVE
JOB WERE AT LOST, DEFENDANT DID HER
THIS CONFERENCE DATE. PLAINTIFF ALSO HAD
2nd INTERVIEW. ALTHOUGH THEY BOTH WERE CANCEL

D-5

12. DEFENDANT DENIES THE PLAINTIFF
*Insert ¶ #*

ANY EMPLOYEE BENEFIT THROUGH THE
COMPANY OR OTHER AGENCIES BY STATEING
FALSE ACCUSATIONS TO KEEPS BENEFITS
AWAY FROM PLAINTIFF

## **FOURTH CAUSE OF ACTION**

( RETALIATION (ADA, TITLE VII GINA            )
*insert title of cause of action*

**(As against Defendant(s):** GARIA D NELSON

_____ )

D-6

___. DEFENDANT STILL CONTINUES
*Insert ¶ #*
HARM BY DENYING COMMUNICATION
ON 06/03/2021 AND 06/01/2021.
AITHOUGH SPECTRUM EVIDENCE SAYS
COMMUNICATION RECORDS PER 6 TIMES on 06/03/2021

D-7

___. DEFENDANT USED DAYS CONSIDERED
*Insert ¶ #*
EXCUSED FOR MEDICAL LEAVE. OR
COVID-19- RELATED APPT. AS DAYS OR
UNEXCUSED ABSENCE TO HARM PLAINTIFF
FROM 06/03/2021 TO PRESENT

___. EVIDENCE LIST
*Insert ¶ #*
EXIBIT A  O EEOC, DFEH RIGHT TO SUE LETTER
A-1 PRA REQUEST DOCUMENT EMPLOYERS
RESPONSE
A-2 MY COMPLIANCE FROM PLAINTIFF

EXIBIT B
PHONE RECORDS FROM SPECTRUM
FOR 06/03/2021
B-1 PHOTO'S OF NELSON ACKNOWLEDGEMENT
B-2 DOCTOR NOTES

_____
*Page Number*

## VI. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests:

___. COMPENSATORY DAMAGES, INCLUDING
*Insert ¶ #*
LOSS OF WAGES EARNINGS, DEFFERED COMPENSATION,
OVERTIME ~~AND~~ AND OTHER EMPLOYMENT BENEFITS
IN AN AMOUNT TO BE PROVEN AT TRIAL

___. FOR INTEREST ON THE AMOUNT OF LOSSES
*Insert ¶ #*
INCURRED FOR LOSS OF EARNING, DEFFERED
COMPENSATION, AND OTHER EMPLOYEE
BENEFITS AT THE PREVAILING LEGAL RATE.

___. FOR PUNITIVE DAMAGES FOR DEFENDANTS
*Insert ¶ #*
WILLFULL AND KNOWING ACTIONS;

___. AND FOR SUCH FURTHER RELIEF
*Insert ¶ #*
THE COURT DEEM PROPER

Dated: 11/14/2022
Sign: _Dominjhm_
Print Name: DOMINIQUE WOODS

7

*Page Number*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

10/05/2021

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☒   issued a Notice of Right to Sue letter, which I received on *(date)*   08/14/2022

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐   60 days or more have elapsed.

☐   less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.



## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     11/14/2021

Signature of Plaintiff     _Danny_

Printed Name of Plaintiff     DANTHIQUE VI/WDS

### B.   For Attorneys

Date of signing:     _____

Signature of Attorney     _____

Printed Name of Attorney     _____

Bar Number     _____

Name of Law Firm     _____

Street Address     _____

State and Zip Code     _____

Telephone Number     _____

E-mail Address     _____



EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Dominique Woods**<br>**19576 Day St**<br>**Perris, CA 92570** | From: **Los Angeles District Office**<br>**255 East Temple St, 4th Floor**<br>**Los Angeles, CA 90012** |

On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **37A-2022-00379** | **Karrie Maeda,**<br>**State, Local & Tribal Program Manager** | **2137853002** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

On behalf of the Commission

Digitally Signed By:Christine Park-Gonzalez
08/09/2022

Enclosures(s)

**Christine Park-Gonzalez**
**Acting District Director**

cc: **Gary D. Nelson Associates**
**Laura Tovar**
**333 Bush Street, Floor 34**
**San Francisco, CA 94104**

# NELSON

Today's Date:

To Whom it May Concern,

This letter is confirming that, _Dominique Woods_ worked on a temporary assignment through Nelson, but it has ended, and they are no longer currently employed through our agency. The company and dates of employment are below.

Assignment Location, Company Name = 1560 Sierra Ridge De, Riverside CA (Coupang)

Dates of Employment while at Company _9-1-2020_ = _6-3-2021_

If there are any questions, contact information is below.

Thank you,


Nelson Representative Name: ████████████

Contact Number: ████████████

Branch Location: NE IE 98 / Riverside, CA

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

October 5, 2021

**Via [First Class Mail] [Email]**
dominiquewoods316@yahoo.com

Dominique Woods
19576 Day ST
Perris, California 92570

RE:   **Notice of Intake Form Closure**
      **Case Number:** 202107-14135812
      **Case Name:** Woods / Gary D Nelson Associates

Dear Dominique Woods:

The Department of Fair Employment and Housing (DFEH) has closed the above-referenced
intake inquiry for the following reason(s):   **Rejected Intake**

☒   We lack the information to proceed forward with a complaint for investigation. During your
    intake interview you were offered the opportunity to secure a complaint for filing purposes
    only, which upon its closure we would issue the Notice of Case Closure and Right to Sue.
    As explained, this option would allow you to later file a complaint in civil court. You
    declined this option.

☒   Be advised a complaint must be filed **within three (3) years** of the last act of
    discrimination.

If you would like to appeal the decision to close your case, you may submit a written request to
the **DFEH, Attn**: Stephanie Watts, at **2218 Kausen Drive, Suite 100, Elk Grove, CA 95758** or
via email Stephanie.watts@dfeh.ca.gov.

Sincerely,

Birgitta Croil
Associate Governmental Program Analyst
213-337-4514
birgitta.croil@dfeh.ca.gov

Notice of Intake Closure - Employment

## OUTLINE FOR INTAKE NOTES

2021.1.11 TEW

| | | | |
|---|---|---|---|
| ███████████ | 9/27/21  12  PM | & | |
| | Birgitta Croil | | Inventory Clerk |
| | 202107-14135812 | | 9/1/2020 |
| | Dominique Woods | | $18 hr |
| ████████ : | 951-238-1591 | JOB ABANDONMENT. NO CALL/ NO SHOW FOR 3 DAYS | 6/3/2021 ████ Breach of contract, 3 days no call no show, not calling attendance line |
| ████████ : | dominiquewoods316@yahoo.com | | 5/25/2021 |
| ████████ | 19576 Day ST Perris, California 92570 | | No |
| ████████ : | GARY D NELSON ASSOCIATES | | no |
| ████████ | 909-714-5357 | | no |
| ████████ : | 1560 SIERRA RIDGE DR RIVERSIDE, California 92507 | | |
| sue ████ | | | |



6/3/2024

███ :  15+

███████ :   Not Applicable



- lymbar spinal cynosis, degenerative disease

**Denied a Reasonable Accommodation**

SUpervisor

: no call no show

- na

- direct

rror

perceived disability    accepted

5/29/21  Saturday:  cp did not work cp was still sick

Cp emailed a request for a reasonable accommodation until she could see her medical doctor.

Cp only had a current medical note from the dentist

- Dentist took cp off work for 5/28/21 and 5/29/21 excused

Cp only spoke with the medical doctor and will provide an updated note.

Cp had no medical note taking cp off work

6/1/21   unexcused absent – no medical note/ no call no show

6/2/21   unexcused absent – no medical note/ no call no show

6/3/21   unexcused absent – no medical note/ no call no show

█

Cp never went to the doctor for unexcused time off work. Cp said she was trying to get an appointment and the doctor would not provided a medical note util cp had an in person medical visit.

T█

5/25/21 – 6/3/21   Excused absences 2 and Unexcused absences 5 – no call / no show
Rp terminated cp for not providing a medical note for having unexcused absences – no call /no show
Cp did not go to urgent care or emergency room to seek treatment

DUE TO THE DEFAMATION OF THESE ACTIONS. I HAVE BEEN IN DISPARE OF WORNGFUL TERMINATION DUE TO UNLAWFUL PRACTICES PROVIDED TO ME. INCLUDING VILOATION OF IMPORTANT LAWS THAT PROHIBT SUCH ACTIONS. I HAD REQUESTED A REVIEW OF MY PERRSONNEL FILE. FOR IMPORTANT INFORMATION AND CLUES TO THE MANAGERS MOTIVATION OF THE DICISION TO TERMINATE ME. I WAS NOT ALLOWED ACCESS.

- 5/29/21  Sat:  Excused absent – Dentist took off work
- Cp emailed a request for a reasonable accommodation until she could see her medical doctor.
- Cp only had a current medical note from the dentist for 2 days, no medical note taking cp off work
- Cp stated drs apt was on 6/3/21, but never had the medical appt

Requested or used Family Care or Medical Leave (CFRA) – did not qualify / worked less than 1 year

*EVIDENCE*

█████████

rejected did not meet the basis to proceed

████████████████████████

█████████

5/25/21 – 6/3/21   Excused absences 2 and Unexcused absences 5 – no call / no show
**Rp terminated cp for not providing a medical note for having unexcused absences – no call /no show**
Cp did not go to urgent care or emergency room to seek treatment

Absent Timeline:
5/25/21   last date in the office
Cp said she was in pain and asked to take time off to see the doctor  - left early 2 hours
5/26/21 Unexcused absent:  medical appt - doctor cancelled - did not work
5/27/21 Unexcused absent:  cp did not work because still sick and had pain waiting for new medical apt
5/28/21  Fri:  Excused absent - Dentist took off work
- Rp emailed cp requesting a medical note to return to work          *wrong*
- Cp emailed Dentist took cp off work for 5/28/21 and 5/29/21
5/29/21  Sat:  Excused absent – Dentist took off work
Cp emailed a request for a reasonable accommodation until she could see her medical doctor.
Cp only had a current medical note from the dentist
Cp only spoke with the medical doctor and will provide an updated note.
Cp had no medical note taking cp off work
- Dentist took cp off work for 5/28/21 and 5/29/21
5/30/21  Not Scheduled to work
5/31/21  Not Scheduled to work
6/1/21    Unexcused absent  - waiting to see medical doctor and no medical note    No call/no show
Cp was schedule to work but did not report to work. Cp had not seen the medical doctor and was still in pain. (Rp told cp she needed a medical not to return back to work.)
6/2/21    Unexcused absent – waiting to see medical doctor and no medical note    No call / no show
Cp was schedule to work but did not report to work. Rp said cp did not call in     *I AGREE on this date*
6/3/21    Unexcused absent – waiting to see medical doctor and no medical note    No call / no show
Cp was scheduled to work but was off work.
Rp texted cp at 7:30 am confirm assignment,
cp medical appt was at 1 PM, and was not working because of doctors appt     *06/03/2021*
Rp called back terminated for no call no show.

*PROOF of notion of actual day of not calling in. I don't believe [...]*



6/3/2021

Cp medical doctor refused to give cp a medical not until seen in person.

Cp never seen doctor and did not obtain a medical note.



cp does not qualify did not work for 1 year





STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 10, 2021

**Via [First Class Mail] [E-Mail]**
dominiquewoods316@yahoo.com

Dominique Woods
19576 Day ST
Perris, California 92570

RE: **Request to Approve Complaint**
    **Case Number**: 202107-14135812
    **EEOC Number**: 37A-2022-00379-C
    **Case Name**: Woods / GARY D NELSON ASSOCIATES

Dear Dominique Woods:

The enclosed draft complaint is the result of your interview with me. Please read the proposed complaint carefully.  If you agree with the language, please sign and return the complaint via email. If you do not approve of the language on the complaint, do not sign it; instead, contact me to discuss your concerns. My mailing address is:

**Department of Fair Employment and Housing**
**2218 Kausen Dr. Suite 100**
**Elk Grove, CA 95758**

You may also return the complaint to me by email at **birgitta.croil@dfeh.ca.gov** or by **fax** to **1-888-519-5917**.

Please return the signed complaint or contact me with your concerns as soon as possible as we cannot begin our investigation until we have received your signed complaint. The law requires that a complaint be filed within **three (3) years** from the date of the discriminatory act.

If you do not return the signed complaint or contact me **within ten (10) calendar days** from the date of this letter, your case will be closed.

Please note that the information you provided is subjected to the Department's privacy policy and the California Public Records Act, Government Code section 6250 et seq.

Thank you for your cooperation.

Sincerely,

Birgitta Croil
Associate Governmental Program Analyst
213-337-4514
birgitta.croil@dfeh.ca.gov

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                                                          Employment



# COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

| CASE NUMBER | | EEOC NUMBER |
|---|---|---|
| 202107-14135812 | | 37A-2022-00379-C |

| COMPLAINANT | ADDRESS | PHONE |
|---|---|---|
| Dominique Woods | 19576 Day ST<br>Perris, California 92570 | (951) 238-1591 |

**TYPE OF DISCRIMINATION AND LAW**

Government Code 12940

NAMED IS THE EMPLOYER, PERSON, AGENCY, ORGANIZATION OR GOVERNMENT ENTITY WHO DISCRIMINATED AGAINST ME

| RESPONDENT(S) | ADDRESS | PHONE |
|---|---|---|
| GARY D NELSON ASSOCIATES | 1560 SIERRA RIDGE DR<br>RIVERSIDE, California 92507 | (909) 714-5357 |

**NO. OF EMPLOYEES**

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    Employment



# COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

**CASE NUMBER**

202107-14135812

**EEOC NUMBER**

37A-2022-00379-C

## - Allegation 1 -

**I ALLEGE THAT I EXPERIENCED**
Discrimination
**ON OR BEFORE**
June 3, 2021
**BECAUSE OF MY ACTUAL OR PERCEIVED**
Disability (physical or mental)
**AS A RESULT, I WAS SUBJECTED TO**
Denied reasonable accommodation for a disability
**PARTICULARS**
I believe I was denied the good faith interactive process and denied reasonable accommodation in that I was denied an alternate accommodation of time off because I did not qualify for Family Medical Leave Act (CFRA/FMLA) based on my perceived disability. On May 25, 2021, I left work 2 hours early to see the doctor due to being in extreme pain. From May 26, 2021, to June 3, 2021, I remained off work waiting for a medical doctors' appointment. On May 29, 2021, I emailed my supervisor requesting a reasonable accommodation until I can see my doctor and received no response. Instead, my employer said I was a no show no call. As such, I do not believe that the employer engaged in good faith in the interactive process.

## - Allegation 2 -

**I ALLEGE THAT I EXPERIENCED**
Retaliation
**ON OR BEFORE**
June 3, 2021
**BECAUSE OF MY ACTUAL OR PERCEIVED**
Requested or used a disability-related accommodation
**AS A RESULT, I WAS SUBJECTED TO**
Terminated
**PARTICULARS**
On June 3, 2021, I was terminated in retaliation for requesting a reasonable accommodation of time off due to not qualifying for CFRA/FMLA. On May 25, 2021, I left work 2 hours early to see the doctor due to being in extreme pain. From May 26, 2021, to June 3, 2021, I remained off work waiting for a medical doctors' appointment. On May 28, 2021, I verbally requested a reasonable accommodation. May 29, 2021, I emailed my supervisor requesting a reasonable accommodation because I did not meet the requirements for FMLA. On June 3, 2021, my supervisor texted me around 7:30 a.m. to confirm my work assignment and I informed my supervisor of my medical appointment at 1:00 p.m. Later this same day, my supervisor called me and said I was terminated for no call no show. Therefore, requesting a reasonable accommodation was used in pretext for retaliatory discrimination.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency  Employment



## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

**CASE NUMBER**

202107-14135812

**EEOC NUMBER**

37A-2022-00379-C

**SIGNED UNDER PENALTY OF PERJURY**

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge, except as to matters stated on my information and belief, and as to those matters I believe them to be true.

**SIGNATURE OF COMPLAINANT OR COMPLAINANT'S LEGAL REPRESENTATIVE:**     **DATE:**

Nov 10, 2021

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PERSON FILING CHARGE |
|---|---|
| | Dominique Woods |

| | THIS PERSON (CHECK ONE) |
|---|---|
| Dominique Woods | _X_ Claims to be aggrieved |
| | __ Is filing on behalf of other person(s) |

| vs. | DATE OF ALLEGED VIOLATION |
|---|---|
| | Earliest                          Most Recent |
| GARY D NELSON ASSOCIATES | June 3, 2021 |

| | PLACE OF ALLEGED VIOLATION |
|---|---|
| | California, County of Riverside |

| | EEOC CHARGE NUMBER |
|---|---|
| | 37A-2022-00379-C |

| | FEPA CHARGE NUMBER (if known) |
|---|---|
| | 202107-14135812 |

## NOTICE OF CHARGE OF DISCRIMINATION IN JURISDICTIONS WHERE AN FEP AGENCY WILL INITIALLY PROCESS
*(See EEOC "Rules and Regulations" for additional information)*

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

☑ Title VII of the Civil Rights Act of 1964

☐ The Age Discrimination in Employment Act of 1967 (ADEA)

☐ The Americans with Disabilities Act of 1990 (ADA)

HAS BEEN RECEIVED BY

☐ The EEOC and sent for initial processing to _____
(FEP Agency)

☑ The <u>CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING</u> and sent to the EEOC for dual filing purposes.

While EEOC has jurisdiction (upon the expiration of any deferral requirement if this is a Title VII charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

☑ As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provision of Title VII and the ADEA as explained on the reverse side of this form apply.

For further correspondence on this matter, please use the charge number(s) shown.

☐ An Equal Pay Act investigation (29 U.S.C. 209(d)) will be conducted by the Commission concurrently with the Agency's investigation of the charge.

☑ Enclosure: Copy of the Charge

BASIS OF DISCRIMINATION:

☐ RACE     ☐ COLOR     ☐ SEX     ☐ RELIGION     ☐ NATIONAL ORIGIN     ☐ AGE     ☐ OTHER

☑ DISABILITY     ☑ RETALIATION

CIRCUMSTANCES OF ALLEGED VIOLATION:
See attached complaint.

| DATE | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
|---|---|---|
| November 15, 2021 | William R. Tamayo | |

EEOC FORM 131-A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency        GAV N NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

KEVIN KISH, DIRECTOR

November 15, 2021

**Via Certified Mail**

**Agent of Service:**
Cogency Global Inc. (C2003899)
Agent for Service for: Gary D Nelson Associates
1325 J Street, Suite 1550
Sacramento, CA 95814

**Respondent(s):**
Gary D Nelson Associates
1560 Sierra Ridge Drive
Riverside, CA 92507

RE:    **Notice of Filing of Discrimination Complaint - Response Requested**
       **Case Number**: 202107-14135812
       **EEOC Number**: 37A-2022-00379-C
       **Case Name**: Woods / Gary D Nelson Associates

To All Listed Respondent(s):

Enclosed is a copy of a complaint filed with the Department of Fair Employment and Housing (DFEH). The enclosed complaint, which was filed under Government Code section 12960, alleges unlawful discrimination and names you as a Respondent or Co-Respondent.

The DFEH independently investigates and assesses the facts and legal issues in each case. The DFEH uses the facts obtained through its investigation to determine if there is reasonable cause to believe that a law the department enforces has been violated.

Government Code Section 12940, subdivision (h), prohibits any retaliatory action against a person because he or she has filed a complaint, has opposed any practices forbidden under the Fair Employment and Housing Act, or has assisted in any proceeding before the DFEH.

California Government Code section 12946 requires that all employment records (or union membership and referral records) be retained for a minimum of two (2) years. When a discrimination complaint has been served, the records must be kept until the DFEH closes its inquiry and until any resulting lawsuit or appeal has been terminated.

This complaint has also been filed with the U. S. Equal Employment Opportunity Commission (EEOC). You need not reply to the EEOC unless that agency specifically requests a response.

**You must submit a response to the questions below and to the supplemental questions attached <u>within thirty (30) calendar days</u> of the date of this letter.**

Notice of Filing of Discrimination Complaint - Response Requested
November 15, 2021
Page **2** of **5**

1. State the legal name of your business and any other name(s) under which you do or have done business in California.

2. State your business address.  Please note that you are required to notify the DFEH in writing of any change of address and the effective date of such change while the complaint is under investigation and throughout any administrative adjudication. (California Code of Regulations, title 2, section 11013).

3. State type of legal business entity (i.e., corporation, partnership, limited partnership, sole proprietorship, etc.).

4. Does your company have a current contract(s) for the provisions of goods, services or public works with the State of California or receive federal funds?  If so, name the awarding agency.

5. State the number of employees your business employs.

6. Provide your response to the allegations of the complaint including the facts that support your denial(s) or affirmative defenses(s); the names, addresses, email addresses and telephone number(s) for any witnesses who have knowledge of your denials(s) or affirmative defenses(s); and any physical or electronic documents, recordings or images related to your denials(s) or affirmative defenses(s).

You can respond to this letter by:

- Using our online California Civil Rights System (CCRS). This is a three-step process:
    - Create an account for yourself at https://ccrs.dfeh.ca.gov. All you need is a valid email address and a phone number.
    - Email your assigned investigator (named below) or contact us at contact.center@dfeh.ca.gov and make reference to the Case #: **202107-14135812** to request that your account be associated to the complaint.
    - Log into your account. You will see the DFEH case number in your list of Open Cases. Select Files, click on Upload New File and select the files you wish to upload.
- Email. Send your response to your assigned investigator (named below) and to contact.center@dfeh.ca.gov.  Include a copy of this letter and make reference to Case #: **202107-14135812**.
- US mail. Send your response to: DFEH Enforcement Division, 2218 Kausen Drive, Suite 100, Elk Grove, CA 95758.  Include a copy of this letter and make reference to Case #: **202107-14135812**.

In appropriate cases, your assigned investigator may assist you in reaching an agreement to resolve this complaint. If you are interested in discussing a possible settlement of this complaint, please contact your investigator. Settlement discussions are confidential. However, discussions of facts or legal issues with you will not be considered part of a settlement discussion unless the DFEH specifies in advance that a discussion is for this purpose.

Notice of Filing of Discrimination Complaint - Response Requested
November 15, 2021
Page **3** of **5**

Also, please be advised that the Department offers free mediation services. In appropriate cases, if you and the complainant agree to mediate and the Department approves, the complaint will be assigned to a mediator, who will contact you to schedule the mediation conference. All settlement discussions during the mediation process are confidential and not subject to disclosure. If you are interested in formal mediation, please contact the assigned investigator.

Sincerely,

*Birgitta Croil*

Birgitta Croil
Associate Governmental Program Analyst
213-337-4514
birgitta.croil@dfeh.ca.gov

Enclosures

**CERTIFIED MAIL:**

Notice of Filing of Discrimination Complaint - Response Requested
November 15, 2021
Page **4** of **5**

## SUPPLEMENTAL QUESTIONS

**Complainant**: Dominique Woods

**Respondent**: Gary D Nelson Associates

**File Date**: November 10, 2021

1. Identify the person or persons designated to represent the company in this matter. Provide telephone contact number, email address, and mailing address for your representative(s).

2. Provide a statement of the employer's position with regard to the allegations contained in the complaint "see complaint memo."

3. Provide copies of documents that support the employer's position regarding the allegations contained in the complaint.

4. Provide copies of the Complainant's entire personnel file.

5. Provide copies of personnel files for employees who have file a complaint of harassment in the last three years and discrimination in the last two years.

6. Please provide a copy of Employee Handbook.

7. Provide copies of all policies and procedures regarding reasonable accommodation for employees with disabilities.

8. Describe all efforts taken to reasonably accommodate the Complainant's medical limitations/restrictions during the period of his/her employment.

9. Provide copies of all medical documents submitted by or on behalf of the complainant during the period of his/her employment.

10. Explain your company's procedure for determining an individual's ability to perform the job in question.  Provide a copy of any written policy or procedure relevant to such determination.

11. Provide a copy of any written evaluation prepared by respondent or respondent's representative describing or concerning Complainant's abilities to perform the duties of the job in question.

12. Describe your company's policies, procedures, and practices regarding leaves for employees medically unable to work.  Provide copies of any written policies and procedures regarding such leaves.

13. List the names of all persons involved in making the specific decisions to which the Complainant objects.  State each person's job title and responsibility as it related to the issues raised by the complaint.

Notice of Filing of Discrimination Complaint - Response Requested
November 15, 2021
Page **5** of **5**

14. State the reason(s) Complainant was (see bullets below), and provide all documentation
to support your response. Submit a copy of the policy which governed Complainant's
denial.

   a. Terminated

15. List the names of all person(s) involved in the decision to deny Complainant.  State each
person's job title and responsibility as it relates to the decision made and the issues
raised by the Complainant in her charge of discrimination/retaliation.

16. Describe your company's practices regarding discipline and practice of retaliation for a
work environment free of discrimination and or retaliation.  Provide copies of any written
policies.

   a. State how the policy was applied to Complainant.

17. List all employees, to include complainant, who were supervised by the same person as
Complainant during the past two years.  Identify each person's job classification and
provide the current home address, telephone number and work number.

18. Identify every individual who, to your knowledge, has information relevant to the
allegations.  For each, such individual, provide the following:

   a. Name, position and perceived Disability

   b. Last known address and telephone number.

STATE OF CALIFORNIA | Business Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAV N NEWSOM  GOVERNOR
KEVIN KISH, DIRECTOR

December 14, 2021

**Via [First Class Mail] [Email]:**

Gary D. Nelson Associates
1560 Sierra Ridge Dr
Riverside, California 92507

RE:   **Overdue Response to Discrimination Complaint**
**Case Number**: 202107-14135812
**EEOC Number**: 37A-2022-00379-C
**Case Name**: Woods / Gary D. Nelson Associates

Dear Attorney Laura Tovar:

Our records indicate that the above-referenced complaint was received by you by
certified mail on **November 18, 2021**. Service of this complaint was in conformance
with the Fair Employment and Housing Act (FEHA). According to a review of the case
file, we requested information from you in order to be able to determine the merits of the
complaint. **Your Response Extension is due on January 20, 2022.**

Please be advised that under Government Code section 12963.1, a subpoena and/or
interrogatories may be issued to produce documents, answer questions, or compel the
attendance of parties before the Department of Fair Employment and Housing (DFEH).

Perhaps it would be helpful to point out that the posture of this agency, is that of an
objective fact-finder. An equitable determination on the merits of the case can be made
only with your assistance and cooperation.

Enclosed, for your reference, please find a copy of the original complaint and the Notice
of Filing including Supplemental Questions. It is essential that the information
requested be submitted to the **DFEH, 2218 Kausen Drive, Suite 100, Elk Grove, CA
95758**, no later January 20, 2022, in order to avoid the legal actions described above.

Sincerely,

Birgitta Croil
Associate Governmental Program Analyst
213-337-4514
birgitta.croil@dfeh.ca.gov


**COMMUNITY**
**HEALTH**
**SYSTEMS, INC.**

10/05/2020

To Whom It May Concern:

Dominique Woods is currently under my medical care and is cleared to return back to work.

She may return to work on 10/06/2020.

If you require additional information please contact our office.



**Document generated by:** ▮▮▮▮▮▮ 10/05/2020



**Moreno Valley Family Health Center**
22675 Alessandro Boulevard
Moreno Valley, CA 92553
Phone: (951) 571-2350
Fax: (951) 571-2370

Woods, Dominique   000000121014 03/16/1985 10/05/2020 09:10 AM Page: 1/1



**Haider
Spine
Center**
*Medical Group, Inc.*

Failed Neck & Back Syndrome
Reconstructive Spine Surgery
Scoliosis & Other Deformities
Spine Rehabilitation
Industrial Medicine
Pain Management
Spine Trauma

6276 River Crest Drive, Riverside, CA 92507
(951)413-0200      FAX: (951)653-5680

## Work/School Status Note

**Patient name:** Dominique Woods
Date of visit: 01/05/2021

Patient was seen in our office today 01/05/2021. Patient may return to work part time. If you have any question please call.




# COMMUNITY HEALTH SYSTEMS, INC.

Referral Communication Form

Patient Information

Dominique Woods
PO BOX 125
Perris, CA  92572-

DOB: 03/16/1985
Phone: (951)238-1591

Order
Date ordered: 01/26/2021

Referrals: Physical Medicine and Rehabilitation. Evaluate and treat

CA  92553-

Insurance/Authorization Information

Insurance: Managed Care 18 Wrap
Policy#: 94247749A

Ordering Provider:
███████████████

22675 Alessandro BLVD
Moreno Valley,
Phone: (951)571-2350
Fax:    (951)571-2370

PCP:  ███████████

Referral Information

Primary / Billing Diagnosis: Disability examination (Z02.71)

Other Assessments at Time of Order:
███████████████████████████████████████

Currently Pregnant: no

Appointment timeframe: ROUTINE

Current Medications:

| Medication | Dose | Sig Desc |
|---|---|---|
| TYLENOL | 325 mg | take 1 - 2 tablet by oral route  every 4 - 6 hours as needed |

Woods, Dominique   000000121014 03/16/1985 01/26/2021 02:50 PM Page: 1/2



## INLAND FACULTY MEDICAL GROUP

## SERVICE AUTHORIZATION FORM

1860 Colorado Blvd. Suite 200, Los Angeles, CA 90041

Telephone: (800) 371-7547

**Patient Information:**        **Priority: Routine**                                                         **Status: APPROVED**

| Last Name | First Name | Sex | DOB | County/Aid |
|---|---|---|---|---|
| WOODS | DOMINIQUE | F | 03/16/85 | RIV/32 |

| Address | City | Zip | Tel | Language |
|---|---|---|---|---|
| 19576 DAY ST | PERRIS | 925709250 | (951) 378-2064 | |

| ID: 20050900533900 | Health Plan:  IEHP-MEDI-CAL | PCP Name:  MORENO VALLEY FAMILY HEALTH CENTER |
|---|---|---|

**Referred By:**   MORENO VALLEY FAMILY HEALTH CENTER  Tel: (951) 571-2350  Fax: (951) 571-237
**Address:**       22675 ALESSANDRO BLVD. MORENO VALLEY, CA 9255

**Referred To:**

INLAND REHABILITATION MEDICAL GROUP (CCS)

**Specialty:** PHYSICAL MEDICINE AND REHABILITATION

| Address | Tel | Fax |
|---|---|---|
| 400 N. PEPPER AVE, #212, COLTON, CA 92324 | (909) 580-1780 | (909) 387-0760 |

**Diagnosis:**

Z02.71 - ENCOUTER DISABILITY DETERMINAT
M47.816 - SPONDYLS W/O MYELO- RADICULOP

| Procedure(s)/Service(s) Requested | Description: | Global Days | Qty | Decision: | |
|---|---|---|---|---|---|
| 99203 | OFFICE O/P NEW LOW 30-44 MIN | 0 | 1 | Req. Date: | 01/26/21 16:06 |
| 99213 | OFFICE O/P EST LOW 20-29 MIN | 0 | 1 | Date of Referral Decision: | 02/01/21 |
| | | | | Valid Dates: | 01/26/21 - 01/25/22 |
| | | | | Date sent of PCP/SCP | 02/01/21 |
| | | | | Reviewed By:  Nurse - Deborah Montoya, LVN | |
| | | | | AUTHORIZED. A#: 20210126T8801018 | |

**Notes:**

Date Eligibility Verified:   01/26/21      Patient Eligible?   Yes      Effective Date:  11/01/20

If you would like the opportunity to discuss this decision, please call Telephone: (800) 371-7547 and speak with the Medical Reviewer.

**Authorization ONLY valid if the member is ELIGIBLE at time of service. Authorization valid until: 01/25/22**

**\*UM decision-making is based on appropriateness of care and services. INLAND FACULTY MEDICAL GROUP does not compensate practitioners or individuals for denials, and does not offer incentives to encourage denials.**

COVERAGE LIMITATIONS: Payment for services is limited to only those services, which are specifically authorized. If further diagnostic or therapeutic services are indicated, an additional authorization is required. Payment for services in contingent upon patient's eligibility at the time services are rendered. Payment will be at the contracted rate, or if Specialty Provider is not contracted, at 100% of Medi-Cal. Send claims to INLAND FACULTY MEDICAL GROUP, 1860 Colorado Blvd. Suite 200, Los Angeles, CA 90041

CONFIDENTIALITY NOTICE: The documents accompanying this transmission may contain confidential information belonging to the sender which is privileged. This information is intended only for the use of the individual or entity named above. If you are not the intended recipient

**Apple Urgent Care, Inc** 1207 E. Florida Ave, Hemet, CA 92543-7186                    **Office Form Note**

**DOMINIQUE WOODS**
MRN : **DOMINIQUEWOODS316@GMAIL.COM**
Birthday : **1985-03-16**
Visited on : 2021 May 19 11:27 (Age at visit: 36 years)          Phone : **9514504899**

Last edited by ▇▇▇▇▇ on 2021-05-19

**Form**                    Excuse Form

To whom it may concern,

I am contacting you regarding my patient DOMINIQUE WOODS, who is currently under my medical care as of 5/19/2021. She is excused from work from 5/19/2021 to 5/20/2021.

Apple Urgent Care, Inc.
1688 N Perris Blvd Ste G2
Perris, CA 92571
(951) 940-4500

Apple Urgent Care, Inc.
1688 N Perris Blvd Ste G2
Perris, CA 92571
(951) 940-4500

# COMMUNITY HEALTH SYSTEMS, INC.

10/05/2020

To Whom It May Concern:

Dominique Woods is currently under my medical care and is cleared to return back to work.

She may return to work on 10/06/2020.

If you require additional information please contact our office.



Document generated by:         0/05/2020



**Moreno Valley Family Health Center**
22675 Alessandro Boulevard
Moreno Valley, CA 92553
Phone: (951) 571-2350
Fax: (951) 571-2370



*Haider*
*Spine*
*Center*
*Medical Group, Inc.*

Failed Neck & Back Syndrome
Reconstructive Spine Surgery
Scoliosis & Other Deformities
Spine Rehabilitation
Industrial Medicine
Pain Management
Spine Trauma

6276 River Crest  Drive, Riverside, CA 92507
(951)413-0200      FAX: (951)653-5680

## Work/School Status Note

**Patient name:** Dominique Woods
Date of visit: 11/03/2020

Treating provider: 

To whom it may concern:
Ms. Woods is to be off worrk for two months.
She will follow-up with me on Tuesday, January 5th, 2021.



# 2021 COVID-19 Supplemental Paid Sick Leave

## Effective March 29, 2021

Covered Employees in the public or private sectors who work for employers with more than 25 employees are entitled to up to 80 hours of COVID-19 related sick leave from January 1, 2021 through September 30, 2021, immediately upon an oral or written request to their employer. If an employee took leave for the reasons below prior to March 29, 2021, the employee should make an oral or written request to the employer for payment.

**A covered employee may take leave** *if the employee is unable to work or telework for any of the following reasons:*

- o Caring for Yourself: The employee is subject to quarantine or isolation period related to COVID-19 as defined by an order or guidelines of the California Department of Public Health, the federal Centers for Disease Control and Prevention, or a local health officer with jurisdiction over the workplace, has been advised by a healthcare provider to quarantine, or is experiencing COVID-19 symptoms and seeking a medical diagnosis.
- o Caring for a Family Member: The covered employee is caring for a family member who is subject to a COVID-19 quarantine or isolation period or has been advised by a healthcare provided to quarantine due to COVID-19, or is caring for a child whose school or place of care is closed or unavailable due to COVID-19 on the premises.
- o Vaccine-Related: The covered employee is attending a vaccine appointment or cannot work or telework due to vaccine-related symptoms.

### Paid Leave for Covered Employees

- o 80 hours for those considered full-time employees. Full-time firefighters may be entitled to more than 80 hours, caps below apply.
    - For part-time employees with a regular weekly schedule, the number of hours the employee is normally scheduled to work over two weeks.
    - For part-time employees with variable schedules, 14 times the average number of hours worked per day over the past 6 months.
- o Rate of Pay for COVID-19 Supplemental Paid Sick Leave: Non-exempt employees must be paid the highest of the following for each hour of leave:
    - Regular rate of pay for the workweek in which leave is taken
    - State minimum wage
    - Local minimum wage
    - Average hourly pay for preceding 90 days (not including overtime pay)
- o Exempt employees must be paid the same rate of pay as wages calculated for other paid leave time.

**Not to exceed $511 per day and $5,110 in total for 2021 COVID-19 Supplemental Paid Sick leave.**

**Retaliation or discrimination against a covered employee requesting or using COVID-19 supplemental paid sick leave is strictly prohibited.** A covered employee who experiences such retaliation or discrimination can file a claim with the Labor Commissioner's Office. Locate the office by looking at the list of offices on our website (http://www.dir.ca.gov/dlse/DistrictOffices.htm) using the alphabetical listing of cities, locations, and communities or by calling 1-833-526-4636.

This poster must be displayed where employees can easily read it. If employees do not frequent a physical workplace, it may be disseminated to employees electronically.



Copyright © 2021 State of California, Department of Industrial Relations. Permission granted to display, perform, reproduce and distribute exclusively for nonprofit and educational purposes, and may not be used for any commercial purpose. All other rights reserved.



**Littler Mendelson, P.C.**
333 Bush Street
34th Floor
San Francisco, CA  94104

Laura Tovar
415.677.3121 direct
415.433.1940 main
415.655.1187 fax
ltovar@littler.com

January 20, 2022

**VIA EMAIL TO: (1) BIRGITTA.CROIL@DFEH.CA.GOV AND (2) CONTACT.CENTER@DFEH.CA.GOV**

Birgitta Croil
Associate Governmental Program Analyst Investigator
Department of Fair Employment & Housing
2218 Kausen Drive, Suite 100
Elk Grove, CA 95758

Re:    Dominique Woods v. Gary D. Nelson Associates
       DFEH Case No. 202107-14135812; EEOC Case No. 37A-2022-00379-C

Dear Investigator Croil:

This letter responds to the complaint filed with the DFEH by Dominique Woods ("Ms. Woods" or "Claimant") on November 10, 2021. Thank you again for extending the time for Gary D. Nelson Associates, Inc. ("Nelson") to submit this response to the above-refenced charge.[1]

Ms. Woods' Complaint is tainted with factual inaccuracies and conveniently omits relevant information. This letter will provide the full sequence of events for you.

First, please know Nelson is a family-run staffing firm, founded by Gary Nelson.  Nelson endeavors to find temporary job assignments for its pool of workers.

Nelson prohibits all forms of discrimination—including discrimination based on a person's disability—in accordance with applicable law. Nelson has clear policies prohibiting discrimination with clear instructions on how to report any such concerns. A copy of these relevant policies is attached as **Exhibit A.**

---

[1] This letter summarizes Nelson's current understanding of the facts.  It is not intended to set forth all facts possibly related to the Complaint and does not constitute an affidavit or binding statement of Nelson's legal position, nor is it intended to be used as evidence of any kind in any administrative, court, or arbitration proceeding.  Nelson in no way waives its right to present new or additional information at a later date, for substance or clarification.  Moreover, by responding to this Complaint, Nelson does not waive, and hereby preserves, any and all substantive and procedural defenses that may exist to the Complaint and Ms. Woods' allegations.  Nelson further requests that any efforts to contact its managers or employees be directed through me as legal counsel.

Birgitta Croil
January 20, 2022
Page 2


Dominique Woods applied for temp work through Nelson.  *See* Ms. Woods' employment application at **Exhibit B**.

On September 1, 2020, Nelson offered—and Ms. Woods accepted—temporary employment as an inventory associate (more commonly known as a "Packer") to work with its client, Coupang, at Coupang's warehouse in Riverside, California.

Coupang is often described as "the Amazon of South Korea."  Indeed, Coupang's very large warehouse in Riverside is filled with a wide variety of products to be picked, packed, and shipped to South Korea.  The warehouse operates 24 hours a day and 7 days a week.  It is a busy place.

Like Amazon, Coupang delivers products to customers quickly.  Accordingly, Coupang relies heavily on its workers to come to work and complete their assignments on a timely basis.  Failing to do so requires Coupang to scramble to find a replacement to get the work done.  What is especially troubling to Coupang is when workers provide no advance notice—they just do not show up for their assigned shift (known as a "no call/no show").  This puts a huge strain on the other workers and the business. To this end, Coupang has implemented a clear attendance policy which in part requires employees to call a hotline in advance of any absence.  The policy provides:

> "As a temporary employee, you are expected to be punctual and regular in attendance. Our client depends on every single individual scheduled in order to meet their production needs. A poor attendance record based on habitual unexcused absences or tardiness may result in disciplinary action, up to and including, termination of your assignment."

The policy further provides:

> **"No Call/No Show**: Employees must report their absence or tardiness each day; failure to do so prior to 2 hours before the scheduled shift start time is considered a no/call no show (even if a call is made after the 2-hour mark). Any employee who fails to call in and does not report to work on 2 occasions is considered to be VOLUNTARILY ending their assignment.
>
> **REPORTING REQUIREMENTS:** Employees must call the attendance line 2 hours before the scheduled shift start time, or this will be considered a no show/no call."

A complete copy of this policy is attached as **Exhibit C**.

This policy is disseminated to all employees at the time of hire.  Ms. Woods acknowledged receipt of this policy on September 2, 2020.  *See* Exhibit C.  Coupang relies on Nelson to enforce this policy.

Birgitta Croil
January 20, 2022
Page 3


Ms. Woods, however, had attendance issues throughout her short tenure and almost from the very start. But Nelson was patient. Nelson reminded Ms. Woods of the policy requirements—especially the advance notice requirements—and gave her many chances.  She was very familiar with the policy.

Eventually, however, enough was enough as Nelson decided to end Ms. Woods' assignment after she accumulated four "no call/no shows" as well as other questionable conduct between May 25 to June 3, 2021. A full chronology is outlined as follows:

- Tuesday, May 25: Ms. Woods was scheduled to work but left early citing "personal reasons."

- Wednesday, May 26: Ms. Woods was scheduled to work, but called off because she said she was waiting for "clearance."[2]

- Thursday, May 27: Ms. Woods was scheduled to work, but called off because she still did not have a doctor's note.

- Friday, May 28: Ms. Woods was scheduled to work, but called off because she still did not have a doctor's note.

- Saturday, May 29: Ms. Woods was scheduled to work but failed to call the attendance line, resulting in a **no call/no show**.

- Tuesday, June 1: Ms. Woods was scheduled to work but failed to call the attendance line, resulting in a **no call/no show**.

- Wednesday, June 2: Ms. Woods was scheduled to work but failed to call the attendance line, resulting in a **no call/no show**.

- Thursday, June 3: Ms. Woods was scheduled to work but failed to call the attendance line, resulting in a **no call/no show**.

Pursuant to Coupang's attendance policy (see Exhibit C), wherein two no call/no shows warrants termination, Nelson ended Ms. Woods' assignment with Coupang on June 3, 2021, after four no call/no shows. Four no call/no shows were twice the limit set forth in Coupang's policy and, if anything, shows Nelson was extra patient/lenient with Ms. Woods. Nelson's hope here was that Ms. Woods would comply with the policy and do a good job.  Nelson was not looking for a reason to end her assignment, just the opposite, but once Ms. Woods got to four no call/no shows, Nelson could not look the other way any longer.

---

[2] Coupang implemented a Covid-19 safety protocol at the outset of the pandemic. Under this protocol, and in an abundance of caution, an employee who calls out sick must submit a doctor's note or negative Covid-19 test before returning to work.

Birgitta Croil
January 20, 2022
Page 4

What is also missing from Ms. Woods' Complaint is the fact she made no request for medical leave or a request for a reasonable accommodation due to a "disability" at any point during her assignment, or the days leading up to the end of her assignment. Indeed, Ms. Woods' Complaint is based on a "perceived" disability which implies she in fact does not even have a "disability."

As explained above, Nelson really had no choice but to end Ms. Woods' assignment based on her failure to follow the Coupang attendance policy—a policy she knew well. And there is simply nothing to suggest a discriminatory motive as she never once indicated she suffered from a disability, much less, requested a medical leave or a reasonable accommodation. Indeed, even her Complaint does not identify or allege she has a "disability" as a matter of law.

**Conclusion**

Ms. Woods' "disability" discrimination claim is a red herring. Indeed, she did not have a "disability" nor did she ever request a medical leave.

The truth is Ms. Woods' assignment ended because she violated the attendance policy again, and again, and again. She was given second, third and more chances to comply, but she failed to do so. Eventually, enough was enough. There are consequences for her actions, and she has no basis—factually or legally—to blame anyone but herself.

Accordingly, Nelson respectfully requests that the DFEH dismiss Ms. Woods' claims.

Sincerely,

*Laura Tovar*

Laura Tovar

LT/
Enclosures

4879-1583-4629.2 / 014358-1144

# EXHIBIT A

DocuSign Envelope ID: 6A2E85CD-484B-4BD3-952A-EBEFB20189FF

# NELSON

**Pay and Benefit Guide**



## 2. EMPLOYMENT AT WILL

Employment with the Company is at-will. This means employment with Company is not for any specified period and may be terminated by you or the Company at anytime, with or without cause or advance notice. In connection with this policy, Nelson reserves the right to modify or alter your position, in its sole discretion, with or without cause or advance notice, through actions other than termination, including, transfer, reclassification or reassignment. In addition, the Company reserves the right to exercise its managerial discretion in imposing any form of discipline it deems appropriate.

## 3. EQUAL EMPLOYMENT OPPORTUNITY

It is the policy of the Company to provide equal employment opportunities to all employees and

employment applicants without regard to unlawful considerations of race, religious creed, color, national origin, ancestry, sex, sexual orientation, gender, gender identity or expression, age, physical or mental disability, medical condition, genetic information, marital status, military or veteran status, or any other classification protected by applicable local, state or

federal laws. This policy applies to all aspects of employment, including, but not limited to, hiring, job assignment, compensation, promotion, benefits, training, discipline and termination. Reasonable accommodation is available for qualified individuals with disabilities, upon request.

## 4. ANTI-HARASSMENT/DISCRIMINATION POLICY

Nelson is committed to providing a work environment free of sexual or any form of unlawful harassment or discrimination. Harassment or discrimination against individuals on the basis of race, age, color, religious creed, national origin, ancestry, sex, sexual orientation, gender, gender identity or expression, physical or mental disability, medical condition, genetic information, marital status, military or veteran status or any other classification protected by state, federal or local laws is illegal and prohibited by Company policy. Such prohibited conduct by or towards any coworker, supervisor, manager, contract worker, customer, vendor or anyone else who does business with the Company will not be tolerated. Any employee or contract worker who violates this policy will be subject to disciplinary action, up to and including termination of his/her employment or engagement. To the extent a customer, vendor or other person with whom the Company does business engages in conduct in violation of this policy, the Company will take appropriate corrective action.

Prohibited Conduct

Sexual or other unlawful harassment includes any verbal, physical or visual conduct based on sex, race, age, national origin, disability or any other legally protected basis if:

(i)     submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment or engagement;
(ii)    submission to or rejection of such conduct by an individual is used as a basis for decisions concerning that individual's employment or engagement; or
(iii)   it creates a hostile or offensive work environment.

Sexual harassment includes unwelcome sexual advances, requests for sexual favors and lewd, vulgar or obscene remarks, jokes, posters or cartoons, and any unwelcome touching, pinching or other physical contact. Other forms of unlawful harassment may include racial epithets, slurs and derogatory remarks, stereotypes, jokes, posters or

# NELSON

**Pay and Benefit Guide**

cartoons based on race, national origin, age, disability, marital status or other legally protected categories.

## Complaint Procedure

Employees or contract workers who feel that they have been harassed or discriminated against, or who witness any harassment or discrimination by an employee, contract worker, customer, vendor or anyone else who does business with the Company, should immediately report such conduct to a supervisor (preferably your own), or Human Resources. Your complaint should be specific and should include the names of the individuals involved and any witnesses. Supervisors and managers who are aware of any inappropriate conduct or who receive reports of inappropriate conduct must report such conduct to Human Resources.

After a report is received, the Company will conduct a timely, thorough and objective investigation and attempt to resolve the situation. The investigation will provide all parties with the opportunity to explain their version of events, and the Company will reach a reasonable conclusion based on the evidence collected. The investigation will be completed and a determination made as soon as practicable. The Company expects that all employees will fully cooperate with any investigation conducted by the Company. The Company will endeavor to protect the privacy and confidentiality of all parties involved, to the extent possible consistent with a thorough investigation.

Disciplinary action may be taken when an investigation reveals conduct on the part of an employee that does not rise to the level of unlawful harassment, but is nevertheless inappropriate.

To the extent that an employee is not satisfied with Company's handling of a harassment or discrimination complaint, he or she may also contact the appropriate state or federal enforcement agency for legal relief. In California, the Department of Fair Employment and Housing can be contacted by consulting the government agency listings in the telephone book or at www.dfeh.ca.gov. The Department of Fair Employment and Housing will, in appropriate cases, prepare and investigate complaints of harassment or discrimination and may award damages or other remedies to individuals actually injured as a result of such conduct.

## Retaliation Prohibited

Employees and contract workers are also protected by law from retaliation for opposing or reporting unlawful harassment or discrimination or for otherwise participating in processes connected with an investigation, proceeding or hearing conducted by the Company or a government agency with respect to such complaints. The Company will take disciplinary action up to and including the immediate termination of any employee who retaliates against another employee or contract worker for engaging in any of these protected activities. Contract workers will be subject to termination of their engagement with the Company for engaging in retaliation.



# EXHIBIT B

DocuSign Envelope ID: 0A2E83CD-451B-4BD3-852A-EBEFB20789FF

# NELSON

**Employee Application**

Date: 8/31/2020

Name: Woods                    Dominique            N
      Last                     First                Middle Initial

Alias: _____    _____    _____
       Last           First          Middle Initial

Address: 19576 DAY ST

Address 2: _____ (Apartment Number, etc)

City: PERRIS                State: CA        ZIP: 92570

Home Phone: 9512381591        Cell Phone: 9514504899

Emergency Phone: _____

Email Address: DOMINIQUEWOODS316@YAHOO.COM

## CHECK ALL OPTIONS THAT APPLY

Type of employment you are seeking?  ☐Temporary  ☐Temporary-to-Hire  ☐Direct Hire  ☒Part-Time  ☐Full-Time

Positions Desired: _____

Currently Employed?  ☐Yes  ☒No    **How may we contact you?** ☐ Home Phone  ☐ Cell Phone  ☐ Text Message  ☐ Email

Professional License & Certification(s):  ☐CPA  ☐Teacher  ☐Engineer  ☐Other: _____  State: _____  License No.: _____

How did you hear about Nelson?        **Fluent languages, if job-related:**
           INDEED                      Indicate if you speak, write, or both
    Write in specific source

DocuSign Envelope ID: 0A2E83CD-451B-4BD3-852A-EBEFB20789FF

# NELSON

# Employee Application

## EDUCATION

Check Highest Grade Completed: High School   1☐  2☐  3☐  4☒      College   1☒  2☐  3☐  4☐  5☐  6☐

| NAME(S) OF SCHOOL(S) | LOCATION | MAJOR | DEGREE |
|---|---|---|---|
| VAL VERDE | PERRIS, CA | GENERAL STUDIES | DIPLOMA |
| MORENO VALLEY COLLEGE | MORENO VALLEY | ADMINISTRATIVE JUST | N/A |

## EMPLOYMENT HISTORY

### LIST PREVIOUS FULL-TIME POSITIONS STARTING WITH MOST RECENT

| FROM | TO | COMPANY NAME/CITY | POSITION | SUPERVISOR NAME/ NUMBER | REASON FOR LEAVING |
|---|---|---|---|---|---|
| 1019 | | OCCASSION'S STAFFING | WAREHOUSE WORKER | MIKE | DOCTOR'S ORDERS |
| 0618 | 1116 | BARON HR STAFFING | WAREHOUSE WORKER | LETTI | ASSIGNMENT ENDED |
| 0916 | 0716 | APPLE ONE STAFFING | WAREHOUSE WORKER | JOHN | ASSIGNMENT ENDED |
| 0516 | | | | | |

### LIST PREVIOUS TEMPORARY, CONTRACT OR CONSULTATIVE POSITIONS STARTING WITH MOST RECENT

| FROM | TO | TEMPORARY SERVICE | POSITION | COMPANY ASSIGNED TO |
|---|---|---|---|---|
| | | | | |

DocuSign Envelope ID: 0A2E83CD-451B-4BD3-8522A-EBEFB20789FF

# NELSON

## Employee Application

If under 18 years of age, can you after employment, submit a work permit or proof of graduation from high school or the equivalent?    ☒Yes    ☐No

Are you able to perform the essential duties of the job(s) for which you are applying, with or without reasonable accommodation?    ☒Yes    ☐No

### REFERENCES

### LIST PREVIOUS FULL-TIME POSITIONS STARTING WITH MOST RECENT

| REFERENCE NAME | REFERENCE COMPANY | REFERENCE JOB TITLE | REFERENCE PHONE NUMBER | RELATIONSHIP TO REFERENCE |
|---|---|---|---|---|
| TIFFANY JACKSON | THE PRESS ENTERPRIS | WORKER | 9517227960 | FORMER SUPERVISOR |
| MARIA MELARA | GAIN | EMPLOYMENT COUN. | 9519402158 | employment counselor |
| DARLENE FERRO | EDUCATION | MANAGER | 9516578197 | INSPIRATION |

nelsonjobs.com | 866-466-3576
Nelson reserves the right to amend this information at any time.
Employment Application - 2019

uSign Envelope ID: 0A2E83CD-451B-4BD3-852A-EBEFB20789FF

NELSON

# Employee Application

## PLEASE READ CAREFULLY

Nelson does not discriminate with regard to sex, gender, national origin, age, religion, race, color, creed, marital status, ancestry, physical or mental disability, medical condition, veteran status, sexual orientation, gender identity or expression, or any other consideration protected by federal, state, or local laws.

I understand and agree to the following:

1. I certify that all employment information that I have provided is true.

2. I voluntarily consent and agree to the following: a) I authorize the prior employers I have listed to disclose to Nelson information related to my employment history and qualifications for the position for which I am applying, without giving me notice of such disclosure;

3. I understand and acknowledge that I am not an employee of Nelson unless and until I accept a temporary assignment with Nelson. If and when I become an employee, I will be employed by Nelson and receive my wages from Nelson.

4. I further understand and agree that, except for my at-will employment status, if hired, my wages, hours, working conditions, job assignment(s), and compensation rate(s) will be subject to change by Nelson.

5. I understand that if I am employed by Nelson, any false statement, misrepresentation, or omission of facts on this application or on any supporting documents, regardless of when discovered to be false or omitted, may result in my immediate dismissal.

6. I understand that any offer of employment by Nelson is conditioned on my passing a background check and drug screening depending on my job placement. Nelson complies with the Fair Credit Reporting Act (FCRA) and the Investigative Consumer Reporting Agencies Act (ICRAA) and all applicable federal and state laws governing the implementation of an employee background check and drug screening. I authorize Nelson to disclose copies of my employment records and background information, including reference, credit (if applicable) and criminal checks to Nelson's clients. I release and hold harmless Nelson, Nelson's employees and Nelson's clients from any and all claims involving the receipt, release and use of my employment records, and background information, including reference, credit (if applicable) and criminal checks.

7. I understand that any offer of employment at Nelson is contingent upon my right to work in the United States.

My signature below certifies that I agree to be bound by the terms and conditions stated in this application, which contains all the understandings between Nelson and me concerning the topics addressed herein, and supersedes any prior inconsistent understandings between Nelson and me on such issues.

Name (print): ___Woods___  ___Dominique___  _____

            Last           First         M.I.

Signature: ___DocuSigned by:___  Date: __8/31/2020__

5EFE4CE6044A478

# EXHIBIT C

Coupang Attendance Policy

**Dear Staffing Associate,**

**The following is meant to serve as a guideline for attendance, as well as provide other pertinent information such as who to contact for absences.**

**As a temporary employee, you are expected to be punctual and regular in attendance. Our client depends on every single individual scheduled in order to meet their production needs. A poor attendance record based on habitual unexcused absences or tardiness may result in disciplinary action, up to and including, termination of your assignment.**

**DEFINITIONS**

- **Tardy/Early Departure:** Tardiness occurs when an employee arrives later than 5 minutes past their scheduled start time and is not ready to begin working at his/her workstation at their scheduled time. More than 2 instances per week of tardiness of more than 1 minute, but less than 5 minutes will also result in a tardy.

- Early departure occurs when an employee leaves work (without pre-approval) with less than 2 hours remaining in their shift (including Overtime hours when scheduled). This is not to be confused with a client mandated shift duration change.

- **Absence**: Absences occur when an employee is not present to work on a day when scheduled. This would include leaving work (without pre-approval) with more than 2 hours remaining in an employee's scheduled shift. Additional details are in the section "How Do I Get Points" below.

- **No Call/No Show:** Employees must report their absence or tardiness each day; failure to do so prior to 2 hours before the scheduled shift start time is considered a no call/no show (even if a call is made after the 2-hour mark). Any employee who fails to call in and does not report to work on 2 occasions is considered to be VOLUNTARILY ending their assignment.

**EXCEPTIONS:** Jury duty or any other subpoenaed court appearance, time off to vote, lack of work, and any paid sick leave or other time off which is protected under, or pursuant to, federal, state or local law, will not be used as the basis for any kind of disciplinary action and will be excluded from the point accrual system described herein ("Excepted Absences").   Any absence for illness that is not protected under, or pursuant to federal, state, or local law will also be included within Excepted Absences as long as timely, reasonable medical documentation is provided.

**Pre-approved time off requests, for absences other than Excepted Absences, will not accrue points as long as they have been requested with at least a 7 day WRITTEN notice and have been APPROVED by their manager.**

**PROBATIONARY PERIOD:** New employees are NOT allowed to reach **1.0** point in the first week or **2.0** points in their first 30 days on assignment, which could result in up to and including termination of employment.

**REPORTING REQUIREMENTS:** Employees must call the attendance line 2 hours before the scheduled shift start time, or this will be considered a no show/no call

Coupang Attendance Policy 

## WHO DO I CONTACT: The Attendance Line a – (866)-804-6245

NOTE: Only calls made to the attendance line will be counted. Texts, emails, and calls outside of this line are not counted as a proper absence communication.

### HOW DO I GET POINTS?

| | |
|---|---|
| 0.5 Points | Late Arrival Tardy |
| 0.5 Points | Early Departure (less than 2 hours remaining) |
| 1.0 Points | Entire Day Absence/Early Departure (more than 2 hours remaining) |
| 2.0 Points | No Call/No Show (2nd No Call/No Show = Termination) |
| 2.0 Points | Entire Day Absence/Early Departure Holiday |
| 4.0 Points | No Call/No Show on Holiday |

### HOW MANY POINTS EQUAL WHICH PERFORMANCE MANAGEMENT STEP?

4.0 Points Verbal Warning                6.0 Points Written Warning
10.0 Points Final Written Warning        12.0 Points *Termination

*Please read this document in its entirety; there are situations such as during an employee's probation period where lower points may result in termination.*

### HOW OFTEN DO THE POINTS RESET?

Points will expire or "fall off", on the last day of the 12th month from when the point occurred. For example, a point occurred on 4/4/18 and 4/15/2018 will expire on 4/30/2019 and so forth. Points that expire will be credited back to the associate's file.

**TIME REPORTING GUIDELINES:** It is the responsibility of the employee to properly utilize the time clocks. Failure to clock in and out each shift and/or for lunch may result in disciplinary action.

**By signing below, you acknowledge that you reviewed and understand the Attendance Policy and agree to adhere to this policy:**

Dominique Woods          Dominique Woods          09/02/2020
**Signature**                    **Full Name**                   **Date**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 12, 2022

**Via First Class Mail**

Dominique Woods
19576 Day St.
Perris, CA 92570

RE: **150 Day Notice**
**Case Number**: 202107-14135812
**EEOC Number**: 37A-2022-00379-C
**Case Name**: Woods / Gary D Nelson Associates

Dear Dominique Woods:

Your complaint has been on file for 150 days and the Fair Employment and Housing Act requires that we notify you of your right to request a Right to Sue notice which will authorize you to file a private lawsuit in a California Superior Court on your own behalf. This letter is your notification of your right to request a Right to Sue notice.

If you request a Right to Sue, DFEH will discontinue its investigation and close your complaint. If you choose to exercise this option, you must:

1. Notify DFEH in writing of your request; and
2. File your lawsuit within one year from receipt of the Right to Sue notice.

In all correspondence, please include your matter reference number **202107-14135812** and mail it to DFEH, 2218 Kausen Drive, Suite 100, Elk Grove, CA 95758. Or, you may use the online system at www.dfeh.ca.gov to upload correspondence, check the status of your complaint or send a message to your investigator. To gain access to the online system, please contact me.

**If you do not request a Right to Sue notice, DFEH will continue to investigate your complaint and you do not need to respond to this letter.** A Right to Sue notice will then be issued upon conclusion of our investigation, or one year after your complaint was filed, whichever comes first.

Sincerely,

*Shawna Umi*

Shawna Umi
Consultant III Specialist
916-215-1386
Shawna.umi@dfeh.ca.gov



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

April 27, 2022

**Via Email**
dominiquewoods316@yahoo.com

Dominique Woods
19576 Day ST
Perris, California 92570

**RE:  Notice of Case Closure and Right to Sue**
**Case Number:** 202107-14135812
**EEOC Number:** 37A-2022-00379-C
**Case Name:** Woods / GARY D NELSON ASSOCIATES

Dear Dominique Woods:

The Department of Fair Employment and Housing (DFEH) has closed your case for the
following reason: **Complainant Elected Court Action**

**This is your Right to Sue Notice.** According to Government Code section 12965, subdivision
(b), a civil action may be brought under the provisions of the Fair Employment and Housing Act
against the person, employer, labor organization or employment agency named in the above-
referenced complaint. This is also applicable to DFEH complaints that are filed under, and
allege a violation of, Government Code section 12948, which incorporates Civil Code sections
51, 51.7, and 54. The civil action must be filed within one year from the date of this letter.
However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you
should consult an attorney about the applicable statutes of limitation.

Please note that if a settlement agreement has been signed resolving the complaint, you may
have waived the right to file a private lawsuit. Should you decide to bring a civil action on your
own behalf in court in the State of California under the provisions of the California Fair
Employment and Housing Act (FEHA) against the person, employer, labor organization or
employment agency named in your complaint, below are resources for this.

**Finding an Attorney**
To proceed in Superior Court, you should contact an attorney. If you do not already have an
attorney, the organizations listed below may be able to assist you:

- The State Bar of California has a Lawyer Referral Services Program which can be ac-
  cessed through its Web site at              or by calling (866) 442-2529 (within
  California) or (415) 538-2250 (outside California).

- Your county may have a lawyer referral service. Check the Yellow Pages of your tele-
  phone book under "Attorneys."

**Filing in Small Claims Court**
- The Department of Consumer Affairs (DCA) has a publication titled "The Small Claims
  Court: A Guide to Its Practical Use" online at of "The Small Claims Court: A Guide to Its
  Practical Use" online at

**Notice of Case Closure Settled or Withdrawn – Employment**
**April 27, 2022**
**Page 2 of 2**

- You may also order a free copy of "The Small Claims Court: A Guide to Its Practical Use" online, by calling the DCA Publication Hotline at (866) 320-8652, or by writing to them at: DCA, Office of Publications, Design and Editing; 1625 North Market Blvd., Suite N-112; Sacramento; CA; 95834.

- The State Bar of California has information on "Using the Small Claims Court" under the "Public Services" section of its Web site located at www.calbar.ca.gov

Sincerely,

*Shawna Umi*

Shawna Umi
Associate Governmental Program Analyst
shawna.umi@dfeh.ca.gov



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 27, 2022

Via [First Class Mail] [Email]
dominiquewoods316@yahoo.com

Dominique Woods
19576 Day ST
Perris, California 92570

RE:     **Request to Withdraw Complaint**
        **Case Number**: 202107-14135812
        **EEOC Number**: 37A-2022-00379-C
        **Case Name**: Woods / GARY D NELSON ASSOCIATES

Dear Dominique Woods:

You have indicated that you wish to withdraw the above-referenced complaint. Please e-sign, complete and return the enclosed form **within ten (10) calendar days**. If you do not return the signed form, we will assume that you no longer wish to withdraw your complaint and we will continue with the investigation. If you do change your mind about withdrawing your complaint, please contact me to let me know.

Sincerely,

Shawna Umi
Associate Governmental Program Analyst
213-337-4492
shawna.umi@dfeh.ca.gov

DFEH ENF 41 ES



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GOVERNOR GAVIN NEWSOM

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

## Request to Withdraw

I, **Dominique Woods**, hereby request to withdraw the complaint of discrimination, Case Number: **202107-14135812**, filed with the Department of Fair Employment and Housing (DFEH). I understand that if my case is filed with the U.S. Equal Employment Opportunity Commission (EEOC) or U.S. Department of Housing Urban Development (HUD), this request will <u>also</u> apply to my federal complaint. I have not been coerced into making this request, nor do I make it based on fear of retaliation.

My request is based on the following reason. Please check the appropriate box below.

☑          Intend to file private lawsuit (*Employment cases only*).

☐          Resolved with my employer, landlord, and/or all other parties named on my complaint. Briefly describe the terms and conditions below.

☐          Discontinue investigation for other reasons. Briefly describe the reason below.

Complainant Name: <u>Dominique Woods</u>

Signature of Complainant (or designated Legal

Representative):   ᴅ⸗ᴠ⁓

Date:  Apr 27, 2022

# Matter Book Report: Wednesday, July 6, 2022

| | | | |
|---|---|---|---|
| Matter Type: | Employment | Matter Owner: | Shawna Umi |
| Investigator Name: | Shawna Umi | Matter Status: | Closed |
| Matter Submit Date: | 07/15/2021 | Closed Reason: | Complainant Elected Court Action |
| Matter File Date | 11/10/2021 | Closed Date: | 04/27/2022 |
| Matter Reference: | Woods / GARY D NELSON ASSOCIATES 202107-14135812 | | |

## Related Parties

| Name | Phone | Email | Relationship | Primary |
|---|---|---|---|---|
| Dominique Woods | (951)564-8756 | dominiquewoods3316@yahoo.com | Complainant | ✓ |
| GARY D NELSON ASSOCIATES | (909) 714-5357 | jwashington@nelsonjobs.com | Respondent | ✓ |
| Laura Tovar , Attorney | (415) 677-3121 | ltovar@littler.com | Respondent's Representative | |

## Intake Form

| | | | |
|---|---|---|---|
| First Date of Harm: | 6/3/2021 12:00:00 AM | | |
| Most Recent Date of Harm | 7/14/2021 12:00:00 AM | | |

I AM AN AT-WILL EMPLOYEE. I WAS FIRED FOR JOB ABANDONMENT. NO CALL/ NO SHOW FOR 3 DAYS. AS OF JUNE 03, 2021.

I BELIEVE THIS IS A FABRICATED INVALID REASON FOR TERMINATION. THE REASON FOR TERMINATION WOULD BE DISCRIMINATION OF MY DISABILITY AND MY CIVIL RIGHTS OF A PROCTECED CLASS TO SEEK TREATMENT AND DIAGNOSIS WITHOUT BEING PENALIZED LEGALLY. I ALSO BELIEVE THAT COVID 19 SAFETY REGULATIONS REGARDING ANY SYMTONS AND COVID TEST APPOINTMENTS AND VACCINES APPOINTMENT HAD A PART IN THE DECISION OF RETALIATION FOR MY EXCUSED MEDICAL AND HEALTH. ALSO PHYSICAL DISABILITY PROTECTED LEAVE OF ABSENCES. BECAUSE I SAUGHT TREATMENT FOR MY DISABILITY. I WAS PENALIZED UNLAWFULLY WITH VIOLATIONS OF CALIFORNIA'S STATE AND FEDERAL LAWS INCLUDING CODE OF REGULATIONS AND LABOR CODES.

| | |
|---|---|
| | DISCRIMANTION AND RETALIATION REASONS ON THE BASIS OF ASSIGNMENT TERMINATION  WHILE ON PROTECED MEDICAL LEAVE TO TREAT AND OR DIAGNOSE PHYSICAL CONDITION OF MY DISABILITY. THE REASON SAID TO BE FOR THE TERMINATION WAS UNCLEAR AND FABRICATED 3 DIFFERENT TIMES. ALTHOUGH I AM AT WILL EMPLOYEE. IT IS UNLAWFUL TO DENY MY CIVIL RIGHTS AS PROTECTED CLASS INDIVIDUAL OF AN AMERICAN WITH A DISABILITY. ALTHOUGH MY ATTEMPS TO COMMUNICATE WITH THE COMPANY REGARDING DISPUTE RESOLUTION IS NOT GETIG THROUGH. I HAD REQUESTED A REVIEW OF MY PERRSONNEL FILE.  FOR IMPORTANT INFORMATION AND CLUES TO THE MANAGERS MOTIVATION OF THE DICISION TO TERMINATE ME. I WAS NOT ALLOWED ACCESS. DUE TO THE DEFAMATION OF THESE ACTIONS. I HAVE BEEN IN DISPARE OF WRONGFUL TERMINATION DUE TO UNLAWFUL PRACTICES PROVIDED TO ME. INCLUDING VILOATION OF IMPORTANT LAWS THAT PROHIBIT SUCH ACTIONS. |
| Harm Ongoing: | Yes |
| Discrimination: | True |
| Discrimination Act of Harm: | Terminated;Denied hire or promotion;Denied any employment benefit or privilege;Denied reasonable accommodation for a disability;Denied work opportunities or assignments;Denied Family Care or Medical Leave (CFRA) |
| Discrimination Basis: | Disability (physical or mental);Medical condition (cancer or genetic characteristic);Pregnancy, childbirth, breast feeding, and/or related medical conditions;Association with a member of a protected class;Family Care or Medical Leave (CFRA) |
| Harassment: | False |
| Harassment Basis: | |
| Retaliation: | True |
| Type of Protected Activity | Requested or used a disability-related accommodation;Requested or used Family Care or Medical Leave (CFRA) |

| Retaliation Act of Harm: | Terminated;Denied hire or promotion;Denied any employment benefit or privilege;Denied reasonable accommodation for a disability;Other;Denied work opportunities or assignments;Denied Family Care or Medical Leave (CFRA) |
| --- | --- |

| Legacy – Unlawful Action | |
| --- | --- |
| Legacy – Basis | |
| Legacy – Harms | |
| Legacy – Harm (Other) | |

| Agent for Service | Address | Phone | Respondent's Agent for Service |
| --- | --- | --- | --- |
| Cogency Global Inc. (C2003899) | 1325 J Street, Suite 1550 Sacramento, CA 95814 | | GARY D NELSON ASSOCIATES |

## Events

| Activity Date | Subject | Created By | Assigned To | Description |
| --- | --- | --- | --- | --- |
| 04/27/2022 | Call | Shawna Umi | Shawna Umi | Response review completed with CP. |
| 04/27/2022 | Other | Shawna Umi | Shawna Umi | Request to withdraw received and uploaded. |
| 04/27/2022 | Email | Shawna Umi | Shawna Umi | Request to Withdraw emailed to CP per her request to obtain a right-to-sue. |
| 04/27/2022 | Email | Shawna Umi | Shawna Umi | RFI email sent to RP Rep Laura Tovar to set up telephone interviews with ▇▇▇, HR ▇▇▇ and ▇▇▇ |
| 04/27/2022 | Email | Shawna Umi | Shawna Umi | Notice of Case Closure emailed to CP. |
| 04/27/2022 | Email | Shawna Umi | Shawna Umi | Received email from CP requesting a right-to-sue. |
| 04/22/2022 | Email | Shawna Umi | Shawna Umi | CP scheduled on 4/27/2022 for response review. |
| 04/21/2022 | Call | Shawna Umi | Shawna Umi | Returned CP's call regarding status of case, no answer left detailed voicemail message as well as sent her an email. |

| Date | Action | Name | Name | Notes |
|---|---|---|---|---|
| 04/21/2022 | Email | Shawna Umi | Shawna Umi | Email sent to CP to schedule response interview. |
| 04/21/2022 | Call | Shawna Umi | Shawna Umi | Called CP to conduct response review interview, however, no answer left message. |
| 04/20/2022 | called cp and VM to contact new Investigator | Birgitta Croil | Birgitta Croil | |
| 04/20/2022 | listen to cp VM about status | Birgitta Croil | Birgitta Croil | |
| 04/12/2022 | Prep mail/150 | Clarisa Grano | Clarisa Grano | |
| 03/09/2022 | Case review completed and ICO completed | Shawna Umi | Shawna Umi | |
| 01/21/2022 | uploaded response | Birgitta Croil | Birgitta Croil | |
| 01/20/2022 | called rp rep Laura Tovar - reminder response is due today | Birgitta Croil | Birgitta Croil | |
| 01/20/2022 | read cp email about status | Birgitta Croil | Birgitta Croil | From: Dominique Woods <dominiquewoods316@yahoo.com><br>Sent: Tuesday, January 18, 2022 12:55 PM<br>To: Croil, Birgitta@DFEH <Birgitta.Croil@dfeh.ca.gov><br>Subject: Dominique Woods inquiry of updated response from respondent<br><br>[EXTERNAL] This email originated from outside DFEH. Do not click links or open attachments unless you recognize the sender and know the content is safe.<br>Hello and good afternoon,<br>I hope all is well. I remember asking about the date the response was due from the respondent and you had stated it was due January 18th and I was just wondering if they had responded yet or if there was an update of information regarding the investigation process?<br>Again I wish to express my sincere gratitude for you taking my case. If any other information is needed please contact me.<br>Thank you and good journey. |
| 01/20/2022 | t/c from rp rep Laura - response will be submitted byt the end of the day. | Birgitta Croil | Birgitta Croil | Rp rep client is reviewing the document and will email later today. |
| 01/20/2022 | Comment ▋ | DoNotReply @DFEH | DoNotReply @DFEH | Good afternoon Investigator Croil, |

Attached please find Gary D. Nelson Associate's position statement regarding the above-referenced matter.

Please let us know if you have any additional questions.

Best,

Laura

![Littler](https://support.dfeh.ca.gov/attachments/token/Pj4L2b35bvemfMDXfle95ezrG0/?name=image001.png)

![Littler](https://support.dfeh.ca.gov/attachments/token/AlkiZwLj6SwGY5TtJMlsWX8q1A/?name=image002.png)

**Laura Tovar **
Attorney at Law
415.677.3121 direct, 415.278.1272 mobile, 415.655.1187 fax
LTovar@littler.com

Labor & Employment Law Solutions | Local Everywhere
333 Bush Street, 34th Floor, San Francisco, CA 94104

_____

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

_____

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

| Date | Activity | | | | Details |
|---|---|---|---|---|---|
| 01/04/2022 | File Review - transferred | Birgitta Croil | Birgitta Croil | | |
| 12/15/2021 | read cp email | Birgitta Croil | Birgitta Croil | Birgitta Croil | From: Dominique Woods <dominiquewoods316@yahoo.com><br>Sent: Wednesday, December 15, 2021 2:58 PM<br>To: Croil, Birgitta@DFEH <Birgitta.Croil@dfeh.ca.gov><br>Subject: Regarding declined mediation from respondent<br><br>[EXTERNAL] This email originated from outside DFEH. Do not click links or open attachments unless you recognize the sender and know the content is safe.<br>Hello Miss Birgitta,<br>I received an email stating that the respondents decided to decline the mediation process I was wondering if that means that they have 21 days to comply with the process of the investigation?<br>Sent from Yahoo Mail on Android |
| 12/15/2021 | returned cp call about when the response is due | | Birgitta Croil | Birgitta Croil | |
| 12/14/2021 | emailed rp rep ODR | Birgitta Croil | Birgitta Croil | Birgitta Croil | From: Croil, Birgitta@DFEH<br>Sent: Tuesday, December 14, 2021<br>To: Tovar, Laura <LTovar@littler.com><br>Cc: Fish, John C. <JFish@littler.com><br>Subject: RE: Dominique Woods v. Gary D. Nelson Associates, Case No. 202107-14135712 - Request for Extension to Respond |
| 12/09/2021 | | | Birgitta Croil | Birgitta Croil | |
| 11/17/2021 | file review - USPS delivery | Birgitta Croil | Birgitta Croil | Birgitta Croil | |
| 11/15/2021 | | | Birgitta Croil | Birgitta Croil | |
| 11/12/2021 | filed, eeoc, supplemental questions, afs | Birgitta Croil | Birgitta Croil | Birgitta Croil | |
| 11/10/2021 | cplt language, case outline, adobe | Birgitta Croil | Birgitta Croil | Birgitta Croil | |
| 11/10/2021 | called cp and left message to sign cplt | Birgitta Croil | Birgitta Croil | Birgitta Croil | |

| Date | Activity | | | Description |
|---|---|---|---|---|
| 11/09/2021 | | | | |
| 11/08/2021 | | | | |
| 11/05/2021 | C/P call in | Gerardo Rojas | Gerardo Rojas | C/P called in regarding an appeal and then asked to speak with the analyst because she is passed the 10 days. |
| 11/05/2021 | emailed NOIC | Birgitta Croil | Birgitta Croil | From: Croll, Birgitta@DFEH<br>Sent: Tuesday, October 5, 2021 3:23 PM<br>To: dominiquewoods316@yahoo.com<br>Subject: Notice of Intake Form Closure – Rejected Intake 202107-14135812 Dominique Woods / Gary D Nelson Associates<br><br>Hello Dominique Woods<br><br>I have attached your Notice of Intake Form Closure. |
| 10/05/2021 | Interview | Birgitta Croil | Birgitta Croil | |

| Date | Matter | Author | | |
|---|---|---|---|---|
| 04/27/2022 | DFEH MATTER 202107-14135812 Woods/Gary D. Nelson Associates NOTICE OF CASE CLOSURE/RIGHT-TO-SUE | Umi, Shawna@DFEH | | 3 |

Attached is the Notice of Case Closure/right-to-sue for the above case.

Sincerely,

Shawna Umi, FEH Consultant III (Specialist)

Department of Fair Employment and Housing

Enforcement Division-Riverside

State of California Business, Consumer Services, and Housing Agency

2218 Kausen Drive Suite 100, Elk Grove, California 95758

| 04/27/2022 | DOMINIQUE WOODS REQUEST FOR AUTHORIZATION FOR RIGHT TO SUE NOTIFICATION | Dominique Woods | 1 | CALIFORNIA'S CIVIL RIGHTS AGENCY<br><br>Email: shawna.umi@dfeh.ca.gov <mailto:shawna.umi@dfeh.ca.gov><br><br>Phone: 916.215.1386 |
| 04/27/2022 | Re: DFEH MATTER 202107-14135812 Woods/Gary D. Nelson Associates | Dominique Woods | 1 | [EXTERNAL] This email originated from outside DFEH. Do not click links or open attachments unless you recognize the sender and know the content is safe.<br><br><https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1v8z0000000jDAAV><br><br>HELLO AND GOOD AFTERNOON,<br>I HAVE DECIDED TO PERSUE MY LEGAL OPTIONS. I WOULD LIKE TO REQUEST A COPY OR PRINT OUT OF THE EMPLOYER'S RESPONCE AS WELL AS THE AUTHORIZATION NOTIFICATION OF RIGHT TO SUE NOTIFICATION LETTER.<br><br>THANK YOU FOR ALL OF YOUR ASSISTANCE. I FEEL THE STATUE OF LIMITATIONS IS COMING UP IN JUNE 2022. I JUST WANTED TO ASK FOR HELP TO UNDERSTAND WHY I WAS TREATED THAT WAY. TO WHICH THE REASON GIVEN IS FABRICATED DUE TO MY EVIDENCE PROVING THE ACKNOWLEDGMENT OF THE HEALTH CONDITION INCLUDED WITH MY WORK CAPACITY LIMIT.<br><br>PLEASE CONTACT ME WITH ANY INFORMATION NEEDED OR INQUIRED FOR CASE CLOSURE. THANK YOU AGAIN AND GOOD JOURNEY.<br><https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1v8z0000000jWXAAY><br>Yahoo Mail Stationery <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1v8z0000000jWYAAY><br><br>[EXTERNAL] This email originated from outside DFEH. Do not click links or open attachments unless you recognize the sender and know the content is safe.<br><br><https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1v8z0000000jDAAV><br><br><https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1v8z0000000jEAAY><br>Yahoo Mail Stationery <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1v8z0000000jFAAY> |

On Wednesday, April 27, 2022, 08:12:29 AM PDT, Umi, Shawna@DFEH <shawna.umi@dfeh.ca.gov> wrote:

Good morning Dominique,

Thank you for taking the time to speak with me this morning. Please provide the voicemail message from Jimmy and any email correspondence you may have as well pertaining to this case.

Kind regards,

Shawna Umi, FEH Consultant III (Specialist)

Department of Fair Employment and Housing

Enforcement Division-Riverside

State of California Business, Consumer Services, and Housing Agency

2218 Kausen Drive Suite 100, Elk Grove, California 95758

Phone: 916.215.1386

Email: shawna.umi@dfeh.ca.gov <mailto:shawna.umi@dfeh.ca.gov>

CALIFORNIA'S CIVIL RIGHTS AGENCY

_____

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate

| Date | Subject | From | # | Content |
|---|---|---|---|---|
| 04/12/2022 | 150 Day Notice – DFEH Case No. 202107-14135812 Woods / Gary D Nelson Associates | Grano, Clarisa@DFEH | 3 | applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.<br><br>Please mail out the attached letter to the address below,<br><br>Dominique Woods<br>19576 Day St.<br>Perris, CA 92570<br><br>Thank you,<br><br>Clarisa Grano<br>Office Technician<br>Department of Fair Employment and Housing<br>State of California | Business, Consumer Services and Housing Agency<br>2218 Kausen Drive, Suite 100<br>Elk Grove, California 95758<br>1-916-708-5004<br>Fax: (888)519-5917 |
| 11/15/2021 | NOF - DFEH Case No. 202107-14135812 Woods / Gary D Nelson Associates | Holmes, Brant@DFEH | 3 | CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.<br><br>Please mail a copy of the NOF, complaint (minus the cover page) and EEOC 131 to the following AFS:<br><br>Cogency Global Inc. (C2003899)<br>Agent for Service for: Gary D Nelson Associates<br>1325 J Street, Suite 1550<br>Sacramento, CA 95814<br><br>Certified Mail: |

| 11/08/2021 | DFEH Appeals Unit Response - Woods/Gary D. Nelson Associates (DFEH No. 202107-14135812) | DFEH, Appeals | 1 | Thank you,<br><br>Brant Holmes<br>Office Technician<br>Department of Fair Employment and Housing<br>State of California | Business, Consumer Services and Housing Agency<br>2218 Kausen Drive, Suite 100<br>Elk Grove, California 95758<br>916-201-5470<br>Fax: (888)519-5917<br><br>―――――――――<br><br>CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.<br><br>―――――――――<br><br>Dear Dominique Woods,<br><br>DFEH No. 202107-14135812<br><br>Case name: Woods/Gary D. Nelson Associates<br><br>The DFEH Appeals Unit is in receipt of your 11/08/2021, 3:27 a.m. email requesting an appeal. DFEH system records indicate the above-referenced case was rejected at intake on 10/05/2021. Your appeal request for the above-referenced case has been forwarded to Ms. Stephanie Watts. Please forward further information for the above-referenced case to Ms. Watts directly at Stephanie.Watts@dfeh.ca.gov <mailto:Stephanie.Watts@dfeh.ca.gov>.<br><br>Thank you, |

Lisa Madrigal

Lisa Madrigal | Associate Governmental Program Analyst

California Department of Fair Employment and Housing

2218 Kausen Drive | Suite 100 | Elk Grove | California | 95758

Telephone (Main Line): 1.800.884.1684 | Email: Lisa.Madrigal@dfeh.ca.gov
<mailto:Lisa.Madrigal@dfeh.ca.gov>

CALIFORNIA'S CIVIL RIGHTS AGENCY

From: Dominique Woods <dominiquewoods316@yahoo.com>
Sent: Monday, November 8, 2021 3:26 AM
To: DFEH, Appeals <Appeals@dfeh.ca.gov>
Subject: DOMINIQUE WOODS CASE NUMBER 202107-14135812 REQUEST TO APPEAL
REJECTION DECISION.

[EXTERNAL] This email originated from outside DFEH. Do not click links or open attachments
unless you recognize the sender and know the content is safe.

<https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1v0000001UPEIAAO>

DOMINIQUE WOODS

19576 DAY ST

PERRIS, CA , 92570

dominiquewoods316@yahoo.com <mailto:dominiquewoods316@yahoo.com>

(951)238-1591 HOME TELEPHONE NUMBER

CASE # 202107-14135812

TO WHOM THIS MAY CONCERN,

PLEASE EXCEPT THIS DELAYED REQUEST TO APPEAL THE DICISION OF REJECTION FOR MY CASE. THERE WAS NO INFORMATION ON THE INTAKE NOTES ON HOW TO APPEAL. ALSO I BELIEVED I WOULD RECEIVE THE INFORMATION IN THE MAIL.

I BELIEVE MY CASE SHOULD REMAIN OPEN DUE TO SOME OF THE INFORMATION ON THE INTAKE WAS INCORRECT AND OR MISSING SPECIFIC EVIDENCE I BELIEVE WILL ASSIT ME IN MY DEFENCE. ALSO CALIFORNIA LAWS THAT HAVE BEEN MISAPPLIED TO MY CASE DUE TO OUR CURRENT WORLD PANDEMIC OF COVID-19 VIRUS.

FIRST I DO BELIEVE I AM A MEMBER OF A PROTECTED CLASS DUE TO MY DISABILITY AND UNDERLYNING HEALTH CONDITIONS THAT PUTS ME AT HIGH RISK WITH A SEVERE ILLNESS TO COVID-19 VIRUS ACCORDING TO THE CDC.

( PLEASE VIEW EVIDENCE OF HISTORY OF MEDICAL CONDITIONS.)

DATES ENTERED AS ABSENCES NO CALL NO SHOW WERE INCORRECT. I DID HAVE PERMISSION FROM THE START ON MAY 25, 2021 TO ENGAGE INTO A PROTECTED ACTIVITY.

NOW UNLESS IT'S OK FOR AN EMPLOYER TO RESCIND THE ACCOMADTION. I FEEL THAT SHOULD NOT COUNT TOWARDS UNEXCUSED. ALSO I DID CALL SEVERAL TIMES THAT WAS NOT ENTERED TO THE INTAKE OR NOTED. THE WITNESS I SUBMITTED WAS JIMMY B FROM HUMAN RESOURCES, WHO WAS MY REP DURING THIS WHOLE PROCESS. I GAVE HER HIS INFORMATION ALREADY.

I TOLD HER I DID GO TO PHYSICAL THERAPY FOR THE DATES OF ABSENCE. ALTHOUGH THE NOTE WAS NO LONGER NEEDED. I ASKED HER IF I COULD STILL GET THEM FOR HER. I GUESS IT WAS NOT AN OPTION. MY DOCTORS NOTE WAS FOR 06/21/2021 FOR TREATMENT FOR THE ABSENCE OF MAY 25,2021. THIS WAS MISAPPLIED REQUIREMENT THAT SHOULD HAVE NOTED IN THE INTAKE. (PLEASE SEE EVIDENCE ATTACHMENTS)

I WAS FIRED ON ONE OF THE DAYS THE INTAKE STATED UNEXCUSED ABSENCE NO CALL NO SHOW WHICH IS INCORRECT DUE TO MY CONVERSATIONS IN THE MORNING WITH A REP THAT GRANTED APPROVAL TO CONTINUE WITH APPOINTMENT. NO ONE MENTION ANYTHING ABOUT MY EMAILED DOCTOR NOTES NOT BEING SUFFICIENT AND 3 HOURS LATER WITH A DIFFERENT REP WHO FIRED ME. REGARDLESS OF MY EFFORTS TO EXPLAIN I WAS IN COMPLIANCE BY COMMUNICATING WITH HUMAN RESOURCES JUST AS BEFORE.

( PLEASE SEE INTAKE NOTES FOR EVIDENCE.)

THE EMPLOYER HAD PRIOR KNOWLEDGE OF THE KNOWN DISABILITY DUE TO SEVERAL GRANTED APPROVALS FOR A REQUEST FOR A REASONABLE ACCOMADTIONS.

(PLEASE SEE EVIDENCE ATTACHMENTS)

THE INTAKER DISREGARDED MY EVIDENCE OF PHYSICAL THERAPY DOCUMENT I EMAILED TO NELSON ON MAY 29,2021. DATED 01/26/2021 ( PLEASE SEE EVIDENCE ATTACHMENTS)

ON THE INTAKE NOTES STATING I NEVER WENT TO THE HOSPITALS OR CLINICS. THATS BECAUSE I NEED TO SEE A SPECIALIST IN THE FIELD OF MY DISABILITY. NOT JUST ANY DOCTOR.

MY DOCTOR WAS NOT QUALIFIED TO APPROVE ME TO RETURN TO WORK OR TAKE ME OFF DUE TO HIS POSITION AS A PRIMARY DOCTOR. NOT A SPINE DOCTOR OR THERAPIST.

THERE WAS NO WARNING OR REPRIMANDS OR INTERACTIVE PROCESS TO ASSIST ME.

I THOUGH IT WAS REQUIRED FOR AN EMPLOYER TO INFORM AN EMPLOYEE WHEN DOCUMENTS ARN'T SUFFIENT ENOUGH AND TO DISCUSS OTHER POSSIBLE ALTERNATIVE REMEDIES .

I WAS DENIED THE OPPORTUNITY TO SHOW MY EVIDENCE TO DEFEND MYSELF. WHY? I DON'T KNOW.

THE MISCONDUCT PRECIEVED BY THE EMPLOYER WAS MERELY A GOOD FAITH ERROR IN JUDGEMENT BYT NOT CALLING THE ATTENDENCE LINE. I WAS UNDER THE IMPRESSION OF AN IMPLIED AGREEMENT AS BEFORE FOR ALL THE OTHER REQUEST, OTHERWISE A LEGALLY TUE LEAVE OF ABSENCE BY CALIFORNIA STATE LAWS.

ACCORDING TO DFEH AND EEOC AND THE CDC AND OTHER STATE AND GOVERNMENT AUTHORITIES. THERE WAS ENFORCEMENT GUIDLINES FOR EMPLOYERS IMPLIMENT PROCEDURES TO BE IN COMPLIANCE WITH NONDISCRIMINATORY LAWS, INCLUDING RECOMMEDATIONS TO WAIVE SUCH REQUIREMENTS DUE TO THE CURRENT WORLD EMERGENCY COVID-19 VIRUS EFFECTING ARE WAY OF LIFE BY SOCIAL DISTANCING, CALIFORNIA SHUT DOWN OF BUSINESS, CAPAITY LIMITS FOR FACILITIES AND OTHER NECESSARY SAFETY GUIDELINES. I BELIEVE IF THE IMPLEMENTATION TO WARE A MASK IS REQUIRED . SO SHOULD THE IMPLEMENTATION TO EXTENDED CERTAIN REQUIREMENTS UNTIL NEEDED DUE TO THE IMPRACTICABILITY OF DOCTORS BEING BUSY TREATING COVID-19 PATIENTS AND THEIR SAFTY AS WELL.

THE COMPANY WAS AWARE OF MY DISABILITY FROM 09/2020. AS SEEN IN MY EVIDENCE FOR WORK CAPCITY LIMITS. ALSO THE DOCUMENT THAT STATED I WOULD NEED PHYSICAL THERAPY AND MEDS AS A TREAMENT FOR MY DISABILITY.

(PLEASE SEE EVIDENCE ATTACHED DOCUMENTS)

IN CLOSING I BELIEVED THE LAWS ARE TO HELP PROTECT EMPLOYEES FROM DISCRIMINATION. ALTHOUGH I FEEL I WAS DISREGARDED AGIN AS WITH NELSON.

I BELIEVED THE DUTY TO ACCOMADATE AN EMPLOYEE WITH THERE DISABILITY IS AN ONGOING DUTY.

I ALSO BELIEVE IF THERE WAS AN UNLAWFUL EMPLOYMENT PRACTICE FOUND OR ACKNOWLEDGE. DFEH WOULD USE THE WINDOW TO DELIVER JUSTICE. WHY IS MY CASE DIFFERENT FROM WHAT YOU SAY WHO YOU PROTECT?

I DO HAVE OTHER EVIDENCE BUT IT WILL NOT LET ME SEND ALL OF THE DOCUMENTS.

SO I WILL INCLUDE THE MAIN ONES.

THANK YOU AND PLEASE CONTACT IF ANY INQUIRES.

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          DOMINIQUE WOODS

<https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=0Sa1vt000001VFQ5AAO>

Yahoo Mail Stationery <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=0Sa1vt000001VFQ6AAO>

Download all attachments as a zip file <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=0Sa1vt000001VFQ7AAO>

*          <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=0Sa1vt000001VFQ8AAO>

2021-11-07_001404.pdf <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFQ8AAO>

664.8kB <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFQ8AAO>

* <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFQ9AAO>

1 A.).pdf <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFQ9AAO>

1.1MB <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFQ9AAO>

* <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFQAAA4>

2021-11-04_031312 EVIDENCE OF WORK RESTRICTIONS 2021.pdf <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFQAAA4>

1.5MB <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFQAAA4>

* <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFQBAA4>

Enforcement-Guidance-on-Reasonable-Accommodation (1).pdf <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFQBAA4>

970.9kB <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFQBAA4>

* <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFQCAA4>

INDEX OF ATTACHMENTS OF EVIDENCE.pdf <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFCQCAA4>

16.2kB <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFCQCAA4>

* <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFCDQAA4>

Document_2021-11-07_002355.pdf <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFCDQAA4>

650.8kB <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFCDQAA4>

* <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFQEAAA4>

Document_2021-11-05_180428 EVIDENCE FOR APPEAL DECISIONS TO REJECT AND DISQUALIFY 11 05 2021.pdf <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFQEAAA4>

1.3MB <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFQEAAA4>

* * * * * <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFQFAAA4>

Yahoo Mail Stationery <https://ca-dfeh.my.salesforce.com/apex/AFSC__UrlCheck?id=05a1vt0000001VFQGAAA4>

<https://pclick.internal.yahoo.com/p/s=1197769629&t=qVvyLzQyVO>

| Date | Subject | Sender | # | Message |
|---|---|---|---|---|
| 10/04/2021 | 1 Day Reminder - You have a DFEH Intake Appointment tomorrow, on October 5, 2021 | DoNotReply | 3 | Hello Dominique Woods,<br><br>This is a friendly reminder that you currently have a scheduled telephonic intake interview for DFEH Case 202107-14135812 on October 5, 2021 between the hours of 10AM-11AM.<br><br>If you have questions before your appointment, please contact the department's Communications Center for support at 800-884-1684 (voice) and 800-700-2320 (TTY).<br><br>Thank you,California Department of Fair Employment and Housing |
| 09/30/2021 | 5 Day Reminder - Upcoming DFEH Intake Appointment on October 5, 2021 | DoNotReply | 3 | Hello Dominique Woods,<br><br>This is a friendly reminder that you currently have a scheduled telephonic intake interview for DFEH Case 202107-14135812 on October 5, 2021 between the hours of 10AM-11AM.<br><br>If you have questions before your appointment, please contact the department's Communications Center for support at 800-884-1684 (voice) and 800-700-2320 (TTY).<br><br>You can reschedule appointments up to 5 days before the appointment date.<br><br>Thank you,California Department of Fair Employment and Housing |
| 07/15/2021 | Confirmation of Submittal | Cal Civil Rights System | 3 | Matter ID: 202107-14135812<br><br>Thank you for contacting the California Department of Fair Employment and Housing (DFEH or Department). This correspondence confirms that you have submitted an intake Form.<br><br>You will be contacted on your scheduled appointment date and time 10/5/2021 10AM-11AM to conduct a telephone intake interview. Please allow approximately one hour for the interview. The information discussed during the interview will assist the Department representative in determining whether a complaint will be accepted for investigation.<br><br>The Department's authority only extends to violations of the Fair Employment and Housing Act, Unruh Civil Rights Act, Ralph Civil Rights Act and Disabled Persons Act. Other labor and employment laws are enforced by other agencies. If the Department is unable to assist you, we will attempt to refer you to other agencies that may be able to address your concerns.<br><br>The information provided to the Department is subject to the Department's privacy policy and the California Public Records Act, Government Code section 6250 et seq.<br><br>Sincerely,<br><br>Department of Fair Employment and Housing |

## Expenses

| Record # | Expense Date | Expense Type | Expense Amount | Description |
|----------|--------------|--------------|----------------|-------------|

Letter of Assignment

From:   Rachel Te'O (rteo@nelsonstaffing.com)

To:   dominiquewoods316@yahoo.com

Cc:   coupang@nelsonjobs.com

Date:   Tuesday, June 8, 2021, 11:13 AM PDT

Hello Dominique,

Please see attached for the Letter of Length of assignment.

Kind Regards,

Rachel Te'o | Program Coordinator

**NELSON**

Office Line: 951.880.9953

Cell Phone: 808.382.0947

Email:

This email has been scanned for email related threats and delivered safely by Mimecast. For more information please visit

1235_001.pdf
25.5kB

**Earnings Statement**

# NELSON

*Gary D Nelson Associates, Inc*
*19080 Lomita Ave*
*Sonoma, CA 95476*
*1-866-466-3576*

| | |
|---|---|
| Page | 001 of 001 |
| Period Beg/End: | 05/16/2021 - 05/22/2021 |
| Advice Date: | 05/27/2021 |
| Advice Number: | 0000873861 |
| Batch Number: | 000000004093 |

Federal Filing Status: S
State Filing Status: S
Exemptions
Fed: 0 , State: 0
Basis of Pay: Hourly
SSN ▓▓▓▓▓

**Woods,Dominique**
**19576 DAY ST**
**PERRIS,  CA 92570**

Assignment/Client:CoupangGlobal LLC
Assignment/Client  Address:1560 Sierra Ridge
Assignment/City/State/Zip:Riverside/CA/92507
Work Week: 05/16/2021-05/22/2021

| Earnings | Rate | Hours | Gross Wages | Year-to-Date |
|---|---|---|---|---|
| Regular Pay | 18.0000 | 16.33 | 293.94 | 2998.44 |
| **Subtotal:** | | **16.33** | **293.94** | |

| YTD Earnings | YTD Rts | YTD Hours | YTD Gross | YTD Expenses |
|---|---|---|---|---|
| Regular Pay | 18.0000 | 166.58 | 2998.44 | 0.00 |
| Overtime | 27.0000 | 0.37 | 9.99 | 0.00 |
| Referral Bon | 0.0000 | 1.00 | 150.00 | 0.00 |
| Other - Emer | 18.0000 | 38.00 | 684.00 | 0.00 |
| **Subtotal:** | | **205.95** | **3842.43** | |

| Tax Deductions | This Period | Year-to-Date |
|---|---|---|
| CA | 2.68 | 22.86 |
| FDRL | 5.24 | 79.26 |
| FICA | 18.22 | 238.23 |
| MEDI | 4.27 | 55.72 |
| SDICA | 3.53 | 46.11 |

| Other Deductions | This Period | Year-to-Date |
|---|---|---|
| Garnishment | 0.00 | 38.71 |

| Leave Accruals | This Period | Balance Avail |
|---|---|---|
| CA Sick | 0.54 | 7.76 |
| Sick Time | 0.00 | 0.00 |

| Deposits | | Amount |
|---|---|---|
| Aline Payc *****7870 | | 260 |

| YTD Summary Totals: | Net | Hours | Tax Gross |
|---|---|---|---|
| | 3361.54 | 205.95 | 3842.43 |

| This Period | Hours | Net Pay | Gross Pay |
|---|---|---|---|
| | 16.33 | 260.00 | 293.94 |

© 2002 Automatic Data Processing / PGprint

# NELSON

**Gary D Nelson Associates,  Inc**
**19080 Lomita Ave**
**Sonoma,   CA 95476**
**1-866-466-3576**

| | |
|---|---|
| Advice  Number: | 0000873861 |
| Advice  Date: | 05/27/2021 |

THIS IS NOT A CHECK

**Deposited to the account of**

| | | Account Number | Transit ABA | Amount |
|---|---|---|---|---|
| Woods,Dominique | Aline Payc ▓▓▓▓ | | | $260.00 |



**Littler Mendelson, P.C.**
333 Bush Street
34th Floor
San Francisco, CA  94104


Laura Tovar
415.677.3121 direct
415.433.1940 main
415.655.1187 fax
ltovar@littler.com

January 20, 2022


**VIA EMAIL TO: (1) BIRGITTA.CROIL@DFEH.CA.GOV AND (2) CONTACT.CENTER@DFEH.CA.GOV**

Birgitta Croil
Associate Governmental Program Analyst Investigator
Department of Fair Employment & Housing
2218 Kausen Drive, Suite 100
Elk Grove, CA 95758

Re:     Dominique Woods v. Gary D. Nelson Associates
        DFEH Case No. 202107-14135812; EEOC Case No. 37A-2022-00379-C

Dear Investigator Croil:

This letter responds to the complaint filed with the DFEH by Dominique Woods ("Ms. Woods" or "Claimant") on November 10, 2021. Thank you again for extending the time for Gary D. Nelson Associates, Inc. ("Nelson") to submit this response to the above-refenced charge.[1]

Ms. Woods' Complaint is tainted with factual inaccuracies and conveniently omits relevant information. This letter will provide the full sequence of events for you.

First, please know Nelson is a family-run staffing firm, founded by Gary Nelson.  Nelson endeavors to find temporary job assignments for its pool of workers.

Nelson prohibits all forms of discrimination—including discrimination based on a person's disability—in accordance with applicable law. Nelson has clear policies prohibiting discrimination with clear instructions on how to report any such concerns. A copy of these relevant policies is attached as **Exhibit A**.

---

[1] This letter summarizes Nelson's current understanding of the facts.  It is not intended to set forth all facts possibly related to the Complaint and does not constitute an affidavit or binding statement of Nelson's legal position, nor is it intended to be used as evidence of any kind in any administrative, court, or arbitration proceeding.  Nelson in no way waives its right to present new or additional information at a later date, for substance or clarification.  Moreover, by responding to this Complaint, Nelson does not waive, and hereby preserves, any and all substantive and procedural defenses that may exist to the Complaint and Ms. Woods' allegations.  Nelson further requests that any efforts to contact its managers or employees be directed through me as legal counsel.

littler.com



Birgitta Croil
January 20, 2022
Page 2

Dominique Woods applied for temp work through Nelson. *See* Ms. Woods' employment application at **Exhibit B**.

On September 1, 2020, Nelson offered—and Ms. Woods accepted—temporary employment as an inventory associate (more commonly known as a "Packer") to work with its client, Coupang, at Coupang's warehouse in Riverside, California.

Coupang is often described as "the Amazon of South Korea." Indeed, Coupang's very large warehouse in Riverside is filled with a wide variety of products to be picked, packed, and shipped to South Korea. The warehouse operates 24 hours a day and 7 days a week. It is a busy place.

Like Amazon, Coupang delivers products to customers quickly. Accordingly, Coupang relies heavily on its workers to come to work and complete their assignments on a timely basis. Failing to do so requires Coupang to scramble to find a replacement to get the work done. What is especially troubling to Coupang is when workers provide no advance notice—they just do not show up for their assigned shift (known as a "no call/no show"). This puts a huge strain on the other workers and the business. To this end, Coupang has implemented a clear attendance policy which in part requires employees to call a hotline in advance of any absence. The policy provides:

> "As a temporary employee, you are expected to be punctual and regular in attendance. Our client depends on every single individual scheduled in order to meet their production needs. A poor attendance record based on habitual unexcused absences or tardiness may result in disciplinary action, up to and including, termination of your assignment."

The policy further provides:

> "**No Call/No Show**: Employees must report their absence or tardiness each day; failure to do so prior to 2 hours before the scheduled shift start time is considered a no/call no show (even if a call is made after the 2-hour mark). Any employee who fails to call in and does not report to work on 2 occasions is considered to be VOLUNTARILY ending their assignment.
>
> **REPORTING REQUIREMENTS:** Employees must call the attendance line 2 hours before the scheduled shift start time, or this will be considered a no show/no call."

A complete copy of this policy is attached as **Exhibit C**.

This policy is disseminated to all employees at the time of hire. Ms. Woods acknowledged receipt of this policy on September 2, 2020. *See* Exhibit C. Coupang relies on Nelson to enforce this policy.

Birgitta Croil
January 20, 2022
Page 3



Ms. Woods, however, had attendance issues throughout her short tenure and almost from the very start. But Nelson was patient. Nelson reminded Ms. Woods of the policy requirements—especially the advance notice requirements—and gave her many chances.  She was very familiar with the policy.

Eventually, however, enough was enough as Nelson decided to end Ms. Woods' assignment after she accumulated <u>four</u> "no call/no shows" as well as other questionable conduct between May 25 to June 3, 2021. A full chronology is outlined as follows:

- <u>Tuesday, May 25</u>: Ms. Woods was scheduled to work but left early citing "personal reasons."

- <u>Wednesday, May 26</u>: Ms. Woods was scheduled to work, but called off because she said she was waiting for "clearance."[2]

- <u>Thursday, May 27</u>: Ms. Woods was scheduled to work, but called off because she still did not have a doctor's note.

- <u>Friday, May 28</u>: Ms. Woods was scheduled to work, but called off because she still did not have a doctor's note.

- <u>Saturday, May 29</u>: Ms. Woods was scheduled to work but failed to call the attendance line, resulting in a **no call/no show**.

- <u>Tuesday, June 1</u>: Ms. Woods was scheduled to work but failed to call the attendance line, resulting in a **no call/no show**.

- <u>Wednesday, June 2</u>: Ms. Woods was scheduled to work but failed to call the attendance line, resulting in a **no call/no show**.

- <u>Thursday, June 3</u>: Ms. Woods was scheduled to work but failed to call the attendance line, resulting in a **no call/no show**.

Pursuant to Coupang's attendance policy (*see* Exhibit C), wherein <u>two</u> no call/no shows warrants termination, Nelson ended Ms. Woods' assignment with Coupang on June 3, 2021, after <u>four</u> no call/no shows.  Four no call/no shows were twice the limit set forth in Coupang's policy and, if anything, shows Nelson was extra patient/lenient with Ms. Woods.  Nelson's hope here was that Ms. Woods would comply with the policy and do a good job.  Nelson was not looking for a reason to end her assignment, just the opposite, but once Ms. Woods got to four no call/no shows, Nelson could not look the other way any longer.

---

[2] Coupang implemented a Covid-19 safety protocol at the outset of the pandemic. Under this protocol, and in an abundance of caution, an employee who calls out sick must submit a doctor's note or negative Covid-19 test before returning to work.



Birgitta Croil
January 20, 2022
Page 4

What is also missing from Ms. Woods' Complaint is the fact she made no request for medical leave or a request for a reasonable accommodation due to a "disability" at any point during her assignment, or the days leading up to the end of her assignment. Indeed, Ms. Woods' Complaint is based on a "perceived" disability which implies she in fact does not even have a "disability."

As explained above, Nelson really had no choice but to end Ms. Woods' assignment based on her failure to follow the Coupang attendance policy—a policy she knew well. And there is simply nothing to suggest a discriminatory motive as she never once indicated she suffered from a disability, much less, requested a medical leave or a reasonable accommodation. Indeed, even her Complaint does not identify or allege she has a "disability" as a matter of law.

<u>Conclusion</u>

Ms. Woods' "disability" discrimination claim is a red herring. Indeed, she did not have a "disability" nor did she ever request a medical leave.

The truth is Ms. Woods' assignment ended because she violated the attendance policy again, and again, and again.  She was given second, third and more chances to comply, but she failed to do so.  Eventually, enough was enough.  There are consequences for her actions, and she has no basis—factually or legally— to blame anyone but herself.

Accordingly, Nelson respectfully requests that the DFEH dismiss Ms. Woods' claims.

Sincerely,

Laura Tovar

LT/
Enclosures

4879-1583-4629.2 / 014358-1144

littler.com



**Littler Mendelson, P.C.**
333 Bush Street
34th Floor
San Francisco, CA  94104

Laura Tovar
415.677.3121 direct
415.433.1940 main
415.655.1187 fax
ltovar@littler.com

January 20, 2022

**VIA EMAIL TO: (1) BIRGITTA.CROIL@DFEH.CA.GOV AND (2) CONTACT.CENTER@DFEH.CA.GOV**

Birgitta Croil
Associate Governmental Program Analyst Investigator
Department of Fair Employment & Housing
2218 Kausen Drive, Suite 100
Elk Grove, CA 95758

Re:     Dominique Woods v. Gary D. Nelson Associates
        DFEH Case No. 202107-14135812; EEOC Case No. 37A-2022-00379-C

Dear Investigator Croil:

This letter responds to the complaint filed with the DFEH by Dominique Woods ("Ms. Woods" or "Claimant") on November 10, 2021. Thank you again for extending the time for Gary D. Nelson Associates, Inc. ("Nelson") to submit this response to the above-refenced charge.[1]

Ms. Woods' Complaint is tainted with factual inaccuracies and conveniently omits relevant information. This letter will provide the full sequence of events for you.

First, please know Nelson is a family-run staffing firm, founded by Gary Nelson.  Nelson endeavors to find temporary job assignments for its pool of workers.

Nelson prohibits all forms of discrimination—including discrimination based on a person's disability—in accordance with applicable law. Nelson has clear policies prohibiting discrimination with clear instructions on how to report any such concerns. A copy of these relevant policies is attached as **Exhibit A.**

---

[1] This letter summarizes Nelson's current understanding of the facts.  It is not intended to set forth all facts possibly related to the Complaint and does not constitute an affidavit or binding statement of Nelson's legal position, nor is it intended to be used as evidence of any kind in any administrative, court, or arbitration proceeding.  Nelson in no way waives its right to present new or additional information at a later date, for substance or clarification. Moreover, by responding to this Complaint, Nelson does not waive, and hereby preserves, any and all substantive and procedural defenses that may exist to the Complaint and Ms. Woods' allegations.  Nelson further requests that any efforts to contact its managers or employees be directed through me as legal counsel.

littler.com

Birgitta Croil
January 20, 2022
Page 2



Dominique Woods applied for temp work through Nelson. *See* Ms. Woods' employment application at **Exhibit B**.

On September 1, 2020, Nelson offered—and Ms. Woods accepted—temporary employment as an inventory associate (more commonly known as a "Packer") to work with its client, Coupang, at Coupang's warehouse in Riverside, California.

Coupang is often described as "the Amazon of South Korea." Indeed, Coupang's very large warehouse in Riverside is filled with a wide variety of products to be picked, packed, and shipped to South Korea. The warehouse operates 24 hours a day and 7 days a week. It is a busy place.

Like Amazon, Coupang delivers products to customers quickly. Accordingly, Coupang relies heavily on its workers to come to work and complete their assignments on a timely basis. Failing to do so requires Coupang to scramble to find a replacement to get the work done. What is especially troubling to Coupang is when workers provide no advance notice—they just do not show up for their assigned shift (known as a "no call/no show"). This puts a huge strain on the other workers and the business. To this end, Coupang has implemented a clear attendance policy which in part requires employees to call a hotline in advance of any absence. The policy provides:

> "As a temporary employee, you are expected to be punctual and regular in attendance. Our client depends on every single individual scheduled in order to meet their production needs. A poor attendance record based on habitual unexcused absences or tardiness may result in disciplinary action, up to and including, termination of your assignment."

The policy further provides:

> "**No Call/No Show**: Employees must report their absence or tardiness each day; failure to do so prior to 2 hours before the scheduled shift start time is considered a no/call no show (even if a call is made after the 2-hour mark). Any employee who fails to call in and does not report to work on 2 occasions is considered to be VOLUNTARILY ending their assignment.
>
> **REPORTING REQUIREMENTS:** Employees must call the attendance line 2 hours before the scheduled shift start time, or this will be considered a no show/no call."

A complete copy of this policy is attached as **Exhibit C**.

This policy is disseminated to all employees at the time of hire. Ms. Woods acknowledged receipt of this policy on September 2, 2020. *See* Exhibit C. Coupang relies on Nelson to enforce this policy.

littler.com

# ■ DFEH Employment Information on COVID-19



## EMPLOYEES WITH COVID-19 SYMPTOMS OR INFECTION

■ **How much information may an employer request from employees who report feeling ill at work?**

Employers may ask employees if they are experiencing COVID-19 symptoms, such as fever, chills, coughing, or a sore throat. That is because, consistent with guidance from the EEOC, an employee with COVID-19 is unable to perform the employee's essential duties in a manner that would not endanger the health or safety of others in the workplace even with reasonable accommodation there. Employers must keep confidential any employee health information obtained, including keeping employee medical files separate from the employee's personnel file. See FAQ below for further information about what an employer may disclose if an employee tests positive for COVID-19 or is quarantining because of possible infection.

■ **May an employer send employees home if they display COVID-19 symptoms?**

Yes. The CDC states that employees who become ill with symptoms of COVID-19 at work should leave the workplace. Employers may send employees who exhibit COVID-19 symptoms home for the reasons stated in the previous FAQ. Employers must provide paid sick leave and compensate the employee under paid sick leave laws. If sick leave is exhausted, employees may be entitled to other paid leave (including vacation or paid time off) or job-protected unpaid leave.

■ **May an employer send employees home if they test positive for COVID-19?**

Yes. According to the CDC, "[p]ositive test results using a viral test indicate that the employee has COVID-19 and should not come to work and should isolate at home. Decisions to discontinue home isolation for workers with COVID-19 and allow them to return to work may follow either a symptom-based, time based, or a test-based strategy." Employers must maintain all test results as a confidential medical record.

■ **What information may an employer reveal if an employee is quarantined, tests positive for COVID-19, or has come in contact with someone who has the virus?**

Employers should not identify any such employees by name in the workplace to ensure compliance with privacy laws. If an employee tests positive for or is suspected to have COVID-19, the employer will need to follow the most current local, state, or federal public health orders and guidance. Employers should take further steps at the direction of public health authorities that may include closing the worksite, deep cleaning, and permitting or requiring telework.

Employers may notify affected employees in a way that does not reveal the personal health-related information of an employee. For example, the employer could speak with employees or send an email or other written communication stating : "[Employer] has learned that an employee at [office location] tested positive for the COVID-19 virus. The employee received positive results of this test on [date]. This email is to notify you that you have potentially been exposed to COVID-19 and you should contact your local public health department for guidance and any possible actions to take based on individual circumstances."

Employers may not confirm the health status of employees or communicate about employees' health.

Birgitta Croil
January 20, 2022
Page 3



Ms. Woods, however, had attendance issues throughout her short tenure and almost from the very start. But Nelson was patient. Nelson reminded Ms. Woods of the policy requirements—especially the advance notice requirements—and gave her many chances.  She was very familiar with the policy.

Eventually, however, enough was enough as Nelson decided to end Ms. Woods' assignment after she accumulated <u>four</u> "no call/no shows" as well as other questionable conduct between May 25 to June 3, 2021. A full chronology is outlined as follows:

- <u>Tuesday, May 25</u>: Ms. Woods was scheduled to work but left early citing "personal reasons."

- <u>Wednesday, May 26</u>: Ms. Woods was scheduled to work, but called off because she said she was waiting for "clearance."[2]

- <u>Thursday, May 27</u>: Ms. Woods was scheduled to work, but called off because she still did not have a doctor's note.

- <u>Friday, May 28</u>: Ms. Woods was scheduled to work, but called off because she still did not have a doctor's note.



- <u>Saturday, May 29</u>: Ms. Woods was scheduled to work but failed to call the attendance line, resulting in a **no call/no show**.



- <u>Tuesday, June 1</u>: Ms. Woods was scheduled to work but failed to call the attendance line, resulting in a **no call/no show**.

- <u>Wednesday, June 2</u>: Ms. Woods was scheduled to work but failed to call the attendance line, resulting in a **no call/no show**.



- <u>Thursday, June 3</u>: Ms. Woods was scheduled to work but failed to call the attendance line, resulting in a **no call/no show**.

Pursuant to Coupang's attendance policy (*see* Exhibit C), wherein <u>two</u> no call/no shows warrants termination, Nelson ended Ms. Woods' assignment with Coupang on June 3, 2021, after <u>four</u> no call/no shows.  Four no call/no shows were twice the limit set forth in Coupang's policy and, if anything, shows Nelson was extra patient/lenient with Ms. Woods.  Nelson's hope here was that Ms. Woods would comply with the policy and do a good job.  Nelson was not looking for a reason to end her assignment, just the opposite, but once Ms. Woods got to four no call/no shows, Nelson could not look the other way any longer.



---

[2] Coupang implemented a Covid-19 safety protocol at the outset of the pandemic. Under this protocol, and in an abundance of caution, an employee who calls out sick must submit a doctor's note or negative Covid-19 test before returning to work.



## ■ DFEH Employment Information on COVID-19

■ **May an employer require employees to submit to a medical test to detect the presence of the COVID-19 virus or antibodies to the virus before permitting employees to enter the workplace?**

Under the FEHA, an employer may mandate a medical examination when it is "job-related and consistent with business necessity." Applying this standard in light of present guidance from the CDC, and consistent with guidance from the Equal Employment Opportunity Commission, employers may require employees to submit to viral testing but not antibody testing before permitting employees to enter the workplace, as explained below.

*Viral Testing.* Employers may require that employees submit to viral testing in order to determine whether an employee has COVID-19 infection, before allowing an employee to enter the workplace. That is because an employee with COVID-19 is unable to perform the employee's essential duties in a manner that would not endanger the health or safety of others in the workplace even with reasonable accommodation there. Employers should ensure that the testing used is accurate and reliable, and that any viral testing is part of a comprehensive plan for reducing transmission of COVID-19 in the workplace. Employers should be aware that viral tests can have false-negative results and that a negative viral test does not mean that an employee will not acquire COVID-19 in the future.

*Antibody Testing.* The CDC's current guidance states that "[antibody] test results should not be used to make decisions about returning persons to the workplace." Whereas viral testing directly tests for the presence of COVID-19, antibody testing indirectly detects past or waning COVID-19 infection by testing for immune response. Antibody testing is less accurate and reliable than viral testing for detecting COVID-19 infection. In light of the CDC's current guidance, antibody testing does not currently meet the FEHA's requirement that a medical examination be "job-related and consistent with business necessity."



■ **May an employer ask employees why they have been absent from work if the employer suspects it is for a medical reason?**

Yes. Asking why an individual did not report to work is not a disability-related inquiry. An employer is entitled to ask why an employee has not reported for work. If an employee discloses an illness or medically-related reason for absence, employers must maintain that information as a confidential medical record.

■ **May an employer require its employees to wear personal protective equipment (e.g., face masks, gloves, or gowns) designed to reduce the transmission of COVID-19?**

Yes. An employer may require employees to wear personal protective equipment during the COVID-19 pandemic. However, where an employee with a disability needs a related reasonable accommodation (e.g., non-latex gloves or gowns designed for individuals who use wheelchairs), the employer should provide these, absent undue hardship.

Birgitta Croil
January 20, 2022
Page 4



What is also missing from Ms. Woods' Complaint is the fact she made no request for medical leave or a request for a reasonable accommodation due to a "disability" at any point during her assignment, or the days leading up to the end of her assignment. Indeed, Ms. Woods' Complaint is based on a "perceived" disability which implies she in fact does not even have a "disability."

As explained above, Nelson really had no choice but to end Ms. Woods' assignment based on her failure to follow the Coupang attendance policy—a policy she knew well. And there is simply nothing to suggest a discriminatory motive as she never once indicated she suffered from a disability, much less, requested a medical leave or a reasonable accommodation. Indeed, even her Complaint does not identify or allege she has a "disability" as a matter of law.

**Conclusion**

Ms. Woods' "disability" discrimination claim is a red herring. Indeed, she did not have a "disability" nor did she ever request a medical leave.

The truth is Ms. Woods' assignment ended because she violated the attendance policy again, and again, and again. She was given second, third and more chances to comply, but she failed to do so. Eventually, enough was enough. There are consequences for her actions, and she has no basis—factually or legally—to blame anyone but herself.

Accordingly, Nelson respectfully requests that the DFEH dismiss Ms. Woods' claims.

Sincerely,

Laura Tovar

LT/
Enclosures

4879-1583-4629.2 / 014358-1144

littler.com



**LEGAL AID AT WORK**

180 Montgomery Street, Suite 600
San Francisco, CA 94104-4244
T: 415 864 8848 | F: 415 593 0096
www.legalaidatwork.org

# Disabilities in the Workplace: Reasonable Accommodation

legalaidatwork.org/factsheet/disabilities-in-the-workplace-reasonable-accommodation

Skip to content

If you qualify as an employee with a disability, you may be entitled to a "reasonable accommodation" at work to enable you to perform your job and/or protect your health (See our Fact Sheet titled Disabilities in the Workplace: An Introduction to State and Federal Laws for general disability information). In California, employers with five or more employees must provide reasonable accommodations to employees and job applicants with disabilities under the Fair Employment and Housing Act ("FEHA"). Employers with fifteen or more employees must accommodate under the federal Americans with Disabilities Act ("ADA").

This fact sheet provides information about reasonable accommodations. It does not cover every employment situation but instead provides general guidance as to your rights to reasonable accommodations on the job.

## What is a reasonable accommodation?

Reasonable accommodations are changes made to a job or the workplace to enable an employee or job applicant to successfully perform the position's basic duties,to protect health, and to obtain the same benefits of employment as other workers. A reasonable accommodation does not change the essential functions of the job. Whether a particular accommodation request is reasonable depends upon the situation and the type of job. The accommodation, however, may not be unduly costly or disruptive for the employer (an **undue hardship**).

## Do I have to already be an employee to request a reasonable accommodation?

The ADA/FEHA applies equally to employees and job applicants. An employer must provide a reasonable accommodation to a qualified applicant with a disability that will enable the individual to have an equal opportunity to participate in the application process and to be considered for a job.

destruction would have a debilitating effect on security, economic security, public health or safety, or any combination thereof. I order that Californians working in these 16 critical infrastructure sectors may continue their work because of the importance of these sectors to Californians' health and well-being.

This Order is being issued to protect the public health of Californians. The California Department of Public Health looks to establish consistency across the state in order to ensure that we mitigate the impact of COVID-19. Our goal is simple, we want to bend the curve, and disrupt the spread of the virus.

The supply chain must continue, and Californians must have access to such necessities as food, prescriptions, and health care. When people need to leave their homes or places of residence, whether to obtain or perform the functions above, or to otherwise facilitate authorized necessary activities, they should at all times practice social distancing.

2) The healthcare delivery system shall prioritize services to serving those who are the sickest and shall prioritize resources, including personal protective equipment, for the providers providing direct care to them.

3) The Office of Emergency Services is directed to take necessary steps to ensure compliance with this Order.

4) This Order shall be enforceable pursuant to California law, including, but not limited to, Government Code section 8665.

Empire Law

(951) 400-0676   301 px

Inland County Legal Serv

Sanders Law Group

(951) 779 9660g

SCB met

vilimit law
(909) 632 2270   353 px

Rawar & Asso
(818) 230 - 8880   12:43 px
ask for

charles Domini 2 Mons
Artenmus CA   10:26 am
(510) 332         911

Lawren
employe law
graus

Oct 5, 2022

Cevil Rights

428 USC- 0411

Bremen
Evans
(979) 662 - 3025
235 - 4777

Erin Booch 2017
316

my legal
Read Ac

10
vouchers
or
attempts
for
count

**Subject**  Fully Executed Retainer Agreement
**To:**  [Dominique Woods <dominiquewoods316@yahoo.com>]
**From**  Tim Gonzales <tg@brockgonzales.com>
**Date**  Tue, Aug 24, 2021 at 1:12 PM

Hi Dominique. Attached please find the fully executed retainer agreement. Please keep a copy for your records. Thanks.


--Tim


**Timothy J. Gonzales, Esq.**

**Brock & Gonzales, LLP**

6701 Center Drive West, Ste. 610

Los Angeles, CA 90045

t: 310.294.9595 | f: 310.961.3673

tg@brockgonzales.com

www.brockgonzales.com





CONFIDENTIALITY NOTICE:

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited.  If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

1271 evidence coal

FOR SPECIFIC circumstances which may constitue
good cause for leaving work see section 1256-4 to 1256-23
of these regulations

(b) Good cause for leaving work.

1256-3
voluntary
leaving
work
cause

"When a substantial motivating
factor in causing the decision
to leave work at the time of
leaving, whether or not it is
connected is real, substantial and
compelling needs and would cause a
reasonable person generally
desirous of retaining employment
to leave employment to leave work
under the same circumstance"

## Re: Provided Doctor's note for Dominique Woods

From:  Aaron Brock (ab@brockgonzales.com)

To:    dominiquewoods316@yahoo.com

Cc:    lb@brockgonzales.com

Date:  Saturday, September 24, 2022 at 10:39 AM PDT

Ms. Woods,

It was nice speaking with you this morning.

This email will confirm that Brock & Gonzales, LLP will not move forward with a legal claim against Gary D. Nelson, Inc. In short, even if we were to win your case, the amount of money we can recover for you is so limited that it does not make sense exposing you to the risks of litigation.

Should you still wish to proceed with a legal claim, you must do so by April 27, 2023 or the claim will forever be time-barred.

I wish you the best in school and your new career.

Sincerely,
Aaron

---

**From:** Dominique Woods <dominiquewoods316@yahoo.com>
**Sent:** Friday, September 23, 2022 7:12 PM
**To:** Aaron Brock <ab@brockgonzales.com>
**Subject:** Provided Doctor's note for Dominique Woods

Hello  and Good Evening,

 I want to add this document into the evidence for proof of treatment  Referred for for the  Medical condition during the time  Frame of May 2021 through June 2021.

The document also States if there is any additional information required please contact the office.

I believe the doctor will work with us if We need anything else. If need be.

**Subject**  Tim's Contact Info

**To:**  [Dominiquewoods316@yahoo.com <Dominiquewoods316@yahoo.com>]

**From**  Tim Gonzales <tg@brockgonzales.com>

**Date**  Mon, Aug 23, 2021 at 4:06 PM

Hi Dominique. It was great talking to you today. I look forward to representing you. Below is my contact info. Feel free to contact me anytime.

Thanks.

--Tim

**Timothy J. Gonzales, Esq.**

**Brock & Gonzales, LLP**

6701 Center Drive West, Ste. 610

Los Angeles, CA 90045

t: 310.294.9595 | f: 310.961.3673

tg@brockgonzales.com

www.brockgonzales.com



CONFIDENTIALITY NOTICE:

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

## Employment Lawyer / Follow-Up (Seeking Authorization to Request Personnel File)

From: Davtyan Law Firm (intake@davtyanlaw.com)

To: dominiquewoods316@yahoo.com

Date: Monday, July 19, 2021, 12:02 PM PDT

Hi Dominique:

Thanks for providing information to our intake specialist as well as sending us some of the requested documents. Our attorney has reviewed all of the information provided.

To complete our assessment of any potential claims against the Company, our attorney would like to see your complete employee file maintained by the Company, other related entities, and any staffing agencies if you were employed through one. We can request them on your behalf if you sign a simple authorization for us to do it. It costs you nothing, and it takes about 30 days to get them.

Let us know if you would like to sign the authorization. We can send it to you for electronic signature, which will not require a hand-signature.

Thanks,

**Davtyan Law Firm**
880 E. Broadway
Glendale, CA 91205
T: (818) 875-2008
F: (818) 722-3974
www.DavtyanLaw.com

**Notice**: The information transmitted in this message, including any attachments, is only for the intended addressee. The information may be confidential and legally privileged under attorney-client, attorney work product, or other applicable privileges. Unauthorized access to this message may violate federal and state civil and criminal laws. If you have received this message but you are not the intended addressee, you are advised that any use, copying, disclosure or distribution of the information in this message is prohibited. Please advise Support@DavtyanLaw.com of any unintended recipients of this information.
          Please also note that email sent or received through systems to which you do not have exclusive access may compromise confidentiality, privacy or privileges that might otherwise apply to such email. We ask that clients of this office use systems as to which the client has exclusive access for all communications with us.

Getting too many emails from Law Ruler? Unsubscribe

Moises De Leon v. Gary D. Nelson Associates Settlement
c/o Rust Consulting - 7446
P.O. Box 54
Minneapolis, MN 55440-0054

## IMPORTANT LEGAL MATERIALS

|||||||||||||||||||||||||||||||||||||||||| - UAA - 764
*0000022316*

T6 P1 SCH 5-DIGIT 92572
DOMINIQUE WOODS
19576 DAY ST
PERRIS CA 92570-9250

---

## NOTICE OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

*Moises De Leon, and others v. Gary D. Nelson Associates, Inc., and others*
Riverside County Superior Court Case No. RIC1905472

*A court authorized this Notice. This is not a solicitation by a lawyer. You are not being sued.*

IF YOU WORKED FOR GARY D. NELSON ASSOCIATES, INC. AS AN HOURLY EMPLOYEE AT THE
COUPANG FULFILLMENT CENTER IN RIVERSIDE, CALIFORNIA AT ANY TIME BETWEEN AUGUST
27, 2018 AND OCTOBER 16, 2020, THIS CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.

### *Why should you read this Notice?*

A proposed settlement (the "Settlement") has been reached in a class and representative action lawsuit entitled *Moises De Leon, and others v. Gary D. Nelson Associates, Inc., and others*, Riverside County Superior Court Case No. RIC1905472 (the "Action"). The purpose of this Notice of Class and Representative Action Settlement ("Notice") is to briefly describe the Action and to inform you of your rights and options in connection with the Action and the proposed Settlement. The proposed Settlement will resolve all claims in the Action.

A hearing concerning the Settlement (the "Settlement Hearing") will be held before the Hon. Craig Riemer on Thursday, January 10th, 2022 at 8:30 A.M. in Department 1 of the Riverside County Superior Court, located at 4050 Main Street, Riverside, California 92501, to determine whether the Settlement is fair, adequate and reasonable.

**AS A CLASS MEMBER, YOU ARE ELIGIBLE TO RECEIVE AN INDIVIDUAL SETTLEMENT PAYMENT
UNDER THE SETTLEMENT AND WILL BE BOUND BY THE RELEASE OF CLAIMS DESCRIBED IN
THIS NOTICE AND THE SETTLEMENT AGREEMENT FILED WITH THE COURT, UNLESS YOU
TIMELY REQUEST TO BE EXCLUDED FROM THE SETTLEMENT.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | If you do nothing, you will be considered part of the Class and will receive an Individual Settlement Payment. You will also give up the right to pursue a separate legal action against defendants Gary D. Nelson Associates, Inc. ("Nelson") and Coupang Global LLC (Coupang) (collectively, "Defendants"), non-defendants Coupang LLC and Coupang USA, Inc. ("Non-Defendants"), and all of their officers, directors, and employees, as explained more fully below. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS** | You have the option to pursue separate legal action against Defendants about the claims in this lawsuit. If you choose to do so, you must exclude yourself, in writing, from the Settlement. As a result, you will not receive any benefits under the Settlement. If you exclude yourself from the Settlement, you will not be able to object to the Settlement. |
| **OBJECT** | To object to the Settlement, you must either submit a written statement explaining why you do not like the Settlement or explain your objections in person at the Settlement Hearing. This option is available only if you do not exclude yourself from the Settlement. |

QUESTIONS? CALL 1-(877) 347-6449

### Who is affected by this proposed Settlement?

The Court has determined that the following group of employees may proceed together as a "Class" for settlement purposes only:

> All individuals employed by Nelson as hourly employees who were assigned to the Coupang fulfillment center in Riverside, California at any time during the period from August 27, 2018 through October 16, 2020 (the "Class Period").

According to Nelson's records, you are a member of the Class ("Class Member").

### What is this case about?

In the Action, plaintiffs Moises De Leon, Joshua Landeros, and George Hill (collectively, "Plaintiffs") allege on behalf of themselves and the Class the following claims against Defendants: (1) failure to provide meal periods; (2) failure to authorize and permit rest periods; (3) failure to pay minimum wages; (4) failure to pay overtime wages; (5) failure to pay all wages due to discharged and quitting employees; (6) failure to furnish accurate itemized statements; (7) failure to maintain required records; (8) failure to indemnify employees for necessary expenditures incurred in discharge of duties; (9) unfair and unlawful business practices; and (10) penalties under the Labor Code Private Attorneys General Act ("PAGA"), as a representative action. Plaintiffs seek unpaid wages, statutory penalties, restitution, interest, attorneys' fees, and costs.

Defendants deny all liability and are confident they have strong legal and factual defenses to these claims.

This Settlement is a compromise reached after good faith, arm's length negotiations between Plaintiffs and Defendants (the "Parties"), through their attorneys, and is not an admission of liability on the part of Defendants. Both sides agree that in light of the risks and expenses associated with continued litigation, this Settlement is fair, adequate and reasonable. Plaintiffs also believe the Settlement is in the best interests of all Class Members.

The Court has not ruled on the merits of Plaintiffs' claims or Defendants' defenses.

### Who are the attorneys representing the Parties?

The attorneys representing the Parties in the Action are:

**Class Counsel**
Matthew J. Matern
Launa Adolph
Deanna S. Leifer
MATERN LAW GROUP, PC
1230 Rosecrans Ave., Suite 200
Manhattan Beach, California 90266
310-531-1900

**Counsel for Nelson**
Tanja L. Darrow
Alecia Winfield
Cassidy C. Veal
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Fl.
Los Angeles, California 90071
213-443-4300

**Counsel for Coupang**
Steven L. Friedlander
Barbara L. Harris Chiang
SV EMPLOYMENT LAW FIRM PC
160 Bovet Rd.
San Mateo, California 94402
650-265-0222

### What are the Settlement terms?

Subject to final Court approval, Defendants will pay $1,400,000.00 (the "Maximum Settlement Amount") for: (a) Individual Settlement Payments to Class Members who do not request to be excluded from the Settlement ("Settlement Class Members"); (b) the Court-approved Service Awards to Plaintiffs; (c) the Court-approved attorneys' fees and costs to Class Counsel; (d) the costs of administering the Settlement; and (e) the "PAGA Payment," which is the PAGA penalties to be paid to the State of California Labor and Workforce Development Agency ("LWDA") and hourly employees who worked for Defendants during the PAGA period, which is August 27, 2018 to October 16, 2020 ("Aggrieved Employees").

**Individual Settlement Payments.** After deduction from the Maximum Settlement Amount for Class Counsel's attorneys' fees and costs, the Service Awards to Plaintiffs, the PAGA Payment, and the costs of administering the Settlement, there will be a Net Settlement Amount. From the Net Settlement Amount, each Settlement Class Member will receive an

Moises De Leon v. Gary D. Nelson Associates Settlement
c/o Rust Consulting – 7446
P.O. Box 54
Minneapolis, MN 55440-0054

## IMPORTANT LEGAL MATERIALS

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ – UAA – 764
*0000022316*

DOMINIQUE WOODS
19576 DAY ST
PERRIS CA  92570-9250

FOR OFFICIAL USE ONLY

08

Page 1 of 1

*Moises De Leon, and others v. Gary D. Nelson Associates, Inc., and others*
Riverside County Superior Court Case No. RIC1905472

## REQUEST FOR EXCLUSION FORM

I have read the Notice of Class and Representative Action Settlement and wish to be excluded from the Settlement.  I understand that by requesting to be excluded, I will not receive any money or benefits from the Settlement in this case.

Full Name (printed): _____

Last 4 Digits of Social Security Number: ____ ____ ____ ____
(for identification only)

Phone Number: ( ____ ____ ____ ) ____ ____ ____ - ____ ____ ____ ____

Address: _____

Street Address: _____

City: _____ State: ____ ____ Zip: ___ ___ ___ ___ ___

Signature: _____ Date: ____ ____ / ____ ____ / ____ ____ ____ ____

If you want to exclude yourself from the Settlement, you must complete and return this form by mail to the Settlement Administrator at:

*Moises De Leon v. Gary D. Nelson Associates Settlement*
c/o Rust Consulting – 7446
P.O. Box 54
Minneapolis, MN 55440-0054

Your exclusion request must be postmarked no later than **November 29th, 2021.**

**COMPLETE THIS FORM ONLY IF YOU DO <u>NOT</u> WANT TO PARTICIPATE IN THIS CLASS ACTION SETTLEMENT.**





764

Moises De Leon v. Gary D. Nelson Associates Settlement
c/o Rust Consulting – 7446
P.O. Box 54
Minneapolis, MN 55440-0054

## IMPORTANT LEGAL MATERIALS

 – UAA – 764

*0000022316*

DOMINIQUE WOODS
19576 DAY ST
PERRIS CA  92570-9250

FOR OFFICIAL USE ONLY

10

Page 1 of 1

*Moises De Leon, and others v. Gary D. Nelson Associates, Inc., and others*
Riverside County Superior Court Case No. RIC1905472

## NOTICE OF OBJECTION FORM

I have read the Notice of Class and Representative Action Settlement and I object to the Settlement.

Grounds for the Objection: _____

Full Name (printed): _____

Last 4 Digits of Social Security Number: ____ ____ ____ ____
(for identification only)

Phone Number: ( ____ ____ ____ ) ____ ____ ____ - ____ ____ ____ ____

Address: _____

Street Address: _____

City: _____ State: ____ Zip: ____ ____ ____ ____

Signature: _____ Date: ____ ____ / ____ ____ / ____ ____ ____ ____

If you want to object to the Settlement, you must complete and return this form by mail to the Settlement Administrator at:

*Moises De Leon v. Gary D. Nelson Associates Settlement*
c/o Rust Consulting – 7446
P.O. Box 54
Minneapolis, MN 55440-0054

Your Notice of Objection must be postmarked no later than **November 29th, 2021.**


★ 7 4 4 6 ★


★ O B J ★



764

## INFORMATION SHEET

*Moises De Leon, and others v. Gary D. Nelson Associates, Inc., and others*
Riverside County Superior Court Case No. RIC1905472

**Calculation of Individual Settlement Payments:** Each employee's share of the Net Settlement Amount will be calculated based upon his or her "Compensable Workweeks," or the total number of calendar days, inclusive of the first and last day, that he or she worked for defendant Gary D. Nelson Associates, Inc. ("Nelson") as an hourly employee while assigned to the Coupang fulfillment center in Riverside, California from August 27, 2018 through October 16, 2020 (the "Class Period"), divided by seven and rounded to the nearest whole number. In addition, all Aggrieved Employees will receive a proportional share of the portion of the PAGA Payment allocated to Aggrieved Employees based on their Compensable Workweeks from August 27, 2018 through October 16, 2020 (the "PAGA Period").

**Your Compensable Workweeks and Estimated Individual Settlement Payment:** According to Nelson's records, your Compensable Workweeks are as follows:

| | |
|---|---|
| Compensable Workweeks during Class Period | 5.14 |
| Compensable Workweeks during PAGA Period | 5.14 |

Based on the number of Compensable Workweeks, **your estimated Individual Settlement Payment is $176.34.**
Please note that this is only an estimate; your actual payment may be greater or smaller than the amount reported above.

**Procedure for Disputing Information:** If you disagree with the number of Compensable Workweeks stated above, you must send a letter to the Settlement Administrator stating the reasons why you dispute the number of Compensable Workweeks and provide any supporting documentation that you have, such as paystubs. The information you provide should include the estimated number of workweeks you claim you performed work as an hourly employee of Nelson at the Coupang fulfillment center in Riverside, California at any time between August 27, 2018 and October 16, 2020. Any disputes and supporting documentation must be mailed to the Settlement Administrator at the address listed below, postmarked no later than **November 29th, 2021**.

> *Moises De Leon v. Gary D. Nelson Associates Settlement*
> c/o Rust Consulting - 7446
> P.O. Box 54
> Minneapolis, MN 55440-0054
> 1-(877) 347-6449

If you dispute the number of Compensable Workweeks stated above, the Settlement Administrator will evaluate any evidence submitted by you and will make the final decision as to the number of Compensable Workweeks that should be applied and/or the Individual Settlement Payment to which you may be entitled.

Information Sheet
DOMINIQUE WOODS

If the Court grants final approval of the Settlement, notice of final judgment will be posted on the Settlement Administrator's website (www.rustconsulting.com/cases/DeLeon) within seven (7) calendar days after entry of the Final Order and Judgment.

> *How can I get additional information?*

This Notice summarizes the Action and the basic terms of the Settlement.  More details are in the Amended Stipulation of Class and Representative Action Settlement ("Settlement Agreement"), which is attached as Exhibit A to the Declaration of Launa Adolph in Support of the Renewed Motion for Preliminary Approval of Class Action Settlement, case name *Moises De Leon v. Gary D. Nelson Associates, Inc.,* Case No. RIC1905472, filed on July 1, 2021 at the Riverside County Superior Court, located at 4050 Main Street, Riverside, California 92501.  The case file may be viewed on the Court's website at www.riverside.courts.ca.gov.  You may also request a copy of the Settlement Agreement from Class Counsel, at the address and telephone number listed above.  If you have questions regarding the Settlement, you may contact the Settlement Administrator at 1- (877) 347-6449.

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS SETTLEMENT.**

Individual Settlement Payment. The Net Settlement Amount shall be divided proportionally among all Settlement Class Members based on the total number of workweeks worked ("Compensable Workweeks"), or the total number of calendar days, inclusive of the first and last day, that he or she worked for defendant Nelson as an hourly employee while assigned to the Coupang fulfillment center in Riverside, California, during the Class Period, divided by seven and rounded to the nearest whole number.

In addition, all Aggrieved Employees shall receive a proportional share of the portion of the PAGA Payment allocated to Aggrieved Employees based on their Compensable Workweeks during the PAGA Period.

Based on an estimated Net Settlement Amount of $815,333.33, it is estimated that Class Members will receive, on average, $358.55. Your individual amount may be more or less. The lowest estimated Individual Settlement Payment is $4.81 and the highest estimated Individual Settlement Payment is $3,832.33. Your estimated Individual Settlement Payment is listed on the Information Sheet enclosed in this Notice Packet.

Settlement checks will remain valid for 180 days after issuance. If a settlement check remains uncashed after 180 days from issuance, the Settlement Administrator will pay over the value of the uncashed check represented by the Class Member's Compensable Workweeks during the Class Period to the California State Controller's Office Unclaimed Property Division, with the identity of the Class Members to whom the funds belong. In such event, the Class Member will remain bound by the terms of the Settlement and all Court orders.

The Settlement Administrator shall distribute the value of the uncashed check represented by the Aggrieved Employee's Compensable Workweeks during the PAGA Period to the LWDA.

For tax reporting purposes, the payments to Settlement Class Members will be allocated 1/3 as wages and 2/3 as non-wages. The wage portion of the Individual Settlement Payments shall be subject to the withholding of applicable local, state, and federal taxes, and the Settlement Administrator shall deduct applicable payroll taxes from the wage portion of the Individual Settlement Payments. No deductions will be made for the non-wages portion of the payments.

None of the Parties or attorneys make any representations concerning the tax consequences of this Settlement or your participation in it. Class Members should consult with their own tax advisors concerning the tax consequences of the Settlement. Class Counsel is unable to offer advice concerning the state or federal tax consequences of payments to any Class Member.

**Class Counsel Attorneys' Fees and Costs, Service Awards, Settlement Administration Costs and PAGA Payment.** Class Counsel will ask the Court to award attorneys' fees up to $466,666.67 (one-third of the Maximum Settlement Amount) and reimbursement of actual and reasonable costs incurred in the Action not to exceed $15,000.00. In addition, Class Counsel will ask the Court to authorize Service Award payments of up to $5,000.00 to Plaintiff De Leon and up to $2,500.00 each to Plaintiffs Landeros and Hill for their efforts in prosecuting the Action on behalf of the Class. The Parties estimate the cost of administering the Settlement will not exceed $18,000.00. In addition, $100,000.00 will be allocated to penalties under PAGA, of which 75%, or $75,000.00, will be paid to the LWDA, and the remaining 25%, or $25,000.00, will be distributed to Aggrieved Employees. Any amounts not requested or awarded by the Court will be included in the Net Settlement Amount and will be distributed to Settlement Class Members, as set forth above.

| *What claims are being released by the proposed Settlement?* |
| --- |

**Release by Settlement Class Members.** Upon the settlement becoming final ("Effective Date") Plaintiffs and all Settlement Class Members shall be deemed to have fully, finally, and forever released the Released Parties from all claims that were alleged in the operative complaint, the First Amended Complaint ("FAC"), as well as any and all claims that could have been asserted based on the facts pleaded in the operative complaint or the FAC, arising at any time during the Class Period, including, without limitation, claims under California Labor Code sections 201-203, 204, 226, 226.7, 510, 512, 558, 1174, 1194, 1197, 1198, 2698 et seq., 2802, the applicable Industrial Welfare Commission Wage Order, or Section 17200 of the California Business and Professions Code, and common law claims based on the foregoing, including, but not limited to, conversion claims..

**Release by the LWDA:** In addition, upon the Effective Date, the LWDA shall be deemed to have released the Released Parties of any and all claims and/or causes of action under PAGA which were pleaded or could have been pleaded based upon the factual allegations set forth in the operative complaint or the FAC and arising at any time during the PAGA period.

The "Released Parties" are Defendants, non-defendants Coupang LLC and Coupang USA, Inc., and all of their present or former officers, directors, and employees.

## What are my options in this matter?

You have two options under this Settlement, each of which is further discussed below. You may: (A) remain in the Class and receive an Individual Settlement Payment; or (B) exclude yourself from the Settlement. If you do not exclude yourself (option A), you may also object to the Settlement. If you exclude yourself from the settlement (option B), you cannot also object.

**OPTION A. Remain in the Settlement Class.** If you wish to remain in the Class and be eligible to receive an Individual Settlement Payment, **you do not need to take any action**. By remaining in the Class, you consent to the release of claims as described above.

If you remain in the Class, you will be represented at no cost by Class Counsel. Class Counsel, however, will not represent you for purposes of objecting to the Settlement.

**Objecting to the Settlement:** If you believe the proposed Settlement is not fair, reasonable or adequate in any way, you may object to it by either completing the Notice of Objection Form that is included in this Notice Packet, or by appearing at the Settlement Hearing to explain your objection in person. The Notice of Objection Form must: (1) state your full name; (2) state the grounds for the objection; (3) be signed by you; and (4) be postmarked on or before November 29th, 2021 and returned to the Settlement Administrator at the following address:

*Moises De Leon v. Gary D. Nelson Associates Settlement*
c/o Rust Consulting - 7446
P.O. Box 54
Minneapolis, MN 55440-0054

You can hire an attorney to represent you in your objection. Any Class Member who does not object either in writing or in person at the Settlement Hearing shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement. **Even if you submit an objection, you will be bound by the terms of the Settlement, including the release of claims as set forth above, unless the Settlement is not finally approved by the Court.**

**OPTION B. If You Do Not Want to Be Bound By the Settlement.** If you do not want to be part of the Settlement, you must complete the Request for Exclusion Form that is included in this Notice Packet. In order to be valid, your Request for Exclusion Form must (1) state your full name, address, and telephone number and the last four digits of your Social Security Number (for identification purposes only); (2) contain a clear statement that you are requesting to opt out of, or be excluded from, the Settlement in *Moises De Leon v. Gary D. Nelson Associates*; (3) be signed by you; (4) be postmarked on or before November 29th, 2021 and returned to the Settlement Administrator at the following address:

*Moises De Leon v. Gary D. Nelson Associates Settlement*
c/o Rust Consulting - 7446
P.O. Box 54
Minneapolis, MN 55440-0054

If you do not submit a valid Request for Exclusion Form, you will be deemed a Settlement Class Member and you will be bound by the release of claims as described above and all other terms of the Settlement. If you submit a valid Request for Exclusion Form, you will have no further role in the Action, and you will not be entitled to any benefit as a result of the Action and Settlement and will not be entitled to or permitted to object to the Settlement.

If you timely submit a Request for Exclusion Form but it is missing any of the information described above, the Settlement Administrator will reach out to you by phone and mail once to request that you provide the required information. If the Settlement Administrator does not receive the required information within 10 business days of mailing a request for additional information, your Request for Exclusion will be considered invalid and you will be bound by the terms of the Settlement.

## What is the next step in the approval of the Settlement?

The Court has not made a final determination as to whether the Settlement is fair, adequate, and reasonable. The Court will hold a hearing regarding the fairness, reasonableness and adequacy of the proposed Settlement, the plan of distribution, and Plaintiffs' request for Service Awards to Plaintiffs and attorneys' fees and costs to Class Counsel on Thursday, January 10th, 2022 at 8:30 A.M. in Department 1 of the Riverside County Superior Court, located at 4050 Main Street, Riverside, California 92501. You may attend the hearing telephonically or by videoconference through WebEx. You will need to access the Court's website (www.riverside.courts.ca.gov/PublicNotices/telephonic-appearances.php) to schedule your remote appearance. The Settlement Hearing may be continued without further notice to Class Members. You are not required to attend the Settlement Hearing to receive an Individual Settlement Payment.

QUESTIONS? CALL 1-(877) 347-6449
- 4 -

requeridos; (8) no indemnizaron a los empleados por gastos necesarios asumidos en el cumplimiento de deberes; (9) prácticas comerciales injustas e ilícitas; y (10) sanciones en virtud de la Ley de Demandas Laborales de Interés General del Código Laboral (Private Attorneys General Act, "PAGA"), como una demanda representativa. Los Demandantes solicitan salarios impagos, sanciones legales, restitución, intereses, honorarios y costos de representación legal.

Las Demandadas niegan toda responsabilidad y confían en que tienen defensas legales y factuales sólidas ante estas reclamaciones.

Este Acuerdo es un compromiso alcanzado después de negociaciones entabladas de buena fe y en igualdad de condiciones entre los Demandantes y las Demandadas (las "Partes"), a través de sus abogados, y no constituye una admisión de responsabilidad por parte de las Demandadas. Ambas partes acuerdan que a la luz de los riesgos y gastos asociados con la continuación del litigio, este Acuerdo es justo, adecuado y razonable. Los Demandantes también consideran que el Acuerdo es lo mejor para los intereses de todos los Miembros del Grupo.

El Tribunal no se ha pronunciado sobre el fondo de las reclamaciones de los Demandantes ni las defensas de las Demandadas.

## ¿Quiénes son los abogados que representan a las partes?

Los abogados que representan a las Partes de la Demanda son:

**Abogados del Grupo**
Matthew J. Matern
Launa Adolph
Deanna S. Leifer
MATERN LAW GROUP, PC
1230 Rosecrans Ave., Suite 200
Manhattan Beach, California 90266
310-531-1900

**Abogados de Nelson**
Tanja L. Darrow
Alecia Winfield
Cassidy C. Veal
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Fl.
Los Angeles, California 90071
213-443-4300

**Abogados de Coupang**
Steven L. Friedlander
Barbara L. Harris Chiang
SV EMPLOYMENT LAW FIRM PC
160 Bovet Rd.
San Mateo, California 94402
650-265-0222

## ¿Cuáles son las disposiciones del Acuerdo?

Sujeto a la aprobación final del Tribunal, las Demandadas pagarán $1,400,000.00 (el "Monto máximo del Acuerdo") por: (a) Pagos individuales del Acuerdo a los Miembros del Grupo que no soliciten ser excluidos del Acuerdo ("Miembros del Grupo del Acuerdo"); (b) las Compensaciones por prestación de servicios de los Demandantes aprobadas por el Tribunal; (c) los costos y honorarios de representación legal para los Abogados del Grupo aprobados por el Tribunal; (d) los costos de administrar el Acuerdo; y (e) el "Pago en virtud de la PAGA", que es las sanciones en virtud de la PAGA que se pagarán a la Agencia de Desarrollo de Mano de Obra y Fuerza Laboral del Estado de California (Labor and Workforce Development Agency, "LWDA") y a los empleados por horas que trabajaron para las Demandadas durante el período de la PAGA, que va del 27 de agosto de 2018 al 16 de octubre de 2020 ("Empleados agraviados").

**Pagos individuales del Acuerdo.** Después de deducir del Monto Máximo del Acuerdo los honorarios y costos de representación legal de los Abogados del Grupo, las Compensaciones por prestación de servicios a los Demandantes, el Pago en virtud de la PAGA y los costos de administración del Acuerdo, habrá un Monto neto del Acuerdo. Cada Miembro del Grupo del Acuerdo recibirá un Pago individual del Acuerdo que se extraerá de este Monto neto del Acuerdo. El Monto neto del Acuerdo se dividirá proporcionalmente entre todos los Miembros del Grupo del Acuerdo con base en la cantidad total de semanas de trabajo laboradas ("Semanas de trabajo compensables"), o la cantidad total de días calendario, incluidos el primer y el último día, que él o ella trabajó para la demandada Nelson como empleado por horas mientras estuvo asignado al centro de gestión de pedidos de Coupang en Riverside, California, durante el Período del Grupo, dividida por siete y redondeada al número entero más cercano.

Adicionalmente, todos los Empleados agraviados recibirán una parte proporcional de la porción del Pago en virtud de la PAGA asignado a los Empleados agraviados con base en sus Semanas de trabajo compensables durante el Período de la PAGA.

# AVISO DE ACUERDO DE DEMANDA COLECTIVA Y REPRESENTATIVA

*Moisés De León, y otros v. Gary D. Nelson Associates, Inc., y otros*
Tribunal Superior del Condado de Riverside, caso n.º RIC1905472

*Un tribunal autorizó este Aviso. Esta no es una oferta de servicios de un abogado. No está siendo demandado.*

SI USTED TRABAJÓ PARA GARY D. NELSON ASSOCIATES, INC. COMO EMPLEADO POR HORAS EN EL CENTRO DE GESTIÓN DE PEDIDOS COUPANG EN RIVERSIDE, CALIFORNIA, EN CUALQUIER MOMENTO ENTRE EL 27 DE AGOSTO DE 2018 Y EL 16 DE OCTUBRE DE 2020, ESTE ACUERDO DE DEMANDA GRUPAL PUEDE TENER INCIDENCIA EN SUS DERECHOS.

### ¿Por qué debería leer este Aviso?

Se ha llegado a una propuesta de acuerdo (el "Acuerdo") en un litigio de demanda colectiva y representativa titulado *Moisés De León, y otros v. Gary D. Nelson Associates, Inc., y otros*, Tribunal Superior del Condado de Riverside, n.º RIC1905472 (la "Demanda"). El propósito de este Aviso del Acuerdo de demanda colectiva y representativa ("Aviso") es describir brevemente la Demanda e informarle sobre sus derechos y opciones inherentes al Acuerdo propuesto. El Acuerdo propuesto resolverá todas las reclamaciones de la Demanda.

Se llevará a cabo una audiencia respecto al Acuerdo ("Audiencia del Acuerdo") ante el honorable juez Craig Riemer el Jueves, 10 de enero de 2022 en 8:30 A.M. en el Departamento 1 del Tribunal Superior del Condado de Riverside, ubicado en 4050 Main Street, Riverside, California 92501, para determinar si el Acuerdo es justo, adecuado y razonable.

**COMO MIEMBRO DEL GRUPO, USTED REÚNE LOS REQUISITOS PARA RECIBIR UN PAGO INDIVIDUAL DEL ACUERDO CONFORME AL ACUERDO Y ESTARÁ OBLIGADO POR LA EXENCIÓN DE RECLAMACIONES DESCRITA EN ESTE AVISO Y EL ACUERDO DE CONCILIACIÓN PRESENTADO ANTE EL TRIBUNAL, A MENOS QUE SOLICITE OPORTUNAMENTE SER EXCLUIDO.**

| SUS DERECHOS Y OPCIONES LEGALES EN ESTE ACUERDO DE CONCILIACIÓN: | |
|---|---|
| NO HACER NADA | Si no hace nada, será considerado parte del Grupo y recibirá un Pago individual del Acuerdo. Usted también renunciará al derecho a emprender una acción legal independiente contra las demandadas Gary D. Nelson Associates, Inc. ("Nelson") y Coupang Global LLC (Coupang) (en conjunto, "Demandadas"), las no demandadas Coupang LLC y Coupang USA, Inc. ("No Demandadas"), y todos sus ejecutivos, directores y empleados, conforme se explica con más detalle en el presente. |
| EXCLUIRSE DEL GRUPO DEL ACUERDO | Usted tiene la opción de iniciar una acción legal por separado contra las Demandadas en relación con las reclamaciones presentadas en esta demanda. Si decide hacerlo, debe excluirse, por escrito, del Acuerdo. Como resultado, usted no recibirá ninguno de los beneficios que se contemplen en el Acuerdo. No. Si usted se excluye del Acuerdo, no podrá objetarlo. |
| OBJETAR | Para objetar el Acuerdo, debe presentar una declaración escrita explicando sus razones o plantear sus objeciones en persona en la Audiencia del Acuerdo. Esta opción solo está disponible si no se excluye del Acuerdo. |

### ¿Sobre quiénes tiene incidencia esta propuesta de Acuerdo?

El Tribunal determinó que el siguiente grupo de empleados puede proceder de manera conjunta como un "Grupo" únicamente a efectos del acuerdo:

> todas las personas empleadas por Nelson como empleados por horas que fueron asignados al centro de gestión de pedidos de Coupang en Riverside, California, en cualquier momento durante el período comprendido entre el 27 de agosto de 2018 y el 16 de octubre de 2020 (el "Período del Grupo").

De acuerdo a los registros de Nelson, usted es miembro del Grupo ("Miembro del Grupo").

### ¿De qué trata este caso?

En la Demanda, los demandantes Moisés De León, Joshua Landeros y George Hill (en conjunto, los "Demandantes") alegan en nombre propio y del Grupo las siguientes reclamaciones contra las Demandadas: (1) no suministraron períodos de descanso para comer; (2) no autorizaron ni permitieron períodos de receso; (3) no pagaron salarios mínimos; (4) no pagaron salarios por horas extras; (5) no pagaron todos los salarios correspondientes a los empleados despedidos o a los que renuncian; (6) no suministraron extractos desglosados precisos del pago de salarios; (7) no mantuvieron los registros

Con base en una estimación del Monto neto del Acuerdo, de $815,333.33, se estima que los Miembros del Grupo recibirán, en promedio, $358.55. Su monto individual puede ser superior o inferior. El pago mínimo individual estimado del Acuerdo es $4.81 y el pago máximo individual estimado del Acuerdo es $3,823.33. Su estimación del Pago individual del Acuerdo se encuentra en la Hoja informativa que se incluye en este Paquete de aviso.

Los cheques del Acuerdo seguirán siendo válidos durante 180 días después de su emisión. Si no se cobra el cheque del acuerdo después de 180 días de la emisión, el Administrador del Acuerdo pagará el valor del cheque no cobrado representado por las Semanas de trabajo compensables del Miembro del Grupo durante el Período del Grupo a la División de Bienes no Reclamados de la Oficina del Controlador del Estado de California, con la identidad de los Miembros del Grupo a los que pertenecen los fondos. En tal caso, el Miembro del Grupo permanecerá obligado por los términos del Acuerdo y por todas las órdenes del Tribunal.

El Administrador del Acuerdo distribuirá el valor del cheque no cobrado representado por las Semanas de trabajo compensables del Empleado agraviado durante el Período de la PAGA a la LWDA.

A los fines de la presentación de informes fiscales, los pagos a los Miembros del Grupo del Acuerdo se asignarán en 1/3 en concepto de salarios y 2/3 en concepto de no salarios. La parte salarial de los Pagos individuales del Acuerdo estará sujeta a la retención de impuestos locales, estatales y federales aplicables, y el Administrador del Acuerdo deducirá los impuestos de nómina aplicables de la parte del salario de los Pagos individuales del Acuerdo. No se harán deducciones para la porción no salarial de los pagos.

Ninguna de las partes ni los abogados emiten declaraciones con respecto a las consecuencias tributarias de este Acuerdo o de su participación en él. Los Miembros del Grupo deben consultar con sus propios asesores tributarios acerca de las consecuencias impositivas del Acuerdo. Los Abogados del Grupo no pueden ofrecer asesoría a ninguno de los Miembros del Grupo, con respecto a las consecuencias tributarias estatales o federales de los pagos.

**Honorarios y costos de representación legal para los Abogados del Grupo, Compensaciones por prestación de servicios, costos de administración del Acuerdo y el Pago en virtud de la PAGA.** Los Abogados del Grupo solicitarán al Tribunal que otorgue honorarios de representación legal por un monto de $466,666.67 (es decir, un tercio del Monto máximo del Acuerdo) y el reembolso de los costos reales y razonables asumidos en la Demanda, los cuales no pueden superar $15,000.00. Adicionalmente, los Abogados del Grupo pedirán al Tribunal que autorice los pagos de Compensación por prestación de servicios de máximo $5,000.00 al Demandante De León y máximo $2,500.00 a cada uno a los Demandantes Landeros y Hill por sus esfuerzos para emprender la Demanda en nombre del Grupo. Las Partes estiman que el costo de administrar el Acuerdo no excederá los $18,000.00. Adicionalmente, se asignarán $100,000.00 para sanciones en virtud de la PAGA, de los cuales un 75%, o $75,000.00, se pagarán a la LWDA, y el 25% restante, o $25,000.00, se distribuirá a los Empleados agraviados. Cualquier cantidad que no haya sido solicitada o adjudicada por el Tribunal se incluirá en el Monto neto del Acuerdo y se distribuirá a los Miembros del Grupo del Acuerdo, según lo establecido anteriormente.

| ¿Qué reclamaciones están siendo eximidas por la propuesta de Acuerdo? |
| --- |

**Exoneración por parte de los Miembros del Grupo del Acuerdo.** Luego de que el Acuerdo adquiera un carácter definitivo ("Fecha de entrada en vigencia"), se considerará que los Demandantes y todos los Miembros del Grupo del Acuerdo han exonerado de forma plena, definitiva y perpetua a las Partes exoneradas de todas las reclamaciones que se alegaron en la demanda operativa, la Primera Demanda Enmendada (First Amended Complaint, "FAC"), así como todas y cada una de las reclamaciones que podrían haberse afirmado con base en los hechos alegados en la demanda operativa o la FAC, que surjan en cualquier momento durante el Período del Grupo, lo que incluye, entre otros, reclamaciones en virtud de los artículos 201-203, 204, 226, 226.7, 510, 512, 558, 1174, 1194, 1197, 1198, 2698 y siguientes, 2802, la Orden de Salarios de la Comisión de Bienestar Industrial, o el artículo 17200 del Código Comercial y de Profesiones de California, así como las reclamaciones de derecho *common law* basadas en lo anterior, lo que incluye, entre otras, reclamaciones de retención ilícita de bienes ajenos.

**Exoneración en virtud de la LWDA:** Adicionalmente, tras la Fecha de entrada en vigencia, se considerará que la LWDA ha exonerado a las Partes exoneradas de todas y cada una de las reclamaciones o pretensiones judiciales en virtud de la PAGA que fueron alegadas o podrían haber sido alegadas con base en los alegatos factuales establecidos en la demanda operativa o la FAC y que surjan en cualquier momento durante el período de la PAGA.

Las "Partes exoneradas" son las Demandadas, las no demandadas Coupang LLC y Coupang USA, Inc., y todos sus ejecutivos, directores y empleados presentes o pasados.

**¿Cuáles son mis opciones en este caso?**

Usted tiene dos opciones en virtud de este Acuerdo, cada una de las cuales se trata a continuación. Usted puede: (A) permanecer en el Grupo del Acuerdo y recibir un Pago individual del Acuerdo; o (B) excluirse del Acuerdo. Si no se excluye (opción A), también puede presentar objeciones al Acuerdo. Si usted se excluye del Acuerdo (opción B), no podrá presentar objeciones.

**OPTION A. <u>Permanecer en el Grupo del Acuerdo</u>.** Si desea permanecer en el Grupo y ser elegible para recibir un Pago individual del Acuerdo, **no necesita tomar ninguna medida**. Al permanecer en el Grupo, usted presta su consentimiento a la exoneración de las reclamaciones como se describió anteriormente.

Si permanece en el Grupo, será representado sin costo alguno por los Abogados del grupo. Sin embargo, los Abogados del Grupo no lo representarán con el propósito de objetar el Acuerdo.

**<u>Objetar el Acuerdo</u>:** Si usted considera que el Acuerdo propuesto no es justo, razonable o adecuado de ninguna manera puede objetarlo completando el Formulario de aviso de objeción que se incluye en este Paquete de aviso, o compareciendo en la Audiencia del Acuerdo para explicar su objeción en persona. El Formulario de aviso de objeción debe: (1) indicar su nombre completo; (2) indicar los motivos de la objeción; (3) ser firmado por usted; y (4) llevar sello postal fechado a más tardar el 29 de noviembre de 2021 y enviado al Administrador del Acuerdo a la siguiente dirección:

Moisés De León v. Gary D. Nelson Associates Settlement
c/o Rust Consulting - 7446
P.O. Box 54
Minneapolis, MN 55440-0054

Puede contratar a un abogado para que lo represente en su objeción. Se considerará que cualquier Miembro del Grupo que no se oponga por escrito o en persona en la Audiencia del Acuerdo ha renunciado a cualquier objeción y se verá impedido de hacer objeciones (ya sea por apelación o de otra manera) al Acuerdo. **Aun si presenta una objeción, quedará obligado por los términos del Acuerdo, incluida la liberación de reclamaciones como se estipula anteriormente, a menos que el Acuerdo no sea aprobado finalmente por el Tribunal.**

**OPCIÓN B. <u>Si no desea quedar obligado por el Acuerdo</u>.** Si no desea ser parte del Acuerdo, debe completar el Formulario de solicitud de exclusión que se incluye en este Paquete de aviso. Para que sea válido, su Formulario de solicitud de exclusión debe (1) indicar su nombre completo, dirección y número de teléfono y los últimos cuatro dígitos de su número de seguridad social (únicamente para fines de identificación); (2) contener una declaración clara en la que indique que usted está solicitando retirarse, o ser excluido, del Acuerdo en el caso *Moisés De León v. Gary D. Nelson Associates*; (3) ser firmado por usted; (4) llevar sello postal fechado a más tardar el 29 de noviembre de 2021 y enviado al Administrador del Acuerdo a la siguiente dirección:

Moisés De León v. Gary D. Nelson Associates Settlement
c/o Rust Consulting - 7446
P.O. Box 54
Minneapolis, MN 55440-0054

Si no presenta un Formulario de solicitud de exclusión válido, será considerado un Miembro del Grupo del Acuerdo y quedará obligado por la liberación de las reclamaciones como se describe anteriormente y por todos los demás términos del Acuerdo. Si presenta un Formulario de solicitud de exclusión válido, no tendrá ningún otro papel en la Demanda, y no tendrá derecho a ninguno de los beneficios de ella y del Acuerdo, ni tendrá derecho ni se le permitirá objetar el Acuerdo.

Si presenta un Formulario de solicitud de exclusión dentro del plazo indicado, pero no incluye alguna parte de la información antes descrita, el Administrador del Acuerdo se comunicará con usted por teléfono y correo postal una vez para solicitar que suministre la información requerida. Si el Administrador del Acuerdo no recibe la información requerida dentro de los 10 días hábiles posteriores al envío de la solicitud de información adicional, se considerará que su Solicitud de exclusión es inválida y quedará vinculado por las disposiciones del Acuerdo.

**¿Cuál es el siguiente paso en la aprobación del Acuerdo?**

El Tribunal no ha tomado una determinación final respecto a si el Acuerdo es justo, adecuado y razonable. El Tribunal llevará a cabo una audiencia respecto al carácter justo, razonable y adecuado del Acuerdo propuesto, el plan de distribución y la solicitud de los Demandantes para Compensaciones por prestación de servicios a los Demandantes y honorarios y costos de representación legal a los Abogados del Grupo Jueves, 10 de enero de 2022 en 8:30 A.M. en el Departamento 1 del Tribunal Superior del Condado de Riverside, ubicado en 4050 Main Street, Riverside, California 92501. Puede asistir

¿TIENE PREGUNTAS? LLAME AL 1-(877) 347-6449

- 4 -

a la audiencia por vía telefónica o videoconferencia mediante WebEx. Tendrá que acceder al sitio web del Tribunal (www.riverside.courts.ca.gov/PublicNotices/telephonic-appearances.php) para programar su comparecencia remota. Se podrá continuar la Audiencia del Acuerdo sin que medie el envío de otro aviso a los Miembros del Grupo. No es necesario que usted asista a la Audiencia del Acuerdo para recibir un Pago individual del Acuerdo.

Si el Tribunal concede la aprobación definitiva del Acuerdo, el aviso de la sentencia final se publicará en el sitio web del Administrador del Acuerdo (www.rustconsulting.com/cases/DeLeon) dentro de los siete (7) días calendario siguientes a la emisión de la Orden y sentencia definitiva.

| *¿Cómo puedo obtener información adicional?* |
|---|

Este Aviso resume la Demanda y los términos básicos del Acuerdo. Encontrará información más detallada en la Estipulación enmendada del Acuerdo de demanda colectiva y representativa ("Acuerdo de conciliación"), que se adjunta como Anexo A a la Declaración de Launa Adolph en respaldo de la Moción renovada para Aprobación preliminar del Acuerdo de demanda colectiva, caso nombrado *Moisés De León v. Gary D. Nelson Associates, Inc.*, caso número RIC1905472, registrado 1 de julio de 2021 de 2021 en el Tribunal Superior del Condado, ubicado en 4050 Main Street, Riverside, California 92501. El expediente del caso puede ser consultado en el sitio web del Tribunal en www.riverside.courts.ca.gov. También puede solicitar una copia del Acuerdo de conciliación a los Abogados del Grupo, a la dirección y número de teléfono indicados anteriormente. Si tiene alguna pregunta con respecto al Acuerdo, puede comunicarse con el Administrador del Acuerdo llamando al 1-(877) 347-6449.

**NO SE PONGA EN CONTACTO CON EL TRIBUNAL EN RELACIÓN CON ESTE ACUERDO.**

## HOJA INFORMATIVA

*Moisés De León, y otros v. Gary D. Nelson Associates, Inc., y otros*
Tribunal Superior del Condado de Riverside, caso n.º RIC1905472

**Cálculo de los Pagos individuales del Acuerdo**: La parte del Monto neto del Acuerdo que corresponde a cada empleado se calculará con base en las "Semanas de trabajo compensables", o la cantidad total de días calendario, incluidos el primer y el último día, que él o ella trabajó para la demandada Gary D. Nelson Associates, Inc. ("Nelson") como empleado por horas mientras estuvo asignado/a al centro de gestión de pedidos de Coupang en Riverside, California, desde el 27 de agosto de 2018 al 16 de octubre de 2020 (el "Período del Grupo"), divididas entre siete y redondeado al número entero más cercano. Adicionalmente, todos los Empleados agraviados recibirán una parte proporcional de la porción del Pago en virtud de la PAGA asignado a los Empleados agraviados con base en sus Semanas de trabajo compensables desde el 27 de agosto de 2018 al 16 de octubre de 2020 (el "Período de la PAGA").

**Sus semanas de trabajo compensables y el Pago individual del Acuerdo estimado:** Conforme a los registros de Nelson, sus Semanas de trabajo compensables son las siguientes:

| | |
|---|---|
| Semanas de trabajo compensables durante el Período del Grupo | 5.14 |
| CSemanas de trabajo compensables durante el período de la PAGA | 5.14 |

Según la cantidad de Semanas de trabajo compensables, **su Pago individual del Acuerdo estimado es \$176.34.**
Tenga en cuenta que esto únicamente es una estimación; su pago real puede ser superior o inferior al monto reportado en la sección anterior.

**Procedimiento de impugnación de la información:** Si no está de acuerdo con el número de Semanas de trabajo compensables indicadas, debe enviar una carta al Administrador del Acuerdo indicando las razones por las que impugna el número de Semanas de trabajo compensables y presentar la documentación de respaldo que tenga, por ejemplo, talones de pago. La información que suministre debe incluir la cantidad estimada de semanas de trabajo que según usted trabajó como empleado por horas de Nelson en el centro de gestión de pedidos de Coupang en Riverside, California, en cualquier momento entre el 27 de agosto de 2018 y el 16 de octubre de 2020. Las objeciones y la documentación de respaldo deben enviarse al Administrador del Acuerdo a la siguiente dirección, con sello postal fechado a más tardar **el 29 de noviembre de 2021.**

Moisés De León v. Gary D. Nelson Associates Settlement
c/o Rust Consulting - 7446
P.O. Box 54
Minneapolis, MN 55440-0054
1-(877) 347-6449

Si usted objeta la cantidad de Semanas de trabajo compensables indicadas en el presente, el Administrador del Acuerdo evaluará las pruebas que usted presente y tomará la decisión final en cuanto al número de Semanas de trabajo compensables que se deben aplicar o el Pago individual del Acuerdo al que usted pueda tener derecho.

Hoja informativa
DOMINIQUE WOODS

Moisés De León v Gary D. Nelson Associates Settlement
c/o Rust Consulting - 7446
P.O. Box 54
Minneapolis, MN 55440-0054

## IMPORTANT LEGAL MATERIALS

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ - UAA - 764
*0000022316*

DOMINIQUE WOODS
19576 DAY ST
PERRIS CA  92570-9250

FOR OFFICIAL USE ONLY

10

Page 1 of 1

*Moisés De León, y otros v. Gary D. Nelson Associates, Inc., y otros*
Tribunal Superior del Condado de Riverside, caso n.º RIC1905472

## FORMULARIO DE SOLICITUD DE EXCLUSIÓN

He leído el Aviso del Acuerdo de demanda colectiva y representativa y deseo ser retirado del Acuerdo. Comprendo que al solicitar ser excluido, no recibiré ningún dinero o beneficio a partir del Acuerdo en este caso.

Nombre completo (en letra impresa): _____

Últimos 4 dígitos del número de seguridad social: ____ ____ ____ ____
(solo para identificación)

Número de teléfono: ( ____ ____ ____ ) ____ ____ ____ - ____ ____ ____ ____

Dirección: _____

Domicilio: _____

Ciudad: _____ Estado: _____ Código postal: _____

Firma: _____

Fecha: _____

Si desea retirarse el Acuerdo, debe completar y devolver este formulario por correo postal al Administrador del Acuerdo a la siguiente dirección:

Moisés De León v. Gary D. Nelson Associates Settlement
c/o Rust Consulting - 7446
P.O. Box 54
Minneapolis, MN 55440-0054

Su solicitud de exclusión deberá contar con sello postal fechado a más tardar el **29 de noviembre de 2021**.

**SOLO COMPLETE ESTE FORMULARIO SI <u>NO</u> DESEA PARTICIPAR EN ESTE ACUERDO DE DEMANDA COLECTIVA.**





Moisés De León v. Gary D. Nelson Associates Settlement
c/o Rust Consulting - 7446
P.O. Box 54
Minneapolis, MN 55440-0054

## IMPORTANT LEGAL MATERIALS

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ - UAA - 764
*0000022316*

DOMINIQUE WOODS
19576 DAY ST
PERRIS CA  92570-9250

FOR OFFICIAL USE ONLY

10

Page 1 of 1

*Moisés De León, y otros v. Gary D. Nelson Associates, Inc., y otros*
Tribunal Superior del Condado de Riverside, caso n.º RIC1905472

## FORMULARIO DE AVISO DE OBJECIÓN

He leído el Aviso del Acuerdo de demanda colectiva y representativa y objeto el Acuerdo.

Motivos de la objeción: _____

_____

_____

_____

Nombre completo (en letra impresa): _____

Últimos 4 dígitos del número de seguridad social: ____ ____ ____ ____
(solo para identificación)

Número de teléfono: ( ____ ____ ____ ) ____ ____ ____ - ____ ____ ____ ____

Dirección: _____

Domicilio: _____

Ciudad: _____ Estado: _____ Código postal: _____

Firma: _____

Fecha: _____

Si desea objetar el Acuerdo, debe completar y devolver este formulario por correo postal al Administrador del Acuerdo a la siguiente dirección:

Moisés De León v. Gary D. Nelson Associates Settlement
c/o Rust Consulting - 7446
P.O. Box 54
Minneapolis, MN 55440-0054

Su Aviso de objeción debe llevar sello postal fechado a más tardar **el 29 de noviembre de 2021**.





764





In May 21,2021
I determen
called
and left a
voicemail
statement I need
a doctors for my
back accident
form



Wednesday, Oct 7, 2020 • 9:33 AM

Hello, this is Nelson Staffing. You will start your new department. Packing Days- C shift, Sunday, Monday, Tue - Starting 10/11 @ 5:30am.

Okay thank you

my
cell
phone
(951) 452-
6389

# NELSON

Today's Date:

To Whom It May Concern,

This letter is confirming that, Dominique Woods worked on a temporary assignment through Nelson, but it has ended, and they are no longer currently employed through our agency. The company and dates of employment are below.

Assignment Location, Company Name = 1560 Sierra Ridge Dr., Riverside CA (coupang)

Dates of Employment while at Company 9-1-2020 = 6-3-2021

If there are any questions, contact information is below.

Thank you,

Nelson Representative Name: Ariddai Becerril
Contact Number: 951.880.9950
Branch Location: NE IE 98 / Riverside, CA



WHAT TIME?

QL



(808) 382-0947

Thursday, Jan 7 · 4:18 PM

Hello Miss Woods. Can
you please email me
the doctors note to
rteo@nelsonstaffing.com
i would appreciate that.
hank yoi

Friday, Jan 8 · 1:27 PM

## California Wage Act Notice

From:  opsnotifications@nelsonhr.com

To:  dominiquewoods316@yahoo.com

Date:  Wednesday, January 13, 2021, 08:00 AM PST

Hello,

Please see attached information on your current assignment.

This is simply for your records, feel free to contact your branch representative if you have any questions.

Thank you,

Nelson

Employee Name: **Dominique Woods**

Start Date: **01/12/2021**

| EMPLOYER |
| --- |

Legal Name of Employer: Gary D. Nelson Associates, Inc.

Is hiring employer a staffing agency/business (e.g., Temporary Services Agency, Employee Leasing Company; or Professional Employer Organization)?

**X**   **Yes**    No

Other Names Hiring Employer is "doing business as" (if applicable): Nelson Staffing, Nelson Compliance, Nelson & Associates, and Nelson Technology

Physical Address of Main Office: 19080 Lomita Ave., Sonoma, CA 95476

Hiring Employer's Mailing Address (if different than above): Same

Employer's Telephone Number: (707) 935-6113

| OTHER ENTITY FOR WHOM THIS EMPLOYEE WILL PERFORM WORK |
| --- |

Client's Name: **Coupang**

Client's Physical Address of Main Office: **1560 Sierra Ridge Drive, Riverside, CA 92507**

Client's Mailing Address:  **1560 Sierra Ridge Drive, Riverside, CA 92507**

Client's Telephone Number: **909.326.0077**

| WAGE INFORMATION |
| --- |

Rate(s) of Pay: **$18.00**  Overtime Rate(s) of Pay: **$27.00**

Rate by (check box): **X Hour**    Shift    Day    Week    Salary    Piece rate    Commission



Tuesday, Feb 9 / 2:54 PM

ello this is Nelson HR
Please give us a call,
egarding your absence
so we can complete
your return intake.
ur HR main line is
800 996 9779.

Thank you

Tuesday, Feb 23 • 5:21 PM

Hello this is Nelson HR
~ Please give us a call,
regarding       absence

Case 5:22-cv-02036-SSS-SHK   Document 1   Filed 11/16/22   Page 127 of 150   Page ID #:127

| CO | Employee ID | 000000-000000 |
| SRB | 1669825 | |

# NELSON
*Gary D Nelson Associates, Inc*
19080 Lomita Ave
Sonoma, CA 95476
1-866-466-3576

Federal Filing Status: S
State Filing Status: S
Exemptions
Fed: 0 , State: 0
Basis of Pay: Hourly
SSN

3½ days

## Earnings Statement

| | |
|---|---|
| | Page 001 of 001 |
| Period Beg/End: | 05/02/2021 - 05/08/2021 |
| Advice Date: | 05/13/2021 |
| Advice Number: | 0000870419 |
| Batch Number: | 000000004087 |

Woods,Dominique
19576 DAY ST
PERRIS, CA 92570

**Assignment/Client:CoupangGlobal LLC**
Assignment/Client Address:1560 Sierra Ridge
Assignment/City/State/Zip:Riverside/CA/92507
Work Week: 05/02/2021-05/08/2021

| Earnings | Rate | Hours | Gross Wages | Year-to-Date |
|---|---|---|---|---|
| Regular Pay | 18.0000 | 26.10 | 469.80 | 2631.60 |
| Overtime | 27.0000 | 0.03 | 0.81 | 9.99 |
| **Subtotal:** | | **26.13** | **470.61** | |

| YTD Earnings | YTD Rts | YTD Hours | YTD Gross | YTD Expenses |
|---|---|---|---|---|
| Regular Pay | 18.0000 | 146.20 | 2631.60 | 0.00 |
| Overtime | 27.0000 | 0.37 | 9.99 | 0.00 |
| Referral Bon | 0.0000 | 1.00 | 150.00 | 0.00 |
| Other - Emer | 18.0000 | 38.00 | 684.00 | 0.00 |
| **Subtotal:** | | **185.57** | **3475.59** | |

| Tax Deductions | This Period | Year-to-Date |
|---|---|---|
| CA | 6.57 | 20.18 |
| FDRL | 23.67 | 74.02 |
| FICA | 29.18 | 215.49 |
| MEDI | 6.83 | 50.40 |
| SDICA | 5.65 | 41.71 |

| Other Deductions | This Period | Year-to-Date |
|---|---|---|
| Garnishment | 38.71 | 38.71 |

| Leave Accruals | This Period | Balance Avail |
|---|---|---|
| CA Sick | 0.87 | 7.08 |
| Sick Time | 0.00 | 0.00 |

| Deposits | | Amount |
|---|---|---|
| Aline Payc *****7870 | | 360 |

| YTD Summary Totals: | Net | Hours | Tax Gross |
|---|---|---|---|
| | 3035.08 | 185.57 | 3475.59 |

| This Period | Hours | Net Pay | Gross Pay |
|---|---|---|---|
| | 26.13 | 360.00 | 470.61 |

© 2003 Automatic Data Processing (ICDU02)

# NELSON
Gary D Nelson Associates, Inc
19080 Lomita Ave
Sonoma, CA 95476
1-866-466-3576

| Advice Number: | 0000870419 |
|---|---|
| Advice Date: | 05/13/2021 |

THIS IS NOT A CHECK

**Deposited to the account of**    **Account Number**    **Transit ABA**    **Amount**

Woods,Dominique    Aline Payc XXXXX7870    $360.00

*F* (handwritten)

| CO | Employee ID | 000000-000000 |
| SRB | 1669825 | |

# NELSON
*Gary D Nelson Associates, Inc*
19080 Lomita Ave
Sonoma, CA 9547
1-866-466-3576

Federal Filing Status: S
State Filing Status: S
Exemptions
Fed: 0 , State: 0
Basis of Pay: Hourly
SSN [redacted]

## Earnings   Statement

|  | Page 001 of 001 |
| Period Beg/End: | 05/02/2021 - 05/08/2021 |
| Advice Date: | 05/13/2021 |
| Advice Number: | 0000870419 |
| Batch Number: | 000000004087 |

*(handwritten: PAY DAY)*

**Woods,Dominique**
19576 DAY ST
PERRIS, CA 92570

*(handwritten note on yellow sticky): ALLEGED 5 DAYS OF MISCONDUCT no call no show FABRICATED*

**Assignment/Client:CoupangGlobal LLC**
Assignment/Client Address:1560 Sierra Ridge
Assignment/City/State/Zip:Riverside/CA/92507
Work Week: 05/02/2021-05/08/2021

| Earnings | Rate | Hours | Gross Wages | Year-to-Date |
|---|---|---|---|---|
| Regular Pay | 18.0000 | 26.10 | 469.80 | 2631.60 |
| Overtime | 27.0000 | 0.03 | 0.81 | 9.99 |
| **Subtotal:** | | **26.13** | **470.61** | |

| Tax Deductions | This Period | Year-to-Date |
|---|---|---|
| CA | 6.57 | 20.18 |
| FDRL | 23.67 | 74.02 |
| FICA | 29.18 | 215.49 |
| MEDI | 6.83 | 50.40 |
| SDICA | 5.65 | 41.71 |

| YTD Earnings | YTD Rts | YTD Hours | YTD Gross | YTD Expenses |
|---|---|---|---|---|
| Regular Pay | 18.0000 | 146.20 | 2631.60 | 0.00 |
| Overtime | 27.0000 | 0.37 | 9.99 | 0.00 |
| Referral Bon | 0.0000 | 1.00 | 150.00 | 0.00 |
| Other - Emer | 18.0000 | 38.00 | 684.00 | 0.00 |
| **Subtotal:** | | **185.57** | **3475.59** | |

| Other Deductions | This Period | Year-to-Date |
|---|---|---|
| Garnishment | 38.71 | 38.71 |

| Leave Accruals | This Period | Balance Avail |
|---|---|---|
| CA Sick | 0.87 | 7.08 |
| Sick Time | 0.00 | 0.00 |

| Deposits | Amount |
|---|---|
| Aline Payc *****7870 | 360 |

| YTD Summary Totals: | Net | Hours | Tax Gross |
|---|---|---|---|
| | 3035.08 | 185.57 | 3475.59 |

| This Period | Hours | Net Pay | Gross Pay |
|---|---|---|---|
| | 26.13 | 360.00 | 470.61 |

*(handwritten): OBJECTION TO STATEMENT CONTEST 05/03/2021 TO 05/08/2021 A 5 DAYS NO CALL NO SHOW ★  26.13 HOURS FOR THAT WEEK 05/02/2021 - 05/08/2021*

© 2002 Automatic Data Processing (PCROV6)

# NELSON
Gary D Nelson Associates, Inc
19080 Lomita Ave
Sonoma, CA 95476
1-866-466-3576

| | |
|---|---|
| Advice Number: | 0000870419 |
| Advice Date: | 05/13/2021 |

**THIS IS NOT A CHECK** *(watermark)*

| Deposited to the account of | Account Number | Transit ABA | Amount |
|---|---|---|---|
| Woods,Dominique | Aline Payc XXXXX7870 | | $360.00 |



**From:** Dominique Woods <dominiquewoods316@yahoo.com>
**Sent:** Wednesday, May 19, 2021 12:59 PM
**To:** Benefits <benefits@nelsonjobs.com>
**Subject:** Dominique Woods update of documented care

I was told I couldn't be compensated for covid-19 vaccine appointment and also symptoms related following the covid-19 shot. Although I have not received the benefits for the payday of the vaccine appointment on 05/12/2021. The doctor stated they are unable to write the requested information needed on the documented note but are willing to give explanatory description of my visit to the urgent care over the phone to my employer to assist with any inquiries. And this is not acceptable then please contact me. Thank you and have a nice day

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit

| Subject | Request for COVID-19 Supplemental Sick Leave- Dominique Woods (1669825) |
|---|---|
| To: | [dominiquewoods316@yahoo.com <dominiquewoods316@yahoo.com>] |
| From | Marycruz Sandoval <msandoval@nelsonstaffing.com> |
| Cc: | [Benefits <benefits@nelsonjobs.com>, Human Resources <humanresources@nelsonjobs.com>, Coupang <Coupang@nelsonjobs.com>] |
| Date | Wed, May 12, 2021 at 1:55 PM |

Hi Dominique,

Per our conversation you might be eligible for an Emergency COVID-19 Leave. Please complete the request form by selecting the following link:

2021 CA COVID Paid Sick Leave Request Form

If you have any questions please contact the Nelson Benefits Team at benefits@nelsonhr.com

Thank you,

**Marycruz Sandoval** | Human Resources Intake Representative

# NELSON

**Sick Call Confidential Hotline: 1.800.996.9779** | **ERT@nelsonjobs.com**

Office: 510.440.2207 Main HR Line:800-996-9779

Covid HR Efax: **1.844.361.9353**

22



| Vaccine | Product Name/Manufacturer | Lot Number | Date | Healthcare Professional or Clinic Site |
|---|---|---|---|---|
| 1st Dose COVID-19 | PFIZER | EW0534 | 03/16/1985 4:21 | Apple UC Perris |
| 2nd Dose COVID-19 | | | | |
| Other | | | | |
| Other | | | | |

## Helpful tips

If you have pain or discomfort, talk to your doctor about taking an over-the-counter medicine such as ibuprofen or acetaminophen.

To reduce pain and discomfort where you get the shot:
- Apply a clean, cool, wet washcloth over the area.
- Use or exercise your arm.

To reduce discomfort from fever:
- Drink plenty of fluids.

## When to call the doctor

In most cases, discomfort from fever or pain is normal.

- If the redness or tenderness where you got the shot increases after 24 hours.
- If your side effects are worrying you or do not seem to...

## Remember

- Side effects may feel like flu and even affect your a...
- With most COVID-19 vaccines, you will need 2 shots in order for them to... provider or your doctor tells you not to get a second shot.
- It takes time for your body to build protection after any vaccination. COVID-19 vaccines that require 2 shots may not protect you until a week or two after your second shot.
- It's important for everyone to continue using all the tools available to help stop this pandemic as we learn more about how COVID-19 vaccines work in real-world conditions. Cover your mouth and nose with a mask when around others, stay at least 6 feet away from others, avoid crowds, and wash your hands often.

...onzación
dad y Físicos
eguros

...g Center

...A 92571

...im

...your smartphone's
browser to go to
safe.cdc.gov

**OR...**

one side effects, which are normal signs that your body
ur ability to do daily activities, but they should go away.

Aim your smartphone's
camera at this code



PFIZER 2nd
DOSE
5/12
@ 10:30am

...artphone to tell CDC about any
...ter getting the COVID-19 vaccine.
...reminders if you need a second dose
...earn more about v-safe.
...www.cdc.gov/vsafe

...s after the first one, unless a vaccination

## APPLE URGENT CARE
www.AppleUrgentCare.com

If your temperature is 101°F or higher call your primary care doctor or visit our nearest Urgent Care Center

| | | |
|---|---|---|
| Bioreference Laboratories | PATIENT INFORMATION | REPORT STATUS: FINAL |

SPECIMEN INFORMATION
SPECIMEN: 109374347
REQUISITION: 73302488
Lab ref no:

**Woods, Dominique**
DOB: March 16, 1985
AGE: 36
GENDER: Female
FASTING: Unknown

ORDERING PHYSICIAN
**Ramos, C.**
NPI: 1447451323
CLIENT INFORMATION
Verily-COVID



COLLECTED: 04/30/2021 09:00PM UTC
RECEIVED:
REPORTED: 05/03/2021 03:23AM UTC

Clinical Info:

---

| Test Name | Result | Flag | Reference Range | Lab |
|---|---|---|---|---|
| **Novel Coronavirus COVID-19 Nasal/Nasopharynx** | | | | |
| Novel Coronavirus COVID-19 Nasal/Nasopharynx | not_detected | NORMAL | Not Detected | 01 |

  ASSAY INFORMATION: Real Time RT-PCR

  Patient samples for this assay were pooled. All positive samples were

  individually repeated for confirmation. The pooling protocol using the cobas

  SARS-CoV-2 assay has been added to EUA20009 on October 15,2020.

  NOTE: The COVID-19 assay is under Emergency Use Authorization (EUA) by the

  U.S. Food and Drug Administration. BioReference Laboratories is designated as

  a high complexity laboratory by the Clinical Laboratory Improvement

  Amendments of 1988(CLIA) and is qualified to perform this test.

---

**Performing Laboratory Information:**

01: BioReference Laboratories, Inc., 481 Edward H. Ross Dr, Elmwood Park NJ, phone: , Director:







Proof of
Schedule
Shift
6 pm

Tuesday, Jan 12, 2021, 2:34 PM

Hello Miss Woods. Just a reminder you will start your new shift tonight at 6pm for B shift night Picker. Please let me know if you have any questions. I have deactivated your Day shift badge and activated a new night badge for you. Please ask Nelson rep for your new night badge. Thank you



Thank you for your response.

Thursday, Jun 3, 2021 • 7:24 AM

Hello, Please confirm
your assignment with
Nelson Staffing. If you
have any questions
please call or text
951.237.8928. Thank you

D-2

My
cell
phone
(957)
450
4298

Coupang Attendance Policy

Dear Staffing Associate,

The following is meant to serve as a guideline for attendance, as well as provide other pertinent information such as who to contact for absences.

As a temporary employee, you are expected to be punctual and regular in attendance. Our client depends on every single individual scheduled in order to meet their production needs. A poor attendance record based on habitual unexcused absences or tardiness may result in disciplinary action, up to and including, termination of your assignment.

DEFINITIONS

- **Tardy/Early Departure:** Tardiness occurs when an employee arrives later than 5 minutes past their scheduled start time and is not ready to begin working at his/her workstation at their scheduled time. More than 2 instances per week of tardiness of more than 1 minute, but less than 5 minutes will also result in a tardy.

- Early departure occurs when an employee leaves work (without pre-approval) with less than 2 hours remaining in their shift (including Overtime hours when scheduled). This is not to be confused with a client mandated shift duration change.

- **Absence**: Absences occur when an employee is not present to work on a day when scheduled. This would include leaving work (without pre-approval) with more than 2 hours remaining in an employee's scheduled shift. Additional details are in the section "How Do I Get Points" below.

- **No Call/No Show:** Employees must report their absence or tardiness each day; failure to do so prior to 2 hours before the scheduled shift start time is considered a no call/no show (even if a call is made after the 2-hour mark). Any employee who fails to call in and does not report to work on 2 occasions is considered to be VOLUNTARILY ending their assignment.

EXCEPTIONS: Jury duty or any other subpoenaed court appearance, time off to vote, lack of work, and any paid sick leave or other time off which is protected under, or pursuant to, federal, state or local law, will not be used as the basis for any kind of disciplinary action and will be excluded from the point accrual system described herein ("Excepted Absences"). Any absence for illness that is not protected under, or pursuant to federal, state, or local law will also be included within Excepted Absences as long as timely, reasonable medical documentation is provided.

Pre-approved time off requests, for absences other than Excepted Absences, will not accrue points as long as they have been requested with at least a 7 day WRITTEN notice and have been APPROVED by their manager.

PROBATIONARY PERIOD: New employees are NOT allowed to reach 1.0 point in the first week or 2.0 points in their first 30 days on assignment, which could result in up to and including termination of employment.

REPORTING REQUIREMENTS: Employees must call the attendance line 2 hours before the scheduled shift start time, or this will be considered a no show/no call

RE: Dominique Woods update of documented care

Benefits (benefits@nelsonjobs.com)

dominiquewoods316@yahoo.com

benefits@nelsonjobs.com

Wednesday, May 19, 2021, 04:01 PM PDT

Hi Dominque,

Based on your hours worked over the past several months, you are eligible for up to 38 hours of 2021 COVID Supplemental Sick Pay.

All available hours were paid out on the following dates:

4/15 – 8-hrs

4/16 – 8-hrs

4/17 – 8-hrs

4/20 – 8-hrs

4/21 – 6-hrs

Please let me know if you have any additional questions or concerns.

Thank you,

**Katie Schulz | Benefits Manager**

Nelson |  Higher Growth Search

Fax: 844.361.9353 | LinkedIn

kschulz@nelsonhr.com | kschulz@highergrowthsearch.com

**Sick Call Confidential Hotline:** 1.800.996.9779 | ERT@nelsonjobs.com

## Dominique Woods update of documented care

From: Dominique Woods (dominiquewoods316@yahoo.com)

To: benefits@nelsonhr.com

Date: Wednesday, May 19, 2021, 12:59 PM PDT

I was told I couldn't be compensated for covid-19 vaccine appointment and also symptoms related following the covid-19 shot. Although I have not received the benefits for the payday of the vaccine appointment on 05/12/2021. The doctor stated they are unable to write the requested information needed on the documented note but are willing to give explanatory description of my visit to the urgent care over the phone to my employer to assist with any inquiries. And this is not acceptable then please contact me. Thank you and have a nice day

Sent from Yahoo Mail on Android

24



| Subject | Confirmed Covid-19 Case Notification- Coupang Riverside |
|---|---|
| To: | [Dominique Woods <DOMINIQUEWOODS316@YAHOO.COM>] |
| From | Ariddai Becerril <abecerril@nelsonstaffing.com> |
| Date | Thu, Dec 31, 2020 at 9:26 AM |

*(handwritten: ① on Dec 31, 2020)*



*(handwritten on note: COVID -19- correct not correct)*

### Notification Regarding Confirmed COVID-19 Case

**Dear Nelson Associates,**

We have been informed that an ~~individual who was on site at the Coupang Fulfillment~~ Center has contracted the COVID-19 virus.

The individual was tested on December 16, 2020 and we were notified today, ~~December 30, 2020~~ that the test results came back positive. The individual was last on site on December 16, 2020 and has been on home quarantine since then. Close communication will be maintained with the individual and we will be assisting them in whatever ways possible.

**Contact Tracing**

We conducted preliminary contact tracing and identified anyone who may have had close contact with this individual. We will notify these individuals and place them on home quarantine while monitoring them closely.

**Benefits**

If you are required to take time off work to get tested and/or quarantine, the following benefits are offered:

*(handwritten: VIOLATION OF COMPANY POLICE?)*



Agency Associates

-

· Paid leave of up to 80 hours for full-time associates (prorated for part-time associates) at their regular rate of pay (capped at $511 per day and $5,110 in the aggregate) under the California COVID Supplemental Paid Sick Leave law.

· If the associate has exhausted California COVID Supplemental Paid Sick Leave, the associate may use any accrued California paid sick leave.

· If the associate has exhausted both California COVID Supplemental Paid Sick Leave and California paid sick leave, Coupang will provide up to an additional 80 hours of paid leave.

· If the associate has exhausted all of these paid leave options, additional paid leave will be provided as required by applicable law.

① on Dec 31, 200

| | |
|---|---|
| **Subject** | Confirmed Covid-19 Case Notification- Coupang Riverside |
| **To:** | [Dominique Woods <DOMINIQUEWOODS316@YAHOO.COM>] |
| **From** | Ariddai Becerril <abecerril@nelsonstaffing.com> |
| **Date** | Thu, Dec 31, 2020 at 9:27 PM |

## Notification Regarding Confirmed COVID-19 Case

**Dear Nelson Associates at Coupang in Riverside,**

We have been informed that ten (10) individuals who were on site at the Coupang Fulfillment Center have contracted the COVID-19 virus.

The individuals tested on December 28, 29 & 30, 2020 and we were notified today, December 31, 2020 that the test results came back positive. The individuals were last on site on December 24, 27, 28, 30 & 31, 2020 and have been on home quarantine since then. Close communication will be maintained with these individuals and we will be assisting them in whatever ways possible.

**Contact Tracing**

We conducted preliminary contact tracing and identified anyone who may have had close contact with thess individuals. We will notify these individuals and place them on home quarantine while monitoring them closely.

**Benefits**

If you are required to take time off work to get tested and/or quarantine, the following benefits are offered:

Agency Associates

·   Paid leave of up to 80 hours for full-time associates (prorated for part-time associates) at their regular rate of pay (capped at $511 per day and $5,110 in the aggregate) under the California COVID Supplemental Paid Sick Leave law.

·   If the associate has exhausted California COVID Supplemental Paid Sick Leave, the associate may use any accrued California paid sick leave.

·   If the associate has exhausted both California COVID Supplemental Paid Sick Leave and California paid sick leave, Coupang will provide up to an additional 80 hours of paid leave.

·   If the associate has exhausted all of these paid leave options, additional paid leave will be provided as required by applicable law.


THEN WHY WAS I DENIED?
IN MAY 2021

???

| | |
|---|---|
| **Subject** | Important COVID Update- Coupang in Riverside |
| **To:** | [Dominique Woods <DOMINIQUEWOODS316@YAHOO.COM>] |
| **From** | Elizabeth Davis <edavis@nelsonhr.com> |
| **Date** | Mon, Nov 2, 2020 at 7:17 PM |

Attention all associates at Coupang in Riverside,

We have been informed that an individual has contracted the COVID-19 virus.

The individual was tested on October 30, 2020 and we were notified today, November 2, 2020 that the test results came back positive. The individual was last on site on October 29, 2020 and has been on home quarantine since then. Close contact will be maintained with the individual and we will be assisting them in whatever ways possible.

**Contact Tracing**

We conducted preliminary contact tracing and identified anyone who may have had close contact with this individual. We will notify these individuals and place them on home quarantine while monitoring them closely.

**Next Steps**

In accordance with our current procedures, all parts of the site are being cleaned and disinfected daily. Additionally, on October 29, 2020 the site was deep cleaned and additional deep cleanings have occurred since then.  We will continue temperature screenings at the facility.   Anyone who has a temperature of a determined level (above 100.4 F) or who refuses to have their temperature checked will be turned back and cannot enter the facility until cleared by your employer. Please continue to maintain social distancing during this process. We are confident that we have applied appropriate protective measures.

**Importance of Personal Hygiene**

Going forward, it is important for all of us to continue to monitor our health carefully.

If you are feeling unwell, particularly if you have fever or respiratory symptoms such as cough or shortness of breath, or if you believe you may have contracted the COVID-19 virus, please **do not come into work**, and call the attendance line at 866.804.6245.

Remember that wearing a protective face covering is compulsory at the site and observing social distancing is required at all times. We also recommend that you continue to follow CDC guidance for protecting yourself from COVID-19 including regularly washing your hands, using the hand sanitizer provided, and avoid touching your eyes, nose and mouth.

**Privacy and Media Enquiries**

| **Subject** | Important COVID Update-Coupang in Riverside |
| **To:** | [Dominique Woods <DOMINIQUEWOODS316@YAHOO.COM>] |
| **From** | Elizabeth Davis <edavis@nelsonhr.com> |
| **Date** | Mon, Nov 23, 2020 at 7:04 PM |

Dear all Associates at Coupang in Riverside,

We have been informed that an individual has contracted the COVID-19 virus.

The individual was tested on November 20, 2020 and we were notified today, November 23, 2020 that the test results came back positive. The individual was last on site on November 18, 2020 and has been on home quarantine since then. Close communication will be maintained with the individual and we will be assisting them in whatever ways possible.

**Contact Tracing**

We conducted preliminary contact tracing and identified anyone who may have had close contact with this individual. We will notify these individuals and place them on home quarantine while monitoring them closely.

**Next Steps**

In accordance with our current procedures, all parts of the site are being cleaned and disinfected daily. Additionally, on November 18, 2020 the site was deep cleaned and additional deep cleanings have occurred since then. We will continue temperature screenings at the facility.  Anyone who has a temperature of a determined level (above 100.4 F) or who refuses to have their temperature checked will be turned back and cannot enter the facility until cleared by their employer. Please continue to maintain social distancing during this process. We are confident that we have applied appropriate protective measures.

**Importance of Personal Hygiene**

Going forward, it is important for all of us to continue to monitor our health carefully.

If you are feeling unwell, particularly if you have fever or respiratory symptoms such as cough or shortness of breath, or if you believe you may have contracted the COVID-19 virus, please **do not come into work**, and call the attendance line at 866.804.6245.

Remember that wearing a protective face covering is compulsory at the site and observing social distancing is required at all times. We also recommend that you continue to follow CDC guidance for protecting yourself from COVID-19 including regularly washing your hands, using the hand sanitizer provided, and avoid touching your eyes, nose and mouth.

**Privacy and Media Enquiries**

| | |
|---|---|
| **Subject** | Important COVID Update- Coupang in Riverside |
| **To:** | [Dominique Woods <DOMINIQUEWOODS316@YAHOO.COM>] |
| **From** | Elizabeth Davis <edavis@nelsonhr.com> |
| **Date** | Mon, Nov 2, 2020 at 7:17 PM |

Attention all associates at Coupang in Riverside,

We have been informed that an individual has contracted the COVID-19 virus.

The individual was tested on October 30, 2020 and we were notified today, November 2, 2020 that the test results came back positive. The individual was last on site on October 29, 2020 and has been on home quarantine since then. Close contact will be maintained with the individual and we will be assisting them in whatever ways possible.

**Contact Tracing**

We conducted preliminary contact tracing and identified anyone who may have had close contact with this individual. We will notify these individuals and place them on home quarantine while monitoring them closely.

**Next Steps**

In accordance with our current procedures, all parts of the site are being cleaned and disinfected daily. Additionally, on October 29, 2020 the site was deep cleaned and additional deep cleanings have occurred since then.  We will continue temperature screenings at the facility.   Anyone who has a temperature of a determined level (above 100.4 F) or who refuses to have their temperature checked will be turned back and cannot enter the facility until cleared by your employer. Please continue to maintain social distancing during this process. We are confident that we have applied appropriate protective measures.

**Importance of Personal Hygiene**

Going forward, it is important for all of us to continue to monitor our health carefully.

If you are feeling unwell, particularly if you have fever or respiratory symptoms such as cough or shortness of breath, or if you believe you may have contracted the COVID-19 virus, please **do not come into work**, and call the attendance line at 866.804.6245.

Remember that wearing a protective face covering is compulsory at the site and observing social distancing is required at all times. We also recommend that you continue to follow CDC guidance for protecting yourself from COVID-19 including regularly washing your hands, using the hand sanitizer provided, and avoid touching your eyes, nose and mouth.

**Privacy and Media Enquiries**

HELLO AND GOOD MORNING,

I WOULD LIKE TO INFORM NELSON STAFFING OF MY CURRENT
STATUS OF THE COVID 19 TESTING FOR MYSELF AND MY SON.
ALSO I HAVE INCLUDED MY CONFIRMATION OF APPOINTMENT FOR
THE VACCINE.

IN CLOSING, A LIST OF THE DOCUMENT I INCLUDED FOR
VERIFICATION.


THANK YOU AND GOOD JOURNEY,

IF ANY QUESTIONS PLEASE CONTACT ME.

DOMINIQUE WOODS (951)450-4899


-DOMINIQUE WOODS TEST RESULT -NEGATIVE

-CHRISTOPHER FERRO APPOINTMENT FOR TESTING ON 04/20/21.

-DOMINIQUE WOODS CONFIRMATION OF APPOINTMENT TO
RECEIVE VACCINE 04/21/2021.


Yahoo Mail Summers

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit

**To:** Human Resources <humanresources@nelsonjobs.com>
**Subject:** DOMINIQUE WOODS CONFIRMATION OF FUTURE APPOINTMENTS

CAUTION: This email is from outside of the organization. Do not click links or open attachments unless you recognize the sender. DO NOT provide your username or password.

If the email looks like it originated from an employee within our company, it is probably fake and an attempt at phishing you. Please contact them via phone or Support to verify the email validity.

HELLO AND GOOD MORNING,

I WOULD LIKE TO INFORM NELSON STAFFING OF MY CURRENT STATUS OF THE COVID 19 TESTING FOR MYSELF AND MY SON. ALSO I HAVE INCLUDED MY CONFIRMATION OF APPOINTMENT FOR THE VACCINE.

IN CLOSING, A LIST OF THE DOCUMENT I INCLUDED FOR VERIFICATION.

THANK YOU AND GOOD JOURNEY,

IF ANY QUESTIONS PLEASE CONTACT ME.

DOMINIQUE WOODS (951)450-4899

-DOMINIQUE WOODS TEST RESULT -NEGATIVE

-CHRISTOPHER FERRO APPOINTMENT FOR TESTING ON 04/20/21.

-DOMINIQUE WOODS CONFIRMATION OF APPOINTMENT TO RECEIVE VACCINE 04/21/2021.

*Yahoo Mail Stationery*

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

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

| | |
|---|---|
| **Subject** | Re: DOMINIQUE WOODS CONFIRMATION OF FUTURE APPOINTMENTS |
| **To:** | [Human Resources <humanresources@nelsonjobs.com>] |
| **From** | Dominique Woods <dominiquewoods316@yahoo.com> |
| **Date** | Sat, Apr 24, 2021 at 5:36 PM |



HELLO AND GGOD EVENING,
I HAVE ATTACHED CONFIRMED LAB RESULTS FOR MY SON AS AN ADDITION TO THE
PREVIOUS EMAIL. THANK YOU. JUST IN CASE.

                                                    *Yahoo Mail Stationery*

On Monday, April 19, 2021, 10:37:41 AM PDT, Human Resources <humanresources@nelsonjobs.com> wrote:

Hi Dominique,

Please call us back at 800-996-9779.

Thank you,

**Best,**

**Jimmy Barrios | Human Resource**



**Sick Call Confidential Hotline:** 1.800.996.9779 | ERT@nelsonjobs.com

**From:** Dominique Woods <dominiquewoods316@yahoo.com>
**Sent:** Monday, April 19, 2021 4:47 AM

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

| Date | Description | | |
|---|---|---|---|
| 01/04/2022 | File Review - transferred | Birgitta Croil | Birgitta Croil |
| 12/15/2021 | read cp email | Birgitta Croil | Birgitta Croil |
| 12/15/2021 | | | |
| 12/15/2021 | returned cp call about when the response is due | Birgitta Croil | Birgitta Croil |
| 12/14/2021 | emailed rp rep ODR | Birgitta Croil | Birgitta Croil |
| 12/09/2021 | | | |
| 12/17/2021 | file review - USPS delivery | Birgitta Croil | Birgitta Croil |
| 11/15/2021 | filed, eeoc, supplemental questions, afs | Birgitta Croil | Birgitta Croil |
| 11/12/2021 | cplt language, case outline, adobe | Birgitta Croil | Birgitta Croil |
| 11/10/2021 | called cp and left message to sign cplt | Birgitta Croil | Birgitta Croil |
| 11/10/2021 | | | |

From: Dominique Woods <dominiquewoods316@yahoo.com>
Sent: Wednesday, December 15, 2021 2:58 PM
To: Croil, Birgitta@DFEH <Birgitta.Croil@dfeh.ca.gov>
Subject: Regarding declined mediation from respondent

[EXTERNAL] This email originated from outside DFEH. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hello Miss Birgitta,

I received an email stating that the respondents decided to decline the mediation process I was wondering if that means that they have 21 days to comply with the process of the investigation?

Sent from Yahoo Mail on Android

From: Croil, Birgitta@DFEH
Sent: Tuesday, December 14, 2021
To: Tovar, Laura <LTovar@littler.com>
Cc: Fish, John C. <JFish@littler.com>
Subject: RE: Dominique Woods v. Gary D. Nelson Associates, Case No. 202107-14135712 - Request for Extension to Respond

Spectrum▶

TN Search Report for Billing - Originating number for 9512381591

Report Search Date : 2021-06-03 to 2021-06-04

| originating_number | terminating_number | call_connect_time | call_disconnect_time | dialed_digits | time_zone | call_duration | Call duration |
|---|---|---|---|---|---|---|---|
| 9512381591 | 4053003800 | 2021-06-03 00:12:18 | 2021-06-03 00:12:24 | +14053003800 | GMT | 6 | 00:00:06 |
| 9512381591 | 9039527093 | 2021-06-03 04:26:49 | 2021-06-03 04:27:48 | +19039527093 | GMT | 59 | 00:00:59 |
| 9512381591 | 9512378928 | 2021-06-03 15:00:55 | 2021-06-03 15:02:08 | +19512378928 | GMT | 73 | 00:01:13 |
| 9512381591 | 9513587940 | 2021-06-03 15:08:51 | 2021-06-03 15:09:43 | +19513587940 | GMT | 52 | 00:00:52 |
| 9512381591 | 8339782511 | 2021-06-03 15:17:31 | 2021-06-03 15:44:28 | +18339782511 | GMT | 1,617 | 00:26:57 |
| 9512381591 | 8339782511 | 2021-06-03 16:25:31 | 2021-06-03 16:27:38 | +18339782511 | GMT | 127 | 00:02:07 |
| 9512381591 | 8339782511 | 2021-06-03 16:29:51 | 2021-06-03 16:29:51 | +18339782511 | GMT | 119 | 00:01:59 |
| 9512381591 | 8339782511 | 2021-06-03 16:32:18 | 2021-06-03 16:34:19 | +18339782511 | GMT | 121 | 00:02:01 |
| 9512381591 | 8339782511 | 2021-06-03 16:36:45 | 2021-06-03 16:38:48 | +18339782511 | GMT | 123 | 00:02:03 |
| 9512381591 | 8339782511 | 2021-06-03 16:40:41 | 2021-06-03 16:42:27 | +18339782511 | GMT | 106 | 00:01:46 |
| 9512381591 | 9512378928 | 2021-06-03 17:29:21 | 2021-06-03 17:30:31 | +19512378928 | GMT | 70 | 00:01:10 |
| 9512381591 | 8009969779 | 2021-06-03 18:02:07 | 2021-06-03 18:03:10 | +18009969779 | GMT | 63 | 00:01:03 |
| 9512381591 | 9512458998 | 2021-06-03 18:21:31 | 2021-06-03 18:21:37 | +19512458998 | GMT | 6 | 00:00:06 |
| 9512381591 | 9516096423 | 2021-06-03 19:01:27 | 2021-06-03 19:01:50 | +19516096423 | GMT | 23 | 00:00:23 |
| 9512381591 | 9512788870 | 2021-06-03 19:26:52 | 2021-06-03 19:29:21 | +19512788870 | GMT | 149 | 00:02:29 |
| 9512381591 | 4053003800 | 2021-06-03 20:33:41 | 2021-06-03 20:33:46 | +14053003800 | GMT | 5 | 00:00:05 |
| 9512381591 | 9096309587 | 2021-06-04 00:10:21 | 2021-06-04 00:34:59 | +19096309587 | GMT | 1,478 | 00:24:38 |
| 9512381591 | 4053003800 | 2021-06-04 01:20:31 | 2021-06-04 01:22:59 | +14053003800 | GMT | 148 | 00:02:28 |
| 9512381591 | 9514504899 | 2021-06-04 02:29:04 | 2021-06-04 02:29:09 | +19514504899 | GMT | 5 | 00:00:05 |
| 9512381591 | 9516096423 | 2021-06-04 02:45:40 | 2021-06-04 02:46:18 | +19516096423 | GMT | 38 | 00:00:38 |
| 9512381591 | 8009507328 | 2021-06-04 03:31:29 | 2021-06-04 03:33:26 | +18009507328 | GMT | 117 | 00:01:57 |
| 9512381591 | 9517580664 | 2021-06-04 05:33:47 | 2021-06-04 05:33:47 | +19517580664 | GMT | 0 | 00:00:00 |
| 9512381591 | 9517580664 | 2021-06-04 05:34:11 | 2021-06-04 05:34:19 | +19517580664 | GMT | 8 | 00:00:08 |
| 9512381591 | 9517580664 | 2021-06-04 06:45:38 | 2021-06-04 06:45:52 | +19517580664 | GMT | 14 | 00:00:14 |
| 9512381591 | 9038059508 | 2021-06-04 18:59:49 | 2021-06-04 18:59:55 | +19038059508 | GMT | 6 | 00:00:06 |
| 9512381591 | 9039527093 | 2021-06-04 19:00:25 | 2021-06-04 19:00:47 | +19039527093 | GMT | 22 | 00:00:22 |
| 9512381591 | 9514504938 | 2021-06-04 19:59:39 | 2021-06-04 19:59:41 | +19514504938 | GMT | 2 | 00:00:02 |
| 9512381591 | 9514504938 | 2021-06-04 20:00:12 | 2021-06-04 20:00:18 | +19514504938 | GMT | 6 | 00:00:06 |
| 9512381591 | 9514504938 | 2021-06-04 20:01:02 | 2021-06-04 20:01:12 | +19514504938 | GMT | 10 | 00:00:10 |
| 9512381591 | 4053003800 | 2021-06-04 20:10:47 | 2021-06-04 20:10:47 | +14053003800 | GMT | 0 | 00:00:00 |
| 9512381591 | 4053003800 | 2021-06-04 20:11:21 | 2021-06-04 20:14:43 | +14053003800 | GMT | 202 | 00:03:22 |
| 9512381591 | 9513917321 | 2021-06-04 23:56:32 | 2021-06-04 23:57:01 | +19513917321 | GMT | 29 | 00:00:29 |

© 2022 Charter Communications


4145 S Falkenburg Rd Riverview FL 33578

Angela Woods

19576 Day St

Perris, CA 92570-9250

11/04/2022

Dear Angela Woods,

Enclosed, please find copies of your requested Call Detail Record (s).

For future inquiries, register your account online at www.spectrum.net or download the
My Spectrum mobile app. Both options allow retrieval of up to 18 months of past Call
Detail Records, for printing or electronic filing.

We value your business and thank you for choosing Spectrum.

Offline Customer Support

**Spectrum**

## TN Search Report for Billing - Terminating number for 951238591

Report Search Date : 2021-06-03 to 2021-06-04

| originating_number | terminating_number | call_connect_time | call_disconnect_time | dialed_digits | time_zone | call_duration | Call duration |
|---|---|---|---|---|---|---|---|
| 4053003800 | 951238159 | 2021-06-03 00:05:22 | 2021-06-03 00:05:22 | +1951238159 | GMT | 0 | 00:00:00 |
| 4422128846 | 951238159 | 2021-06-03 02:14:08 | 2021-06-03 02:14:26 | +1951238159 | GMT | 18 | 00:00:18 |
| 9096309587 | 951238159 | 2021-06-03 04:32:02 | 2021-06-03 04:32:34 | +1951238159 | GMT | 32 | 00:00:32 |
| 8003005616 | 951238159 | 2021-06-03 16:09:36 | 2021-06-03 16:24:38 | +1951238159 | GMT | 902 | 00:15:02 |
| 9512522624 | 951238159 | 2021-06-03 16:43:21 | 2021-06-03 16:43:47 | +1951238159 | GMT | 26 | 00:00:26 |
| 9512378929 | 951238159 | 2021-06-03 17:11:24 | 2021-06-03 17:12:15 | +1951238159 | GMT | 51 | 0:00:51 |
| Private | 951238159 | 2021-06-03 17:33:38 | 2021-06-03 17:36:22 | +1951238159 | GMT | 166 | 0:02:46 |
| 7072384264 | 951238159 | 2021-06-03 18:34:08 | 2021-06-03 18:39:39 | +1951238159 | GMT | 331 | 00:05:31 |
| 9516096423 | 951238159 | 2021-06-03 18:47:06 | 2021-06-03 18:48:29 | +1951238159 | GMT | 83 | 00:01:23 |
| 5167745451 | 951238159 | 2021-06-03 18:48:29 | 2021-06-03 18:48:29 | +1951238159 | GMT | 0 | 00:00:00 |
| 5167745451 | 951238159 | 2021-06-03 18:49:17 | 2021-06-03 18:50:01 | +1951238159 | GMT | 44 | 00:00:44 |
| 5167745451 | 951238159 | 2021-06-03 18:51:19 | 2021-06-03 18:52:12 | +1951238159 | GMT | 53 | 00:00:53 |
| Private | 951238159 | 2021-06-03 19:05:09 | 2021-06-03 19:06:30 | +1951238159 | GMT | 81 | 00:01:21 |
| 9516096423 | 951238159 | 2021-06-03 19:29:26 | 2021-06-03 19:30:28 | +1951238159 | GMT | 62 | 00:01:02 |
| Private | 951238159 | 2021-06-03 19:36:59 | 2021-06-03 19:38:47 | +1951238159 | GMT | 108 | 00:01:48 |
| 4079463250 | 951238159 | 2021-06-03 19:45:00 | 2021-06-03 19:46:31 | +1951238159 | GMT | 91 | 00:01:31 |
| 9512572065 | 951238159 | 2021-06-03 19:52:03 | 2021-06-03 19:52:34 | +1951238159 | GMT | 31 | 00:00:31 |
| 4053003800 | 951238159 | 2021-06-03 22:26:03 | 2021-06-03 22:26:03 | +1951238159 | GMT | 12 | 00:00:12 |
| 7149049332 | 951238159 | 2021-06-03 22:56:33 | 2021-06-03 22:57:03 | +1951238159 | GMT | 30 | 00:00:30 |
| 4053003800 | 951238159 | 2021-06-03 23:59:12 | 2021-06-04 00:02:01 | +1951238159 | GMT | 169 | 00:02:49 |
| 9514504897 | 951238159 | 2021-06-04 00:08:46 | 2021-06-04 00:08:56 | +1951238159 | GMT | 10 | 00:00:10 |
| 9514504899 | 951238159 | 2021-06-04 02:30:07 | 2021-06-04 02:30:40 | +1951238159 | GMT | 33 | 00:00:33 |
| 9517580664 | 951238159 | 2021-06-04 04:17:39 | 2021-06-04 04:19:32 | +1951238159 | GMT | 113 | 00:01:53 |
| 8009557070 | 951238159 | 2021-06-04 15:09:42 | 2021-06-04 15:09:45 | +1951238159 | GMT | 3 | 00:00:03 |
| 9038059508 | 951238159 | 2021-06-04 18:45:54 | 2021-06-04 18:49:10 | +1951238159 | GMT | 196 | 00:03:16 |
| 9094872114 | 951238159 | 2021-06-04 18:53:29 | 2021-06-04 18:53:46 | +1951238159 | GMT | 17 | 00:00:17 |
| 9514983604 | 951238159 | 2021-06-04 19:00:50 | 2021-06-04 19:00:54 | +1951238159 | GMT | 4 | 00:00:04 |
| 9098316141 | 951238159 | 2021-06-04 19:49:12 | 2021-06-04 19:49:43 | +1951238159 | GMT | 31 | 00:00:31 |
| 9096309587 | 951238159 | 2021-06-04 22:47:08 | 2021-06-04 22:47:57 | +1951238159 | GMT | 49 | 00:00:49 |

© 2022 Charter Communications